UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
**MARTINE THOMAS,** as Parent and Natural Guardian of **A.T.,** and **MARTINE THOMAS**, Individually, *et al.,*

                Plaintiffs,

   -v-

**DAVID C. BANKS**, in his official capacity as Chancellor of the New York City Department of Education and the **NEW YORK CITY DEPARTMENT OF EDUCATION,**

                Defendants.
-------------------------------------------------------------------------X

24-cv-05138

**DECLARATION OF PETER ALBERT IN SUPPORT OF PLAINTIFFS MOTION FOR PRELIMINARY INJUNCTION**

PETER G. ALBERT, ESQ., an attorney duly admitted to practice law in the United States District Court for the Southern District of New York declares, pursuant to 28 U.S.C. § 1746, that:

1. I am counsel for MARTINE THOMAS, as Parent and Natural Guardian of A.T. and MARTINE THOMAS, individually, *et al*. This Declaration is submitted in support of Plaintiffs Motion for Preliminary Injunction.

2. Each Plaintiff-Student in this matter attends the International Academy for the Brain ("iBRAIN") at either the Manhattan campus or Brooklyn campus.

3. The New York City Department of Education ("DOE") entities responsible for managing special education services are the Committees on Special Education ("CSEs") and the Committees on Preschool Special Education ("CPSEs").

4. There are 11 CSE/CPSE districts across the city responsible for coordinating the special education process for: (1) Preschool children (ages 3-5); (2) Students attending private, parochial, charter, State Supported, or State Approved Non-Public schools in New York City; (3) Students living in New York City attending non-public schools outside New York City and/or New York State; (4) Students receiving home or hospital instruction as their placement on their IEP (excluding students on temporary home instruction); (5) Home-schooled students; and (6) Students not attending school. The CSE districts are organized geographically.

5. Students attending iBRAIN at the Manhattan campus are assigned to CSE District 9 ("CSE-9"), and students at the Brooklyn campus are assigned to CSE District 8 ("CSE-8").

6. Between June 14, 2024, and June 20, 2024, each Plaintiff filed a timely Ten-Day Notice ("TDN") before the start of the 2024-2025 Extended School Year ("ESY"), challenging the IEP developed by the CSE or CPSE and notifying the DOE of their intent to unilaterally place their child at iBRAIN while asserting their pendency rights.

7. Each Plaintiff filed an individual Due Process Complaint ("DPC") on July 2, 2024, requesting the DOE to timely conduct a Resolution Session as required by law and asserting their rights to immediately start the impartial hearing timelines if the DOE fails to do so.

8. Plaintiffs assert their Pendency rights to a stay-put placement at iBRAIN and provided the DOE with the legal basis for Pendency Placement in their DPCs.

9. Upon the appointment of an Impartial Hearing Officer ("IHO"), each Plaintiff notified the IHO and DOE counsel to schedule Resolution Sessions and begin impartial hearing timelines immediately. A sample of this notice is attached hereto as **EXHIBIT 1**.

10. Based on the DPC filing, the DOE's 15-day statutory window to convene a Resolution Session ends on July 17, 2024. If the DOE fails to convene a Resolution Session by that date, the Parents will assert their rights to proceed with the impartial hearing timelines immediately.

11. A Pre-Hearing Conference ("PHC") must be scheduled within 14 days after the Resolution Period ends, making the deadline July 31, 2024.

12. The IDEA and New York Education Law require that the Impartial Hearing Process be completed within 45 days after the end of the Resolution Period. Thus, all due process hearings and the IHO's final Findings of Fact and Decision ("FOFD") must be completed by August 31, 2024, for each Plaintiff where no timely Resolution Session was conducted.

13. On July 11, 2024, at 3:02 p.m., our office received emails from Ms. Kelly Agnello, a School Social Worker from CSE-9, scheduling Resolution Meetings starting at 9:30 a.m. the next morning, July 12, 2024. The Parents and Ms. Mariama Sandi were included. A copy of the email is attached as **EXHIBIT 2**.

14. On July 11, 2024, I responded to Ms. Agnello's emails, confirming attendance and requesting the names and authority of each participant from CSE-9. A copy of the reply email is attached as **EXHIBIT 3.**

15. Receiving no response, I called Ms. Agnello multiple times on July 11, 2024, but there was no answer or voicemail option.

16. At no time on July 11, 2024, did Ms. Agnello or Ms. Sandi acknowledge my emails and continued to schedule meetings without response.

17. On July 12, 2024, having received no response from Ms. Agnello or Ms. Sandi, I sent an email to CSE-9 Chairperson, Esther Morell, and CSE-9 Supervisor of Psychologists, Kathleen Ziegler, copying Christina Foti, Deputy Chancellor of the Division of Inclusive and Accessible Learning ("DIAL"), and Liz Vladeck, DOE's General Counsel. The email put them on notice of CSE-9 staff's actions regarding scheduling these Resolution Sessions. A copy of the email is annexed hereto as **EXHIBIT 4**.

