EXHIBIT 1



Patricia Castro <patricia@pabilaw.org>

**Prehearing Conference**

**Edward Lent** <edward@pabilaw.org>                                   Mon, Jul 8, 2024 at 11:09 AM
To: "Kotchek, Jaime [OATH]" <JKotchek@oath.nyc.gov>
Cc: "hearings@pabilaw.org" <hearings@pabilaw.org>, CSE9DR <CSE9DR@schools.nyc.gov>, OATHScheduling <OATHScheduling@schools.nyc.gov>

Dear IHO,

Thank you for promptly moving on this matter.

As was stated in the DPC, the Parent requested the DOE to schedule a timely Resolution Meeting (within 15 days of the filing of the DPC). In the event the DOE fails to schedule a timely Resolution Meeting, the Parent is requesting for the hearing timeline to begin on the 16th day following the DPC. Below would be the updated timeline, including compliance date, if the DOE fails to timely schedule the Resolution Meeting:

DPC Filed: July 2, 2024

Resolution ends: July 17, 2024 (15 days after the DPC was filed)

PHC deadline: July 31, 2024 (within 14 days after the end of Resolution Period)

New Compliance Date: August 31, 2024 (45 days from end of the Resolution Period)

As was included in the DPC, the Parent is requesting the hearing to proceed as soon as possible in order to stay within the compliance date and we will make ourselves available at whatever date(s)/time(s) work with the IHO.

Please let us know what date(s) and time(s) you would like to schedule and we will accommodate accordingly.

With regards to Pendency, the Parent provided its position on Pendency in the DPC. However, the statutory burden of determining Pendency lies with the DOE (see N.Y. Educ. Law § 4404) to demonstrate that it offered a baseline pendency program and is prepared to offer some brick and mortar placement that can implement the baseline pendency program. See also Mackey ex rel. Thomas M., 386 F.3d at 160–61. Under Mackey, a student's placement under the pendency provision of the IDEA is evaluated independently from the appropriateness of the program offered. Therefore, both the brick-and-mortar placement and the appropriateness of the program must be analyzed to determine pendency. Specifically, the Second Circuit reiterated the school district's responsibility in Ventura de Paulino v. New York City Dep't of Educ., 959 F.3d 519 (2d Cir. 2020), "As we have recognized, "[i]t is up to the school district," not the parent, "to decide how to provide that educational program [until the IEP dispute is resolved], so long as the decision is made in good faith." T.M. ex rel. A.M., 752 F.3d at 171 (citing Concerned Parents & Citizens for the Continuing Ed. at Malcolm X (PS 79), 629 F.2d at 756)."

Therefore, the Parent requests the IHO to have the DOE provide its Pendency Program and Placement immediately, since "stay put" or pendency placement provision of the IDEA functions as an automatic injunction, imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and balancing of the hardships.

Thank you for your time.

Regard ,

Sincerely,

Edward Lent
--



**Edward Lent| Attorney**
300 East 95th Street, Suite #130
New York, New York 10128

Tel  (646) 850 5035

Fax. (212) 504-9532

braininjuryrights.org