# EXHIBIT 4

 Bradley Click <brad@pabilaw.org>

# Resolution Meetings

**Peter Albert** <peter@pabilaw.org>  Fri, Jul 12, 2024 at 8:27 AM
To: EMorell@schools.nyc.gov, CFoti@schools.nyc.gov, EVladeck@schools.nyc.gov, Agnello Kelly <KAgnello@schools.nyc.gov>
Cc: Hearings Pabilaw <hearings@pabilaw.org>

All -

   I represent several Parents and their children with disabilities who attend the International Academy for the Brain ("iBRAIN").

   Between June 14 and 17, 2024, each Parent sent a Ten-Day Notice to DOE rejecting its proposed IEP for the 2024–2025 school year as inappropriate to meet their child's needs and advising DOE of their intent to maintain their child's placement at iBRAIN for the 2024–2025 extended school year. In their Ten-Day Notices, each Parent requested, among other things, that DOE continue funding their Student's program/placement at iBRAIN as pendency under 20 U.S.C. § 1415(j), to include tuition and related services, including special transportation and nursing where appropriate.

   On July 2, 2024, each Parent filed a Due Process Complaint challenging DOE's proposed IEP and alleging that DOE procedurally and/or substantively denied their Student a FAPE as mandated by federal and state law and requesting funding for the Student's educational program/placement at iBRAIN for the 2024-2025 extended school year. Each Parent requested an impartial hearing under § 1415 of IDEA, 20 U.S.C. § 1400, *et seq.*, Article 89 of the New York State Education Law, and Part 200.5 of the Regulations of the New York State Commissioner of Education.

   As part of their DPC, each Parent requested an order requiring DOE to fund their Student's educational program/placement during the pendency of the due process proceedings relative to their DPC for the 2024–2025 school year, as required by 20 U.S.C. § 1415 (j). Each Parent also requested that a resolution meeting take place within 15 days of DOE's receipt of their DPC. Each DPC was assigned to an IHO and received an IHO Case Number. The July 2 filing of each DPC triggered DOE's statutory obligation to fund each Student's pendency or stay-put program/placement at iBRAIN and DOE's obligation to convene resolution meetings within fifteen days—by July 17.

        The IDEA mandates that within fifteen (15) days of receiving a DPC, the local educational agency must convene a resolution meeting with the Parents and relevant members of the Student's IEP Team *who have specific knowledge of the facts identified in the Student's DPC*. The Parent and the LEA jointly determine the relevant IEP team members to attend the meeting. This requirement is codified in 20 U.S.C. § 1415(f)(1)(B) and 34 C.F.R. § 300.510(a). *The session must include a public agency representative with decision-making authority.*

        As you are no doubt aware, the purpose of the resolution meeting and period is to provide an opportunity for the parties to resolve the dispute that forms the basis of the DPC, ensuring timely and meaningful resolution without resorting to lengthy administrative or judicial processes. These procedural safeguards are essential mechanisms designed to uphold educational stability and continuity for students with

disabilities, ensuring that disputes are resolved promptly and fairly, preventing prolonged disruptions to the Student's education.

While the Parents' DPCs were filed on July 2, DOE did not contact my firm or me until yesterday, July 11, at which time Ms. Kelly Agnello sent numerous emails throughout the day scheduling resolution meetings. At least eight meetings were scheduled for Friday, July 12, at half-hour intervals—with less than twenty-four hours' notice. More were scheduled for early next week.

After several meetings were scheduled, I emailed Ms. Agnello and asked who would attend the resolution meetings to ensure that members of each Student's IEP Team with specific knowledge of the facts identified in the Student's DPC would be at the meetings. I also asked who would be present at the resolution meetings to represent the district with decision-making authority. Despite sending several emails for different clients, and following up with phone calls to Ms. Agnello, I have not received a response.

I am contacting my clients to schedule their meetings and prepare them for the same. As getting ready for and appearing at over eight resolution meetings throughout the day tomorrow is no small undertaking, I would like some assurance that the resolution meetings will be attended by a member or members of each Student's IEP Team with knowledge of the facts and issues in each Student's IEP, and by a representative of the agency who has decision-making authority on behalf of such agency.

Thank you for your time and consideration, and I look forward to hearing from you.

Sincerely,

Peter Albert

--



**Peter G. Albert, Esq. | Head of Special Education**
300 East 95th Street, Suite #130
New York, New York 10128
Tel. 646.850.5035
braininjuryrights.org

**Confidentiality Notice -** This email message, including all the attachments, is for the sole use of the intended recipient(s) and contains confidential information. Unauthorized use or disclosure is prohibited. If you are not the intended recipient, you may not use, disclose, copy or disseminate this information. If you are not the intended recipient, please contact the sender immediately by reply email and destroy all copies of the original message, including attachments.

**Aviso de confidencialidad** - Este mensaje de correo electrónico, incluyendo todos los archivos adjuntos, es para el uso exclusivo de los destinatarios previstos y contiene información confidencial. Se prohíbe el uso o la divulgación no autorizados. Si usted no es el destinatario deseado, usted no puede utilizar, revelar, copiar o difundir esta información. Si usted no es el destinatario deseado, por favor póngase en contacto con el remitente inmediatamente por correo electrónico de respuesta y destruir todas las copias del mensaje original, incluyendo los archivos adjuntos.