EXHIBIT 7


Patricia Ca tro   patricia@pabilaw org

## CSE-8 CEASE and DESIST

**Edward Lent** <edward@pabilaw.org>                                                  Fri, Jul 12, 2024 at 8:58 AM
To  Holme  Alicia  AHolme 5@ chool  nyc gov , Danner Carolyn  CDanner@ chool  nyc gov , Rabin Chana <CRabin@schools.nyc.gov>
Cc: "JennieRosenblum123@gmail.com" <JennieRosenblum123@gmail.com>, CFoti@schools.nyc.gov, EVladeck@schools.nyc.gov, Hearings Pabilaw <hearings@pabilaw.org>

Dear Ms. Danner and Ms. Rabin,

We represent several Parents and their children with disabilities who attend the International Academy for the Brain ("iBRAIN") and are in the jurisdiction of Committee on Special Education, District 8 (CSE 8)   I am writing to you to alert you of actions taken by your staff in violation of federal and state laws and regulations and demanding that you take immediate action to stop the continuation of these violations against our clients

Between June 14 and 17, 2024, each Parent sent a Ten Day Notice to DOE rejecting its proposed IEP for the 2024–2025 school year as inappropriate to meet their child's needs and advising DOE of their intent to maintain their child's placement at iBRAIN for the 2024–2025 extended school year  In their Ten Day Notices, each Parent requested, among other things, that DOE continue funding their Student's program/placement at iBRAIN as pendency under 20 U S C  § 1415(j), to include tuition and related services, including special transportation and nursing where appropriate.

On July 2, 2024, each Parent filed a Due Process Complaint challenging DOE's proposed IEP and alleging that DOE procedurally and/or substantively denied their Student a FAPE as mandated by federal and state law and requesting funding for the Student's educational program/placement at iBRAIN for the 2024-2025 extended school year  Each Parent requested an impartial hearing under § 1415 of IDEA, 20 U S C  § 1400, et seq , Article 89 of the New York State Education Law, and Part 200.5 of the Regulations of the New York State Commissioner of Education.

As part of their DPC, each Parent requested an order requiring DOE to fund their Student's educational program/placement during the pendency of the due process proceedings relative to their DPC for the 2024  2025 school year, as required by 20 U.S.C. § 1415 (j). Each Parent also requested that a resolution meeting take place within 15 days of DOE's receipt of their DPC  Each DPC was assigned to an IHO and received an IHO Case Number  The July 2 filing of each DPC triggered DOE's statutory obligation to fund each Student's pendency or stay-put program/placement at iBRAIN and DOE's obligation to convene resolution meetings within fifteen days   by July 17

The IDEA mandates that within fifteen (15) days of receiving a DPC, the local educational agency must convene a resolution meeting with the Parents and relevant members of the Student's IEP Team who have specific knowledge of the facts identified in the Student's DPC  The Parent and the LEA jointly determine the relevant IEP team members to attend the meeting. This requirement is codified in 20 U.S.C. § 1415(f)(1)(B) and 34 C.F.R. § 300 510(a)  The session must include a public agency representative with decision making authority

As you are no doubt aware, the purpose of the resolution meeting and period is to provide an opportunity for the parties to resolve the dispute that forms the basis of the DPC, ensuring timely and meaningful resolution without resorting to lengthy administrative or judicial processes  These procedural safeguards are essential mechanisms designed to uphold educational stability and continuity for students with disabilities, ensuring that disputes are resolved promptly and fairly, preventing prolonged disruptions to the Student's education

While the Parents' DPCs were filed on July 2, we promptly alerted the assigned IHOs and the respective DOE counsels for each impartial hearing of the Parents' requests for a timely resolution meeting.  While we received email correspondence today from CSE 9 staff to schedule the meetings, we received no notification from anyone at CSE 8

until the end of the day today when we received the email below from Alicia Holmes, who is the SEEPPO/Site Administrator at CSE 8

    As you can see from the email and its attachment, Ms Holmes contacted our client directly, without any notice or communication to our staff, even though it is clear she knew our client was represented by our law firm. This is outrageous that someone from the leadership team of CSE 8 would be contacting our client about a legally mandated procedure without any notice to schedule a resolution meeting.

    We want to first state this did not constitute a bona fide Resolution Meeting and any suggestion this is a binding Resolution Agreement is absurd!

    Next, we want a list of every one of our clients Ms Holmes or anyone else from CSE 8 contacted and a detailed summary or what was discussed.

    Next, we want to make sure there will be no further contact from CSE-8 to our clients without consulting with our office full stop!

    Next, we want a full investigation of who was involved in this violation of our clients' rights and we want to know how they will be held accountable.

    We are still requesting Resolution Meetings to be scheduled; however, we want to know who will be participating and in what role/capacity they are attending  a) were they part of the CSE team for the student and what relevant knowledge do they have about the student and/or b) what authority do they have on behalf the DOE to resolve the issues outlined in their respective DPCs

Sincerely,

Edward Lent
--



**Edward Lent| Attorney**
300 East 95th Street, Suite #130
New York, New York 10128

Tel. (646) 850 5035
Fax  (212) 504 9532

braininjuryrights.org

7 - 2