# EXHIBIT 1

 Gmail                                                                    Kat McKay   kat@pabilaw org

---

**RE**▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉  **Resolution Meeting for DPC**▉▉▉▉▉

**Kat McKay** <kat@pabilaw.org>                                    Wed, Jul 24, 2024 at 2:47 PM
To  ju  tina rivera@comptroller nyc gov, chamamg@comptroller nyc gov
Cc: Peter Albert <peter@pabilaw.org>, Kelly Agnello <KAgnello@schools.nyc.gov>, "patrick@pabilaw.com"
<patrick@pabilaw.com>, Mariama Sandi <MSandi@schools.nyc.gov>, "hearings@pabilaw.org" <hearings@pabilaw.org>,
Daniel Costigan <DCostigan@schools.nyc.gov>, ashames@schools.nyc.gov, mdambro@comptroller.nyc.gov,
knagor  @comptroller nyc gov, dagami@comptroller nyc gov,   felici@comptroller nyc gov, kwall@comptroller nyc gov,
jrivera@comptroller.nyc.gov, ljacobs@comptroller.nyc.gov

Dear Ms. Rivera and Ms. Hamamgian,

We are not sure why Ms. Shames removed the NYC Office of the Comptroller from this email chain since our understanding is the Comptroller's office and the DOE's Office of General Counsel have to approve any "settlement" or "resolution" dealing with most of the matters raised in our Client's Due Process Complaint However, as noted below, the CSE is representing that someone has been provided with the "appropriate decision-making authority" to resolve any and all issues in the Due Process Complaint, presumably from the Comptroller's Office and the DOE's Office of General Counsel.

34 C.F.R. §300.510(a)(4) simply reads, "The parent **AND** the LEA determine the relevant members of the IEP Team to attend the meeting." (emphasis added) As you can see from the correspondence below with the DOE, they continue to act unilaterally with the level of arrogance warranted to an unaccountable bureaucracy (once we get past this current issue, perhaps the Comptroller's Office may want to do an audit of how many actual Resolution Meetings the DOE properly conducts after the 10,000+ Due Process Complaints are filed each year against the Department - these are mandatory as per federal and state laws and regulations).  They even acted unilaterally in removing the Comptroller's Office from viewing their response.

Even the 2nd Circuit has highlighted the resolution session is not merely for the benefit of the DOE, "We affirm, holding that the IDEA does not permit a school district to amend an IEP unilaterally during the thirty-day resolution period. The Act envisions the resolution period as a time for mediation and agreement, not one sided action "  *Bd  of Educ  v C S* , 990 F 3d 152 (2nd Cir  2021)

As you can see from our email below, we take a very simple and straightforward reading of the federal and state laws and regulations   For example, the IDEA describes the resolution session as providing the school district with "the opportunity to resolve the complaint." 20 U.S.C. § 1415(f)(1)(B)(i)(IV). However, if the folks from the DOE who attend the resolution meeting do not have the decision-making authority to actually resolve all of the issues in the due process complaint, how can someone claim that it is a properly constituted meeting?  Why would any Parent attend a Resolution Meeting to discuss ALL of the issues in a Due Process Complaint, if the other side doesn't have any authority to make decisions about ALL of the issues in a Due Process Complaint?

I have also attached the Memorandum from Melody Musgrove, Ed D , Director of Office of Special Education Programs for the U.S. Department of Education which provides a Q&A dealing with "Dispute Resolution Procedures under Part B of the Individuals with Disabilities Education Act (Part B)"

Specifically, Question D 8 is most relevant for this situation, "Which individuals participate in the resolution meeting?"

"Answer  Under 34 CFR §300 510(a)(4), the parent and the LEA determine the relevant members of the IEP Team to attend the resolution meeting. The LEA must convene a resolution meeting with the parent and **relevant member(s) of the IEP Team who have specific knowledge of the facts identified in the parent's due process complaint**. The resolution meeting **must** include a representative of the public agency who has **decision-making authority on behalf of that agency**. An attorney of the LEA may not attend the resolution meeting unless the parent is accompanied by an attorney  34 CFR §300 510(a)(1)  This is true even if a non attorney advocate attends the meeting on behalf of the parent. We encourage LEAs and parents to cooperate in determining who will attend the resolution meeting, because a resolution meeting is unlikely to result in any resolution of the dispute if the parties cannot agree on who should attend. 71 FR 46701 (August 14, 2006)." (emphasis added)

Our efforts have been to have a proper Resolution Meeting, in good-faith, with the hopes of resolving as many issues as possible.  If you also read Question D-6, "Are there circumstances in which an LEA would not be required to convene a resolution meeting when it receives notice of a parent's due process complaint?" and its Answer highlights how disingenuous the DOE has been in this process:

> "Yes.  Under 34 CFR §300.510(a)(3), there are two occasions when a resolution meeting need not occur: (1) when the parent and LEA agree in writing to waive the meeting; and (2) when the parent and LEA agree to use the mediation process described in 34 CFR §300 506 to resolve the due process complaint.  There are no provisions in the IDEA that allow a parent or an LEA to unilaterally waive the resolution meeting, because the resolution meeting is *"a required vehicle for the parent and the LEA to attempt to resolve their differences prior to initiating a due process hearing "*  71 FR 46702 (August 14, 2006).  Likewise, an agreement to use another alternative dispute resolution mechanism if available in the State, by itself, would not relieve the LEA of its obligation to convene a resolution meeting." (emphasis added)

While we are past the 15 day mandatory time period for the DOE to HOLD these meetings, we are still hoping the DOE will straighten itself out, coordinate with the Comptroller's Office and assign proper staffing to conduct these meetings timely.

In the meanwhile, we will continue to advocate for our Clients and their severely-disabled children...and please let us know if the Office of the Comptroller has provided decision-making authority to a DOE representative to resolve all of the matters in each Student's Due Process Complaint?

Thank you in advance for your time and consideration.

Respectfully,

Kat McKay, JD, PhD.

**Kat McKay J.D., Ph.D.**
**The Liberty & Freedom Legal Group**

*300 East 95th Street, Suite #130*

*New York, New York 10128*

*Tel. (484) 340-7703*

[Quoted text hidden]

---

**Questions and Answers - Updated and Revised (1) (1).pdf**
381K