UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTINE THOMAS, Individually and as Parent and Natural Guardian of A.T., et al,

                      Plaintiffs,

-against-

DAVID C. BANKS and NEW YORK CITY DEPARTMENT OF EDUCATION,

                      Defendants.

Case No. 1:24-cv-05138 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

    WHEREAS, on July 16, 2024, Plaintiffs filed an *ex parte* motion by order to show cause for emergency relief requesting that the Court "issue a temporary restraining order and/or preliminary injunction directing Defendants to convene a resolution meeting for each Plaintiff with a relevant member or members of their Student's IEP team who have specific knowledge of the facts identified in the Student's DPC, as well as a public agency representative, with decision-making authority on that agency's behalf, within 15 days of receipt of their DPC or as soon thereafter as practicable, but in no event more than 30 days from receipt of Plaintiff's DPC . . . and granting such other, further, and different relief as the Court may deem just, proper, and equitable;"

    WHEREAS, on July 17, 2024, the Court ordered Plaintiffs to take all steps necessary to effect proper service as required by the Federal Rules of Civil Procedure;

    WHEREAS, on July 24, 2024, the Court held a hearing on Plaintiffs' motion;

    WHEREAS, based upon the parties' agreed upon briefing schedule, Defendants filed their opposition brief on July 31, 2024 and Plaintiffs filed their reply in support of their motion on August 7, 2024;

1

WHEREAS, on July 29, 2024, Plaintiffs and Defendants jointly "request[ed] that the Court proceed with its decision on [Plaintiffs'] motion using the documents and arguments presented, without the need for an evidentiary hearing;"

WHEREAS, a party seeking an emergency injunction must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a [Temporary Restraining Order or Preliminary Injunction] is in the public interest." *North American Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

IT IS HEREBY ORDERED that Plaintiffs' motion for emergency injunctive relief is DENIED because, even if Plaintiffs were to have established a likelihood of success on the merits, which is doubtful given the resolution meetings offered by the Defendant, Plaintiffs failed to demonstrate that they are likely to suffer irreparable harm in the absence of injunctive relief. The parties agree that the applicable resolution period ended on August 2, 2024. According to the regulations, Plaintiffs may now simply proceed to a due process hearing before an Impartial Hearing Officer and raise the arguments they would have raised in the resolution meetings. In addition, Plaintiffs are receiving educational services while the administrative proceedings are progressing.

Dated: August 8, 2024
      New York, New York

                                                    SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge