24-cv-5138 (JLR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTINE THOMAS individually and as Parent and
Natural Guardian of A.T. *et al.*,

Plaintiffs,

- against -

DAVID C. BANKS, in his official capacity as Chancellor
of the New York City Department of Education *et ano.*,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO PARTIALLY
DISMISS THE SECOND AMENDED COMPLAINT
AND IN OPPOSITION TO PLAINTIFFS' THIRD
MOTION FOR A PRELIMINARY INJUNCTION**

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*

Jaimini Vyas
Tel: (212) 356-2079
jvyas@law.nyc.gov

Thomas Lindeman, Esq.
(212) 356-0418
tlindema@law.nyc.gov

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT .................................................................................... 1

FACTUAL BACKGROUND ......................................................................................... 4

STANDARD OF REVIEW ............................................................................................ 6

ARGUMENT

      POINT I

           PLAINTIFFS' REQUESTS FOR DECLARATORY RELIEF REGARDING THE STUDENTS' PENDENCY PLACEMENTS ARE MOOT, EXCEPT A.T., WHOSE CLAIMS ARE UNRIPE. ...................................8

           A.  The Court should deny and dismiss A.T.'s unripe claim for declaratory relief ...................................... 9

      POINT II

           PLAINTIFFS ARE NOT ENTITLED TO EXPEDITED PAYMENTS ....................................................11

      POINT III

           PLAINTIFFS' ALLEGATIONS REGARDING PURPORTEDLY SYSTEMIC VIOLATIONS SHOULD BE DISMISSED DUE TO THEIR CONCLUSORY NATURE ....................................................12

      POINT IV

           PLAINTIFFS FAIL TO SATISFY THE TRADITIONAL FACTORS FOR A PRELIMINARY INJUNCTION ............................................................13

           A.  Plaintiffs have not shown a likelihood of success on the merits ........................................................ 14

           B.  Plaintiffs failed to show irreparable harm that is actual and imminent.......................................................... 15

**Page**

    C.   The Public Interest is Not Served by the Issuance of a Preliminary Injunction ................................................. 18

    D.   The Balance of Hardships does not Favor Plaintiffs........................................................................................... 19

CONCLUSION............................................................................................................. 19

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                                          **<u>Pages</u>**

*Abrams v. Carranza,*
    No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 189292
    (S.D.N.Y. Oct. 13, 2020) ...................................................................................................16

*Ambrister v. N.Y.C. Dep't of Educ.,*
    No. 22-cv-5516, 2024 U.S. Dist. LEXIS 149235
    (S.D.N.Y. Aug. 20, 2024) ....................................................................................................6

*Araujo v. N.Y.C. Dep't of Educ.,*
    2024 U.S. Dist. LEXIS 102669
    (S.D.N.Y. June 10, 2024) .....................................................................................................6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009).........................................................................................................7, 8

*Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,*
    968 F.2d 196 (2d Cir. 1992)..................................................................................................7

*Beal v. Stern,*
    184 F.3d 117 (2d Cir. 1999)................................................................................................14

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)..............................................................................................................7

*Biro v. Condé Nast,*
    807 F.3d 541 (2d Cir. 2015)..................................................................................................7

*Bruckauf, et al. v. Banks, et al.,*
    24-cv-5136 (LGS)..................................................................................................................2

*Canning v. Admin. for Children's Servs.,*
    588 F. App'x 48 (2d Cir. 2014) ............................................................................................6

*Castillo v. Rice,*
    581 F. Supp. 2d 468 (S.D.N.Y. 2008) ..................................................................................7

*Chaperon, et al. v. Banks, et al.,*
    24-cv-5135-JHR....................................................................................................................2, 5

*Cortec Indus, Inc. v. Sum Holding L.P.,*
    949 F.2d 42 (2d Cir. 1991)...................................................................................................7

*Doe v. N.Y. Univ.,*
    666 F.2d 761 (2d Cir. 1981)................................................................................................14

**Cases**                                                                                                      **Pages**

*Dukes ex rel. Dukes v. New York City Emps.' Ret. Sys.*,
    581 F. App'x 81 (2d Cir. 2014) ....................................................................6

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994),
    *cert. denied*, 513 U.S. 1079 (1995) ...........................................................8

*Giammatteo v. Newton*,
    452 F. App'x 24 (2d Cir. 2011) ....................................................................6

*Grullon v. Banks*,
    2023 U.S. Dist. LEXIS 188079
    (S.D.N.Y. Oct. 19, 2023) .............................................................................10

*Grullon, et al. v. Banks, et al.*,
    23-cv-10388-KPF ...................................................................................17, 18

*K.M. v. Adams*,
    No. 20-cv-4128, 2022 U.S. App. LEXIS 24555
    (2d Cir. Aug. 31, 2022) .................................................................................6

*L.A. v. N.Y.C. Dep't of Educ.*,
    No. 1:20-cv-05616-PAC, 2021 U.S. Dist. LEXIS 65700
    (S.D.N.Y. Apr. 5, 2021) ...............................................................................13

*L.B. v. N.Y.C. Dep't of Educ.*,
    No. 21-CV-6626 (VEC), 2023 U.S. Dist. LEXIS 19735
    (S.D.N.Y. Feb. 6, 2023) ...............................................................................13

*Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*,
    No. 03-CV-10312, 2005 U.S. Dist. LEXIS 19788
    (S.D.N.Y. Sept. 7, 2005) ................................................................................7