18. On the evening of July 11, 2024, we received an email from Ms. Alicia A. Holmes, Special Education Evaluation Placement Program Officer ("SEEPPO") for CSE-8, indicating she conducted a Resolution Meeting and attached a proposed "Resolution Agreement." It was clear she knew the Parent was represented by legal counsel. The Parent was unaware the call was a Resolution Meeting. A copy of the email is attached as **EXHIBIT 5.**

19. On July 12, 2024, at 11:04 a.m., I sent a follow-up email to Ms. Morell, Ms. Ziegler, Ms. Foti, Ms. Vladeck, Ms. Agnello, and Ms. Sandi. A copy of this email is attached as **EXHIBIT 6**.

20. On July 12, 2024, at 8:58 a.m., our office sent a "Cease and Desist" email to CSE-8 Chairperson Ms. Carolyn Danner, CSE-8 Supervisor of School Psychology Ms. Chana Rabin, copying Ms. Foti, Ms. Vladeck, and Ms. Holmes. A copy of the email is attached as **EXHIBIT 7**. Our office did not receive a response.

21. On July 12, 2024, at 9:30 a.m., I participated in the first scheduled CSE-9 "Resolution Meeting" via Microsoft Teams. The Parent could not attend with less than 24 hours' notice.

22. The CSE-9 staff who participated in the "Resolution Meeting" included: **(1)** Ms. Agnello, who acknowledged she was not part of the student's CSE team nor had authority to resolve the issues in the DPC, and **(2)** Ms. Sandi, who acknowledged she was not part of the student's CSE team and only had authority to recommend additional assessments and evaluations requested in the DPC. She had no authority to address the Student's Pendency claims or bind the DOE for the student to attend iBRAIN, or resolve other issues including related services like special transportation and nursing, where applicable.

23. Upon determining it was not a bona fide Resolution Meeting, I informed the CSE-9 staff we would cancel all other scheduled meetings unless they provided a list of DOE participants and the scope of their decision-making authority. They

acknowledged they were the only two DOE staff scheduled to participate in all meetings.

24. Our office subsequently sent individual "reply-all" emails to Ms. Agnello and Ms. Sandi for each proposed meeting, requesting the meetings be rescheduled at a mutually agreeable date and time and to provide "the names and titles of the DOE participants and their authority to resolve ALL matters in the Due Process Complaint." A copy of one of the emails is annexed hereto as **EXHIBIT 8.** To date, our office has not received a response other than CSE-9 emails canceling the scheduled meetings.

25. On the morning of July 12, 2024, I sent a "reply-all" email to Ms. Morell and Ms. Ziegler, copying previous DOE personnel, Ms. Foti, Ms. Vladeck, Ms. Agnello, and Ms. Sandi, updating them on the situation and requesting proper Resolution Meetings to be scheduled. Within an hour, I received an email response from Ms. Sandi. Ms. Sandi removed Ms. Foti from the email chain and added Ms. Jessica Wallenstein, Senior Executive Director for the Committees on Special Education, and Ms. Alexandra Shames, Deputy Director of the Office of General Counsel. This was the first and only response from Ms. Sandi, stating, "I am trying to understand why Ms. Morell was added to this email after I informed you that I have been the Chairperson at CSE 9 for almost three years now. We received the same response for the 30 cases assigned for CSE-9, and we will address your concerns accordingly." A copy of the email chain is annexed

hereto as **EXHIBIT 9**. To date, Plaintiffs counsel has not received another response from Ms. Sandi or any DOE leadership.

26. On the afternoon of July 12, 2024, at approximately 4:30 p.m., we began receiving emails from Ms. Holmes of CSE-8, who did not include counsel in the initial email even though she was notified earlier via the "Cease and Desist" email. A copy of one email is attached as **EXHIBIT 10**.

27. Our office immediately replied, reaffirming our previous message and requesting proposed dates and times for a mutually agreeable meeting. To date, we have not received a response. A copy of one email is attached as **EXHIBIT 11**.

28. On July 16, 2024, at 12:00 p.m., I attended a resolution meeting with Alicia A. Holmes, the CSE-8 Special Education Evaluation Placement Program Officer ("SEEPPO"). Ms. Holmes informed me that she would be the only individual attending the call and that she only had the authority to grant specific evaluations for the student in question. She did not have the authority to address all the outstanding issues raised in the DPC by the Plaintiff. Ms. Holmes further explained that it is standard practice at CSE-8 for her to be the sole representative on such calls with parents, and that her scope is limited to evaluations. This does not meet the statutory requirements. Accordingly, the purported resolution meeting did not move forward and will not be rescheduled unless and until the necessary and proper representatives participate in the resolution meetings.

29. As of today, neither CSE-8 nor CSE-9 has proposed to schedule a proper Resolution Meeting for our Clients who attend iBRAIN at either the Manhattan or Brooklyn campuses.

DATED:  July 16, 2024.
         New York, New York

                                        Respectfully submitted,
                                        Liberty & Freedom Law Group
                                        *Attorney for Plaintiffs*

                                        By:__/S/_____
                                        Peter Albert, Esq. (2011286)
                                        300 East 95th Street, Suite 130
                                        New York, New York 10128
                                        (646) 850-5035
                                        peter@pabilaw.org