*Loveridge v. Pendleton Woolen Mills, Inc.*,
    788 F.2d 914 (2d Cir. 1986) .........................................................................19

*M.F. v. N. Syracuse Cent. Sch. Dist.*,
    No. 5:17-cv-1385, 2019 U.S. Dist. LEXIS 53469
    (N.D.N.Y. Mar. 29, 2019) ............................................................................13

*M.F. v. N.Y. State Educ. Dep't*,
    No. 5:17-cv-1385, 2020 U.S. Dist. LEXIS 63143
    (N.D.N.Y. Apr. 10, 2020) .......................................................................12, 13

**Cases**                                                                                             **Pages**

*M.W. v. N.Y.C. Dep't of Educ.*,
 No. 15cv5029, 2015 U.S. Dist. LEXIS 112832
 (S.D.N.Y. Aug. 25, 2015) ................................................................................14

*Mackey v. Bd. of Educ.*,
 386 F.3d 158 (2d Cir. 2004)..............................................................................10

*Makarova v. United States*,
 201 F.3d 110 (2d Cir. 2000)................................................................................6

*Mendez v. Banks*,
 65 F.4th 56 (2d Cir. 2023) ........................................3, 4, 10, 11, 12, 14, 15, 16, 18

*J.S. ex rel. N.S. v. Attica Cent. Sch.*,
 386 F.3d 107 (2d Cir. 2004)................................................................................6

*Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*,
 333 F. Supp. 3d 292 (S.D.N.Y. 2018) ..................................................................6

*People United for Child, Inc. v. City of New York*,
 108 F. Supp. 2d 275 (S.D.N.Y. 2000) ..................................................................7

*Ramos, et al. v. Banks, et al.*,
 24-cv-5109 (LGS) ..............................................................................................2

*Simmons v. Murphy*,
 No. 23-288-cv, 2024 U.S. App. LEXIS 13588
 (2d Cir. June 5, 2024) ........................................................................................6

*Spokeo, Inc. v. Robins*,
 578 U.S. 330 (2016)......................................................................................10, 12

*Tucker Anthony Realty Corp. v. Schlesinger*,
 888 F.2d 969 (2d Cir. 1989)..............................................................................16

*Uppal v. N.Y. State Dep't of Health*,
 756 F. App'x 95 (2d Cir. 2019) ........................................................................16

*Van Wie v. Pataki*,
 267 F.3d 109 (2d Cir. 2001)................................................................................8

*Ventura de Paulino v. N.Y.C. Dep't of Educ.*,
 22 Civ. 1865 (PAE), 2023 U.S. Dist. LEXIS 17179
 (S.D.N.Y. Feb. 1, 2023)....................................................................................10

**Cases**                                                                                     **Pages**

*Ventura de Paulino v. N.Y.C. Dep't of Educ.*,
    959 F.3d 519 (2d Cir. 2020)........................................................6, 10, 18, 19

*Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*,
    215 F.3d 253 (2d Cir. 2000)..................................................................7

**Statutes**

8 N.Y.C.R.R. § 200.5(m).......................................................................10

20 U.S.C. § 1415(j)...........................................................................9, 10

34 C.F.R. § 300.518(a).........................................................................10

Fed. R. Civ. P. 12(b)(1)....................................................................3, 4, 6, 7

Fed. R. Civ. P. 12(b)(6)....................................................................4, 7, 9

N.Y. Educ. Law § 4404(4)......................................................................10

## PRELIMINARY STATEMENT

Defendants David C. Banks, in his official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education (collectively, "DOE" or "Defendants") submit this memorandum of law in support of their motion to partially dismiss Plaintiffs' Second Amended Complaint, ECF No. 45 ("SAC"), and in opposition to Plaintiffs' third Order to Show Cause for a "mandatory" preliminary injunction.

Plaintiffs, who bring claims individually and on behalf of six students, in the SAC seek *inter alia* pendency orders declaring that pendency for each student lies at the International Institute for the Brain ("iBrain") for the 2024 to 2025 school year, and claim that Plaintiffs are entitled to funding for tuition and related services under pendency:

> Enter a Judgment, under the Declaratory Judgment Act, finding that each Student-Plaintiff is entitled to an order declaring their pendency program/placement to be at iBRAIN throughout the administrative and judicial proceedings relative to their DPC for the 2024–2025 SY and, where appropriate, the 2023-2024 SY, which includes funding tuition at iBRAIN, and all related services, including transportation, and nursing where appropriate, during the 2024–2025 SY and, where appropriate, the 2023-2024 SY;

SAC at 41[1] ("Relief Requested"). Plaintiffs additionally seek injunctive relief in the form of an order directing DOE to "eliminate any requirement for the Parent to wait months in violation of the IDEA to obtain an 'interim order' from an  IHO [Impartial Hearing Officer] or accept a pendency form or agreement from DOE." *Id.* Plaintiffs further request that DOE be directed to fund each student's pendency placement, inclusive of any related transportation and nursing services, "commenc[ing] no later than 90 days from the date of the Court's order." *Id.* Plaintiffs also make an unwarranted request to the Court to act, in essence, as a monitor and obtain from Defendants "regular updates" regarding payments. *Id.* Moreover, Plaintiffs request that DOE be

---

[1] All pincites for pleadings filed on the docket are to page numbers assigned by the ECF filing system.

directed to "fully implement and comply with each final Administrative Order and Decision issued in favor of each respective Plaintiff and said Plaintiff's disabled Student." *Id.*[2]

In their third motion for injunctive relief, Plaintiffs seek relief identical to that sought in their SAC. Specifically, they seek an order directing Defendants to (1) pay all outstanding balances related to the Students' pendency programs/placements at iBRAIN; and (2) continue funding each Student's pendency program/placement throughout the administrative and judicial proceedings relative to each Student's DPC for the 2024–2025 extended school year under each Student's respective IHO Case Number as follows: (1) A.T. - IHO Case No. 277264; (2) A.C. IHO Case No. 277096; (3) L.C.–IHO Case No. 277155; (4) M.C. - IHO Case No. 277178; (5) M.B. - IHO Case No. 277132; and (6) S.J.D.—IHO Case No. 277140; and for the 2023–2024 extended school year during the pendency of all proceedings challenging Defendants' IEP for L.C. in IHO Case No. 265816. Plaintiffs' Mem. of Law in support of Prelim. Injunction, ECF No. 50 ("3d PI Mot.") at 30. Both of these requests for preliminary injunctive relief are encompassed in the SAC's requests that DOE be directed to fund each student's pendency placement and fully implement and comply with each final Administrative Order and Decision issued in favor of each Plaintiff. SAC at 41.

Plaintiffs' claims for the issuance of pendency orders must be dismissed because they are either moot or unripe. Moreover, Plaintiffs failed to allege any actual or potential injuries that would permit the Court to exercise jurisdiction over their demands for the expedited disbursement of pendency funding. Indeed, it is undisputed that all the students named in this action are currently enrolled at iBrain, and request funding under pendency for their continued

---

[2] Plaintiffs' counsel has sought virtually identical relief in three other substantially similar actions brought in this district. *See Bruckauf, et al. v. Banks, et al.*, 24-cv-5136 (LGS); *Ramos, et al. v. Banks, et al.*, 24-cv-5109 (LGS); and *Chaperon et al. v. Banks et al.*, 24-cv-5135-JHR.

enrollment at the private school. *See, e.g.*, SAC ¶ 62 ("On June 15, 2024, Plaintiffs MARTINE THOMAS and SCOTT THOMAS sent a Ten-Day Notice to the DOE rejecting its proposed IEP for A.T. for the 2024–2025 SY as inappropriate to meet his needs, and notifying it of their intent to maintain A.T.'s placement at iBRAIN for the upcoming 2024–2025 SY, and requesting that the DOE continue full funding of A.T.'s placement, pursuant to the Finding of Fact and Decision ("FOFD") in IHO Case No. 242728, dated August 2, 2023."). *See also* SAC ¶¶ 94, 143, 184, 225, and 258 (stating that between June 14 and 17 of 2024, Plaintiffs Shantel Talley, Marlene Vasquez, Linda Larach-Cohen, Marilyn Beckford, and Patrick Donohue sent 10-day notices to DOE). To the extent that Plaintiffs' claims for declaratory relief regarding their pendency placements at iBrain are moot, this Court lacks subject matter jurisdiction over them. Accordingly, such claims set forth in the SAC should be dismissed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1).

By contrast, Defendants are not presently moving to dismiss Plaintiffs' claims regarding the implementation of DOE's funding obligations set forth in the applicable pendency orders and FOFDs. Any collective reference to Plaintiffs' claims throughout this memorandum does not encompass such implementation matters.

At its core, the SAC amounts to yet another improper attempt to use federal litigation to expedite DOE's disbursements of funding for iBrain students, a tactic the Second Circuit summarily rejected in *Mendez v. Banks*, 65 F.4th 56, 63 (2d. Cir. 2023), wherein Plaintiffs were represented by the same firm that represents Plaintiffs in this matter. In *Mendez*, the Second Circuit stated that the "stay-put" provision "does not require circumvention of ordinary payment procedures [due to] the practical realities of bureaucratic administration," absent a showing "that

a delay or failure to pay has jeopardized [a]child's educational placement." *Mendez*, 65 F.4th at 63.

Just like in *Mendez*, where "Plaintiffs allege[d] that they and their children have suffered irreparable harm in the form of a violation of the procedural rights afforded to them under the stay-put provision" *Mendez*, 65 F.4th at 64, "In this case, Plaintiffs [allege that they] have been injured through denial of a procedural right—that is, to have their pendency placements maintained." 3d PI Mot. at 13. Neither the 3d PI Mot., nor the SAC contain any non-conclusory allegations that any purported delays in the distribution of pendency funds have impacted any of the students' educational placements. Instead, in an apparent attempt to avoid dismissal pursuant to *Mendez*, Plaintiffs style their claim for relief as a request for an order requiring DOE to disburse pendency funding for each student "in the ordinary course of business." SAC at 41. However, this ostensible reasonableness is belied by the relief that Plaintiffs seek: an order that would mandate payment by a specific date (90 days from the issuance of the order) without regard for the completion of DOE's ordinary payment procedures while requiring Defendants to provide the Court with regular status reports "to ensure continued compliance." *Id.* Plainly, Plaintiffs seek to supplant the ordinary procedures governing pendency funding with the terms of a mandatory injunction in a federal court order.

For the reasons set forth more fully below, the Court should dismiss Plaintiffs' claims for declaratory relief for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) or, in the alternative, for failure to state a claim pursuant to FRCP 12(b)(6).

## FACTUAL BACKGROUND

The instant matter arises from six underlying administrative actions. Each Plaintiff here filed a Due Process Complaint on July 2, 2024 seeking funding for their unilateral placement

of the students at issue at iBrain, as well as funding for transportation and nursing services, where applicable.

Defendants scheduled resolution sessions for each Plaintiff between July 12, 2024 and July 17, 2024. Peter Albert, attorney for Plaintiffs, appeared at one session on July 12, 2024 without the participation of the parents, then abruptly canceled the remaining sessions. *See* Declaration of Peter Albert (*Chaperon*, 24-cv-5135-JHR, ECF No. 14) ¶¶ 23–25. Defendants attempted to reschedule the canceled sessions. Upon information and belief, none of the parents attended the resolution sessions.

On August 2, 2024, the statutory timeline for the administrative due process hearings began. Since that time, impartial hearing officers have begun scheduling hearing dates and issuing determinations on pendency. In the time since the underlying administrative actions began, each of the Student-Plaintiffs except A.T. have received an order at the administrative level that addresses their pendency placement. After A.T. invoked pendency, a pendency hearing was held on August 21, 2024.

Plaintiff Shantel Talley received a pendency order dated August 28, 2024 from an IHO regarding A.C.'s 2024–2025 school year. *See* Vyas Decl., Ex. A. Plaintiff Marlene Vasquez received a final FOFD dated October 9, 2024, regarding L.C.'s 2024–2025 school year. *See* Vyas Decl., Ex. B. Plaintiff Linda Larach-Cohen received a final FOFD dated October 11, 2024, denying Parent's requested relief and dismissing with prejudice M.C.'s Due Process Complaint ("DPC") regarding the 2024–2025 school year. *See* Vyas Decl., Ex. D. On October 16, 2024, Plaintiff Larach-Cohen filed with the DOE a Notice of Intention to Seek Review of the FOFD by the State Review Office. *See* Vyas Decl., Ex. E. Plaintiff Marilyn Beckford received a final FOFD dated October 14, 2024, regarding M.B.'s 2024–2025 school year. *See* Vyas Decl., Ex. F. And Plaintiff

Patrick Donohue received a Pendency Order dated August 12, 2024, from an IHO regarding S.J.D.'s 2024-2025 school year. *See* Vyas Decl., Ex. G.

## STANDARD OF REVIEW

The Court must dismiss a case under FRCP 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Unless an exception applies, the exhaustion of administrative remedies under the IDEA is a 'jurisdictional prerequisite' of the statute and a plaintiff's failure to exhaust deprives a court of subject-matter jurisdiction over any IDEA claims." *K.M. v. Adams*, No. 20-cv-4128, 2022 U.S. App. LEXIS 24555, at *8 (2d Cir. Aug. 31, 2022) (quoting *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020)) (cleaned up).

"The IDEA requires plaintiffs to exhaust their administrative remedies before filing an action in federal court." *Ambrister v. N.Y.C. Dep't of Educ.*, No. 22-cv-5516 (JGLC), 2024 U.S. Dist. LEXIS 149235, at *24 (S.D.N.Y. Aug. 20, 2024) (quoting *Simmons v. Murphy*, No. 23-288-cv, 2024 U.S. App. LEXIS 13588, at *7 (2d Cir. June 5, 2024)). "It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." *Araujo v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 102669, at *13 (S.D.N.Y. June 10, 2024) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004).

The party asserting subject matter jurisdiction must prove its existence by a preponderance of the evidence. *See Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49 (2d Cir. 2014); *Dukes ex rel. Dukes v. N.Y.C. Emps. Ret. Sys.*, 581 F. App'x 81, 82 (2d Cir. 2014); *Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*, 333 F. Supp. 3d 292, 300 (S.D.N.Y. 2018) (quoting *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011)). The

party resisting the motion "cannot rest on conclusory allegations that factual disputes exist." *Zappia*, 215 F.3d at 253.

In fact, the Court should refrain from drawing inferences in favor of the party asserting subject matter jurisdiction on a Rule 12(b)(1) motion. *See People United for Child, Inc. v. City of New York*, 108 F. Supp. 2d 275, 283 (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F2d 196, 198 (2d Cir.1992)). Additionally, the court should not grant leave to amend the complaint because an amendment is considered futile if it cannot defeat a motion to dismiss for lack of subject matter jurisdiction. *See Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*, No. 03-CV-I0312, 2005 U.S. Dist. LEXIS 19788, at *13-14 (S.D.N.Y. Sept. 7, 2005); *see also Castillo v. Rice*, 581 F. Supp. 2d 468, 476 (S.D.N.Y. 2008).

On a motion to dismiss pursuant to FRCP 12(b)(6), courts must accept all allegations contained in the complaint as true and examine whether those allegations contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Plausible claims are those alleging "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555. At a minimum, a pleading must set forth sufficient information for a court to determine whether the allegations support some recognized legal theory, *Cortec Indus, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), and enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Bell Atl. Corp*, 550 U.S. at 570. Also, "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a court

may not take as true "conclusions of law or unwarranted deductions of fact." *First Nationwide*

*Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (internal citation omitted), *cert.*

*denied,* 513 U.S. 1079 (1995).

## ARGUMENT

### POINT I

**PLAINTIFFS' REQUESTS FOR DECLARATORY RELIEF REGARDING THE STUDENTS' PENDENCY PLACEMENTS ARE MOOT, EXCEPT A.T., WHOSE CLAIMS ARE UNRIPE.**

The issuance of pendency orders for Plaintiffs Talley and A.C., Donohue and

S.J.D., and Larach-Cohen and M.C., *see* Vyas Decl. Exs. A, C, and G, moots their applications for

pendency orders. *See* SAC at 41. M.C. received an order determining that pendency lies at iBRAIN

on September 15, 2024, *see* Vyas Decl., Ex. C, but the IHO has since denied Plaintiff's requested

relief for the 2024-2025 school year. *See* Vyas Decl., Ex. D. Nonetheless, M.C.'s pendency

remains at iBRAIN for the duration of Plaintiff's currently pending appeal.

For Plaintiffs Vasquez and Beckford, IHO issued FOFDs placing L.C. and M.B. at

iBrain for the 2024–2025 school year. *See* Vyas Decl., Ex. B and F. Insofar as DOE does not intend

to appeal these FOFDs, Defendants submit that the IHO's determinations regarding DOE's

funding obligations for L.C.'s and M.B.'s 2024–2025 school year are final.

It is well established that "[a] case becomes moot when interim relief or events have

eradicated the effects of the defendant's act or omission, and there is no reasonable expectation

that the alleged violation will recur." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001). The

issuance of the foregoing administrative orders "eradicated" any alleged infringement of Plaintiffs'

pendency rights, as they have received at the administrative level the relief prematurely sought

from this Court. Accordingly, their requests for declaratory relief in the Complaint should be dismissed.

**A.  The Court should deny and dismiss A.T.'s unripe claim for declaratory relief.**

The Court should deny and dismiss A.T.'s unripe claim for declaratory relief. After A.T. invoked pendency, a pendency hearing was held on August 21, 2024 and A.T. is awaiting a pendency determination. Meanwhile, Plaintiffs acknowledge that all the students named in the SAC, including A.T., are currently enrolled at iBRAIN, *see* SAC, Dkt. 45 at 9 n.4, ¶¶ 62, 94, 143, 184, 225, and 258; Plf Mem, Dkt. 29 at 10, and the Court has found that each Student-Plaintiff is "receiving educational services [at iBRAIN] while the administrative proceedings are progressing." Dkt. 24 at 2. Notwithstanding Plaintiffs' acknowledgment that each of these students remains enrolled at iBRAIN, they seek to circumvent the administrative process by rushing to federal court to obtain expedited payments. These facts and Court's finding defeat Plaintiffs' conclusory allegations that "Defendants have denied each Plaintiffs' right to their stay-put placement" SAC ¶ 296, and implication that DOE has somehow not "maintain[ed] each Student's status-quo educational placement." *Id.* at ¶ 307.

Moreover, Plaintiffs have not alleged any facts sufficient to plausibly plead a violation by Defendants of Plaintiffs' pendency placements that would necessitate judicial intervention. The absence of any plausible allegation that Defendants have violated A.T.'s pendency rights weighs against this Court's issuing a pendency order and, instead, weighs in favor of this Court dismissing these claims because no relief can be granted. *See* FRCP 12(b)(6). "The automatic injunctive effect of Section 1415(j) *is* a student's ability to automatically remain in their current educational placement during the pendency of their underlying FAPE proceedings. It is not, as Plaintiffs suggest, a mechanism through which Plaintiffs can seek a court order requiring DOE to acknowledge a pendency determination." *Grullon v. Banks,* 2023 U.S. Dist. LEXIS

188079 (S.D.N.Y. Oct. 19, 2023); *see also Ventura de Paulino v. N.Y.C. Dep't of Educ.,* 22 Civ. 1865 (PAE), 2023 U.S. Dist. LEXIS 17179, at \*18 (S.D.N.Y. Feb. 1, 2023) (collecting cases in which courts declined to grant preliminary pendency injunctions when there was no risk or 'meaningful threat' of disruption to the student's placement at iBRAIN).

Additionally, the Second Circuit has rejected such speculative grounds for judicial intervention. *See Mendez,* 65 F4th at 62; *see also Spokeo*, *Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("We have made it clear time and time again that an injury in fact must be both concrete and particularized … A 'concrete' injury must be 'de facto'; that is, it must actually exist.").

Axiomatically, a student's right to pendency, or a "stay-put" placement, exists automatically "during the pendency of any proceedings conducted pursuant to this section…"  20 U.S.C. § 1415(j) (2012); NY Educ. Law §§ 4404(4); 34 CFR 300.518(a); 8 NYCRR 200.5(m). Pendency does not require judicial intervention to implement. Pendency exists "by operation of law" once the parties agree upon a placement, either through a prior order or otherwise. *Ventura de Paulino,* 959 F.3d at 532. That operation of law does not require an order from either this Court or the IHO to effectuate.

Further, a student's entitlement to pendency is not only automatic but also retroactive. *See Mackey v. Bd. Of Educ.*, 386 F.3d 158, 165-66 (2d. Cir. 2004). Thus, to the extent the contours of a pendency placement are disputed, A.T. would be entitled to pendency funding and placement retroactively from the date they filed their respective DPCs until the date the administrative judge issues a final order determining their educational placement for school year 2024-2025.

Because Plaintiffs' claims are unripe/unexhausted, their request in the third emergency motion for a preliminary injunction establishing pendency should be denied and the claims for the same relief in the SAC should be dismissed.

**POINT II**

**PLAINTIFFS ARE NOT ENTITLED TO EXPEDITED PAYMENTS.**

At its core, Plaintiffs' rush to commence federal litigation is an attempt to seek expedited payments for iBrain and the contracted transportation and nursing providers—but Plaintiffs' demand is foreclosed by *Mendez v. Banks,* 65 F.4th 56 (2d. Cir. 2023), where the Second Circuit explained that the plaintiffs' demands for expedited funding were premature. The DOE receives "thousands of funding requests under the IDEA," many of which explicitly invoke the IDEA's pendency provisions and funding requests. *Mendez*, 65 F.4th at 63. By filing and litigating these emergency motions—even when they are ultimately denied by the Courts—Plaintiffs at iBrain inappropriately "cut the queue" and force DOE to fast-track reimbursements on Plaintiffs' preferred, expedited timeline before thousands of other equally deserving disabled students who depend on payments awarded under pendency or final orders.

The Second Circuit's *Mendez* decision makes clear that the Court should not indulge Plaintiffs' impermissible goal of frustrating DOE's payment processes and obtaining expedited payments for Student-Plaintiffs here over the "thousands of funding requests under the IDEA" the DOE receives at the start of the school year. *See id*.

Separately, the Court should deny Plaintiffs' requests for an order directing Defendants to implement each Student's pendency funding no later than 90 days from the date of the Court's order. *See* SAC at 41. Plaintiffs merely speculate that Defendants will not implement each Student's pendency funding in the ordinary course of business. However, the Second Circuit

has rejected such speculative grounds for judicial intervention. *See Mendez*, 65 F4th at 62; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016).

## POINT III

### PLAINTIFFS' ALLEGATIONS REGARDING PURPORTEDLY SYSTEMIC VIOLATIONS SHOULD BE DISMISSED DUE TO THEIR CONCLUSORY NATURE.

The Court should dismiss Plaintiffs' allegations regarding purportedly systemic violations due to their conclusory nature. *See* SAC ¶ 303 ("Defendants have a long history of systemic failure to implement a policy or policies to ensure timely implementation of stay-put rights upon the filing of a DPC, which continues to the present, and includes each of the Plaintiffs' cases.")' *see also id.* ¶ 319 ("Defendants have a long history of systemic failure to implement a policy or policies to ensure timely compliance with IHO Orders, which continues to the present, and includes each of the Plaintiffs' cases."). The foregoing constitutes the extent of any references set forth in the Amended Complaint regarding any purportedly "systemic" issues. However, these threadbare allegations fail to set forth any well-pled factual claims linking Plaintiffs' individual claims to their systemic claims.

Courts have recognized systemic claims under the IDEA to be sufficiently plead "where the plaintiff has alleged a pattern and practice of systematic IDEA violations unable to be addressed at the due process hearings provided in New York." *M.F. v. N.Y. State Educ. Dep't*, No. 5:17-cv-1385 (GLS/ATB), 2020 U.S. Dist. LEXIS 63143, at *4 (N.D.N.Y. Apr. 10, 2020) (internal quotation marks, alterations, and citation omitted). Conversely, a court should decline to find that systemic allegations are adequately pled where the Plaintiff's allegations focus on individual experience of a student, seeks relief solely for that student and the student's parent for those particularized experiences, and asserts mere boilerplate conclusory allegations about "similarly

situated" individuals. *See id.* at *4-5 (finding that plaintiff's allegations were "too conclusory and implausible to support a systemic violation claim."). *See also L.B. v. N.Y.C. Dep't of Educ.*, No. 21-CV-6626 (VEC), 2023 U.S. Dist. LEXIS 19735, at *19–20 (S.D.N.Y. Feb. 6, 2023) ("Plaintiffs do not allege any specific facts that would allow the Court to infer that [Plaintiff] was injured by the alleged [systemic failures].").

Courts in this Circuit routinely have held that such student-specific claims must be adjudicated on an individual basis through the administrative processes set forth in the IDEA, rather than as systemic violations. *See L.A. v. N.Y.C. Dep't of Educ.*, No. 1:20-cv-05616-PAC, 2021 U.S. Dist. LEXIS 65700, at *8 (S.D.N.Y. Apr. 5, 2021) ("[D]espite Plaintiffs' conclusory allegations that [the student's] experience reveals systemic policies and practices, the complaint 'instead reflect[s] a plaintiff-specific dispute over the quality or methodology of services, which is routinely and properly resolved through the administrative process'"); *M.F. v. N. Syracuse Cent. Sch. Dist.*, No. 5:17-cv-1385 (GLS/ATB), 2019 U.S. Dist. LEXIS 53469, at *30–32 (N.D.N.Y. Mar. 29, 2019) (failure to sufficiently plead systemic claims)**.**

Accordingly, Defendants submit that Plaintiffs' conclusory allegations regarding any purportedly systemic violations should be dismissed.

## POINT IV

### PLAINTIFFS FAIL TO SATISFY THE TRADITIONAL FACTORS FOR A PRELIMINARY INJUNCTION.

Even if this Court determines that Plaintiffs have standing to pursue the instant action, this Court should deny their request for emergency relief because Plaintiffs fail to satisfy the traditional factors of a preliminary injunction. Particularly, Plaintiffs fail to show that

irreparable harm would befall each Student-Plaintiff without an immediate, fast-tracked payment, rather than processing the payments in the usual course of business.

        To obtain a preliminary injunction, "plaintiffs must show a (1) likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiffs' favor, (2) that they are "likely to suffer irreparable injury in the absence of an injunction, (3) that the balance of hardships tips in their favor, and (4) that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez*, 65 F.4th at 63-64 (internal quotation marks and alterations omitted).

        However, where plaintiffs seek a mandatory injunction, such as in the instant case, "the movant must show a 'clear' or 'substantial' likelihood of success on the merits and make a 'strong showing' of irreparable harm, in addition to showing that the preliminary injunction is in the public interest." *M.W. v. N.Y.C. Dep't of Educ.*, No. 15cv5029, 2015 U.S. Dist. LEXIS 112832, at *7 (S.D.N.Y. Aug. 25, 2015) (quoting *Beal v. Stern*, 184 F.3d 117, 123 (2d Cir. 1999) and *Doe v. N.Y. Univ.*, 666 F.2d 761, 773 (2d Cir. 1981). Plaintiffs here, fail to meet this heightened standard of a "clear or substantial" likelihood of success on the merits or a "strong showing" of irreparable harm as the student-plaintiff continues to attend iBRAIN and none has received any communication intimating that their placement at iBRAIN will be terminated. As such, this Court should deny Plaintiffs' third motion for a mandatory preliminary injunction.

## A.  **Plaintiffs have not shown a likelihood of success on the merits.**

        In requesting that this Court determine that their pendency lies at iBRAIN, Plaintiffs have failed to request any actual relief that this Court can offer. Plaintiffs appear to be claiming a right to immediate determination and payment for pendency. However, Plaintiffs have failed to plead a basic case or controversy over which this Court has proper jurisdiction. Having

failed to establish jurisdiction, state a valid claim, or show a chance of success in the face of controlling law to the contrary, Plaintiffs cannot show any likelihood of success.

First, A.C.'s and S.J.D.'s claims for an order declaring the pendency placements/programs have been rendered moot by their receipt of pendency orders. *See* Vyas Decl., Exs. A and G. Second, the claims brought by A.T. are unripe. The parties have begun appearing before impartial hearing officers, and pendency determinations are being issued. Once pendency is codified, and after appropriate financial documentation is submitted to the DOE, the DOE will process invoices and make payments in its ordinary course of business. Separately, M.C. is in the  process of appealing to the SRO the dismissal with prejudice of M.C.'s Due Process Complaint ("DPC") regarding the 2024–2025 school year. Thus, A.T. and M.C.'s requests before the federal court are unripe and premature as they are currently amid the process of exhausting available administrative remedies, and they cannot show that they will succeed on the merits. Third, L.C.'s and M.B.'s claims for an order declaring the pendency placements/programs have been rendered moot by their receipt of FOFDs placing them at iBrain for the 2024–2025 school year. *See* Vyas Decl. Ex. B and F.

**B.  Plaintiffs failed to show irreparable harm that is actual and imminent.**

Despite the Second Circuit explicitly holding that "Plaintiffs are wrong as a matter of law," *Mendez*, 65 F.4th at 63, Plaintiffs here reiterate an argument already rejected by the Second Circuit: that they are not required to establish a likelihood of irreparable harm. *See* Dkt. 29 at 19-20. Instead, through this, and similar motions, they have adopted a pattern and practice of attempting to "frustrate [DOE's] fiscal policies" and claim "entitlement to immediate payment or reimbursement." *Mendez*, 65 F.4th at 63. But any alleged financial issues at iBRAIN—a nonparty to this action and the administrative proceedings below—are not relevant to irreparable harm to the actual Student-Plaintiffs.

15

Plaintiffs have failed to show an actual and imminent—rather than merely speculative—harm to their pendency placement at iBRAIN due to alleged actions or inactions by the DOE. They have made no showing that schooling or related services are actually at risk during the 2024-2025 school year. *See Uppal v. N.Y. State Dep't of Health*, 756 F. App'x 95, 96 (2d Cir. 2019) ("Irreparable harm is the single most important prerequisite for injunctive relief, and in the absence of a showing of irreparable harm, a motion for a preliminary injunction should be denied."). An irreparable harm must be an injury "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989). Indeed, Plaintiffs proffer no evidence that iBRAIN intends to remove any student from the school. As such, their placement is not at risk and no irreparable harm can be shown. *See Abrams v. Carranza*, No. 20-CV-5085 (JPO), 2020 U.S. Dist. LEXIS 189292, at *4-5 (S.D.N.Y. Oct. 13, 2020). They have failed to "establish that a delay or failure to pay has jeopardized their child's educational placement. … [Thus] the DOE is not obliged to circumvent its ordinary payment procedures." *Mendez*, 65 F.4th at 63.

Plaintiffs have not, and cannot, claim that these students will be removed from their placements without the requested order. Thus, Plaintiffs' claim of irreparable harm rests solely on their contention that iBRAIN is facing financial difficulties. *See generally* Declaration of Arthur Mielnik. Dkt. 31. However, Plaintiffs' claims that their placements at iBRAIN are at risk due to iBRAIN's alleged financial difficulties are unsupported. Moreover, at least one judge has expressed the view that DOE's pendency obligation does not extend to averting a closedown of the iBRAIN school:

> THE COURT: I don't think it's DOE's obligation to avert a close down of the school.
>
> MR. BELLANTONI: Well, when they have an obligation to pay pendency for those kids –

THE COURT: The children can be educated elsewhere, sir.

*Grullon et al v. Banks, et al*, 23-cv-10388-KPF, Tr. of Jan. 5, 2024 Hrg. on Prelim. Inj. Mtn., 57:7-12.

Setting aside Defendant's lack of obligation to iBRAIN's fiscal health, Plaintiffs fail to establish that the relief sought in their second emergency motion for preliminary injunction would eliminate any of the alleged risks to Plaintiffs' placements stemming from iBRAIN's purported financial difficulties. *See* Dkt. *29*. Indeed, Plaintiffs fail to clearly establish that the sums sought via pendency would resolve iBRAIN's purported financial difficulties.

And, as the Court further noted, S.J.D., the daughter of the founders of iBRAIN and Sisters Travel, is not likely to lose her placement at either:

> THE COURT: OK. There's no world in which S.J.D. was losing her placement at iBRAIN. There's no world, so why is there a TRO and a preliminary injunction for a student who is the daughter of the founder of the school?
>
> MR. BELLANTONI: As far as the transportation is concerned? The transportation company still provides transportation.

*Grullon et al v. Banks, et al*, 23-cv-10388-KPF, Tr. of Jan. 5, 2024 Hrg. on Prelim. Inj. Mtn., 9:9-15. But the transport company is owned by S.J.D.'s family:

> MR. LINDEMAN: … Sisters, which I will [] note is also run by Mr. Donohue's family, in-house, surrounded by Mr. Donohue, and you can go on the iBRAIN website and they'll tell you in first-person language that his wife runs the company.
>
> …
>
> MR. LINDEMAN: But it is unlikely that the transportation company named after her will, in fact, shut down or prevent her from getting on the bus anytime soon, I believe.
>
> THE COURT: Yes. I remain galled by the fact that S.J.D. is a plaintiff in one of these cases. Plaintiffs' counsel should just keep that in mind and think long and hard about doing that again."

*Grullon et al v. Banks, et al*, 23-cv-10388-KPF, Tr. of Jan. 5, 2024 Hrg. on Prelim. Inj. Mtn., 29:22-30:24. For these reasons, Plaintiffs' motion for emergency relief must be denied.

## C.  **The Public Interest is Not Served by the Issuance of a Preliminary Injunction.**

Plaintiffs' goal in this and the several near-identical enforcement actions brought in this District is to receive orders requiring Defendants to fund the Student-Plaintiffs' pendency placements at iBRAIN immediately and before thousands of other equally deserving students with disabilities who depend on payments awarded under pendency or final orders. As the Second Circuit has found, such an order would be inappropriate. *See Mendez*, 65 F4th at 63 ("Our determination that the statute does not require circumvention of ordinary payment procedures here comports with the practical realities of bureaucratic administration. Any agency will need some amount of time to process and pay submitted invoices. If each pendency order entitled parents or guardians to immediate payment, school districts would be unable to implement basic budgetary oversight measures, such as requiring receipts before reimbursement."); *Ventura De Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519 (2d. Cir 2020). ("Nothing in the statutory text or the legislative history of the IDEA … implies a legislative intent to permit [parents or guardians] to utilize the stay-put provision's automatic injunctive procedure to frustrate the fiscal policies of participating states.").

Just as in *Mendez*, the Plaintiffs here, represented by the same law firm, seek to require the DOE to immediately fund tuition and other expenses. But the purpose of this motion is to circumvent the DOE's administrative process and use this Court's resources to force immediate payments although the students' placements are not at risk. DOE's obligation to fund does not entitle the Plaintiffs or their school to immediate enforcement in the form of fast-tracked payments.

DOE's procedures are designed to ensure that taxpayer funds are properly spent and cared for, and that the students receiving those funds are also receiving adequate services. As

a practical matter, it makes sense that it is the party generally responsible for paying a student's agreed-upon educational program—here, the DOE—that determines how the pendency services are to be provided. That is so for two reasons: (i) public funding for pendency services can never be recouped; and (ii) the cost of educational services in schools can vary dramatically. *See Ventura De Paulino*, 959 F.3d 519 at 535 (2d Cir. 2020). Plaintiffs are attempting to frustrate those policies in service of immediate payment to iBRAIN, Sisters Travel, and B&H Nursing Services. Such an outcome would be inappropriate even if Plaintiffs' placements were at risk, which they are not. Simply put, Plaintiff seeks to circumvent the administrative process and DOE's payment procedures by requesting that this Court determine and order immediate funding for pendency. As such, the Plaintiffs have not shown that the injunction would serve the public interest.

### D. **The Balance of Hardships does not Favor Plaintiffs.**

As Plaintiffs have failed to show that their educational placements are at risk, the only remaining issue is the timing of the monetary payments to which the Plaintiffs are entitled. Even were those payments due now, which they are not, waiting for that process to complete will not create the type of injury cognizable for emergency injunctive relief. *See Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914, 918 (2d Cir. 1986) ("[W]here money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law.").

### CONCLUSION

For all the foregoing reasons, Defendants respectfully submit that the Court should deny Plaintiffs' third emergency motion for injunctive relief, dismiss the Second Amended Complaint in part, and grant Defendants such other and further relief that the Court deems just and proper.

Dated:        November 4, 2024
              New York, New York


                              **MURIEL GOODE-TRUFANT**
                              Acting Corporation Counsel of the
                              City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007


              By:


                              _____
                              Jaimini A. Vyas
                              *Assistant Corporation Counsel*
                              (212) 356-2079
                              jvyas@law.nyc.gov

                                _/s/ Thomas Lindeman_____
                              Thomas Lindeman, Esq.
                              *Assistant Corporation Counsel*
                              (212) 356-1652
                              tlindema@law.nyc.gov