# EXHIBIT A

# **ORDER ON PENDENCY**

| | |
|---|---|
| Case Number: | 277096 |
| Student's Name: | A███ C█████████ |
| Date of Birth: | █████████ 2013 |
| District: | 02 |
| Hearing Requested by: | Parent |
| Hearing Officer: | Richard A. Liese |

| | |
|---|---:|
| Order on Pendency | 2 |
| Case No. 277096 | |

**NAMES AND TITLES OF PERSONS APPEARING ON BEHALF OF THE PARTIES**

**For the Student:**

Richa Raghute, Law Clerk, Liberty and Freedom Legal Group, Ltd.

**For the Department of Education:**

Terraine Bailey, Consultant Impartial Hearing Representative

| Order on Pendency | 3 |
|---|---|
| Case No. 277096 | |

This proceeding was brought before me pursuant to appointment by the New York City Department of Education "DOE") under the Individuals with Disabilities Education Act ("IDEA" or the "Act") [20 U.S.C. § 1415(f)(1)] and Section 4404(1) of the New York Education Law ("Education Law").

The parent ("Parent") of A▆▆ C▆▆▆▆ ("Student"), through counsel, filed a due process complaint ("DPC") against the DOE on July 2, 2024, alleging that the DOE failed to provide the Student with a free appropriate public education ("FAPE") for the 2024-2025 school year, and requesting, among other things, direct tuition funding for the Student's placement at the International Academy for the Brain ("Private School") for the 2024-2025 school year, including the cost of related services and a 1:1 paraprofessional, and direct funding for special education transportation and 1:1 nursing services. (Ex. A).

I was appointed impartial hearing officer ("IHO") for this case on July 3, 2024.

An initial prehearing conference with the representatives of the parties was held on July 26, 2024, at which the Parent, through her representative, reasserted a request made in the DPC for an interim order on pendency to enforce the Student's "stay-put" rights and require the DOE to maintain and fund the Student's current educational placement during the pendency of the case. According to Parent's representative and the DPC, the basis for the Student's pendency is an IHO's Findings of Fact and Decision dated October 6, 2023 ("Hearing Officer's Decision"), in New York City Case # 246205. (Ex. C to Ex. A).

The DOE, through its representative, objected to the Parent's request, and the IHO requested that the parties submit documents and written summaries in support of their respective positions for the IHO's consideration and determination.

The Parent's representative submitted documents and a Memorandum of Law in support of the Parent's request. The DOE did not submit any documents or a written summary in opposition to the Parent's request.

The sole issue to be decided at this point in the proceeding is the Student's pendency placement. A list of the documentation reviewed by the IHO is appended to this Order.

Order on Pendency 4
Case No. 277096

## POSITIONS OF THE PARTIES

The Parent contends that the Student's current educational placement consists of the Student's educational program at the Private School, round-trip special education transportation services to and from the Private School, and 1:1 nursing services, in accordance with the determinations made in the Hearing Officer's Decision. The Parent is requesting that the IHO issue an order directing the DOE to fund the Student's placement at the Private School in accordance with the terms of the enrollment agreement entered into between the Parent and the Private School, to fund the Student's special education transportation services in accordance with the terms of the transportation agreement entered into between the Parent and Sisters Travel and Transportation Services ("Sisters Transportation"), and to fund the Student's 1:1 nursing services in accordance with the terms of the nursing service agreement entered into between the Parent and B&H Health Care Services ("Nursing Service Provider").

The DOE did not submit any documents or a written summary in opposition to the Parent's request.

## LEGAL STANDARDS AND FRAMEWORK

The pendency provisions of the IDEA and the New York State Education Law require that:

> "… during the pendency of any proceedings [relating to the identification, evaluation, or placement of a child with a disability], unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child . . .until all such proceedings have been completed" (20 U.S.C. § 1415[j]; 34 C.F.R. § 300.518(a); Education Law § 4404[4]; 8 NYCRR § 200.5[m][1].

Pendency has the effect of an automatic injunction, which is imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and a balancing of the hardships. *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982); *Drinker by Drinker v. Colonial School Dist.*, 78 F.3d 859, 864 (3d Cir. 1996). The purpose of the pendency provision is to provide stability and consistency in the education of a child with a disability and "to maintain the

Order on Pendency  5
Case No. 277096

educational status quo while the parties' dispute is being resolved" (*T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F. 3d 145, 152 [2d Cir. 2014]; see also *Honig v. Doe, 484 U.S. 305, 323-325* [1987]).

Maintaining the educational status quo does not mean that a student must remain in a particular site or location (*Concerned Parents and Citizens for the Continuing Educ. at Malcolm X Pub. Sch. 79 v. New York City Bd. of Educ.*, 629 F.2d 751 [2d Cir. 1980]), or at a particular grade level (see *Child's Status During Proceedings*, 64 Fed. Reg. 12615 at 12616 [Mar. 12, 1999]). It also does not guarantee a student with a disability "the right to remain in the exact same school with the exact same service providers while his administrative and judicial proceedings are pending. Instead, it guarantees only the same general level and type of services that the . . . child was receiving" (*T.M. ex rel. A.M.,* 752 F.3d at 171). A child's educational placement "refers to the general educational program -- such as the classes, individualized attention and additional services a child will receive -- rather than the 'bricks and mortar' of the specific school" (*T.Y., K.Y. ex rel. T.Y. v. New York City Dept. of Educ.*, 584 F.3d 412, 419 [2d Cir. 2009]).

Under the IDEA, the inquiry focuses on identifying the child's then-current educational placement at the initiation of the proceedings, "and further, on who should pay for it, for implicit in the maintenance of the status quo is the requirement that a school district continue to finance an educational placement made by the agency and consented to by the parent before the parent requested a due process hearing" (*Zvi D.*, 694 F.2d at 906; see also *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.,* 386 F.3d 158, 163 [2d Cir. 2004]). Under Second Circuit precedent, "[t]o determine a child's then-current educational placement, a court typically looks to: (1) the placement described in the child's most recently implemented IEP; (2) the operative placement actually functioning at the time when the stay put provision of the IDEA was invoked; or (3) the placement at the time of the previously implemented IEP" (*Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 452 [2d Cir. 2015]) (internal citations and quotation marks omitted). The Second Circuit has further indicated that a child's then-current educational placement "refers to the child's last agreed-upon educational program before the parent requested a due process hearing to challenge the child's IEP" (*Ventura de Paulino*, 959 F.3d at

532).

Once a child's educational placement (or program) has been determined, it may be changed "if . . . the school district and the parents agree on what the new placement should be", or "if an impartial hearing officer or state review officer finds the parents' new placement to be appropriate by adjudicating the IEP dispute in the parents' favor, and the school district chooses not to appeal the decision. Accordingly, implicit in the concept of 'educational placement' in the stay-put provision (*i.e.*, a pendency placement) is the idea that the parents and the school district must agree either expressly or as impliedly by law to a child's educational program" (*Ventura de Paulino,* 959 F.3d at 532). However, for the pendency provisions of the IDEA to apply, a due process proceeding must be pending. 20 U.S.C. § 1415(j); Education Law § 4404(4); 34 C.F.R. § 300.518(a); 8 NYCRR § 200.5(m); *Honig*, 484 U.S. at 323; *Mackey*, 386 F.3d at 160; *Doe v. East Lyme Bd. of Educ.*, 962 F.3d 649, 659 (2d Cir. 2020); *Letter to Winston*, 213 IDELR 102 (OSEP 1987); *Weaver v. Millbrook Cent. Sch. Dist.*, 812 F. Supp. 2d 514, 526 (S.D.N.Y. 2011).

## **DISCUSSION**

As noted previously, the DOE did not submit any documents or any written summary to contest or refute the Parent's claim that the Student's pendency placement lies in the Hearing Officer's Decision, which (a) found that the DOE had failed to offer the Student a FAPE for the 2022-2023 school year, that the Private School appropriately addressed the Student's needs, and that equitable considerations favored the Parent; and (b) ordered the DOE to fund (i) the base tuition obligation for the Student's placement at the Private School for the 2022-2023 12-month school year, including the cost of a 1:1 paraprofessional, in the aggregate amount of $137,774.65, and the supplemental tuition obligation incurred for supplementary services provided by the Private School, consisting of related services, assistive technology training services, music therapy services, and parent counseling and training services, in the aggregate amount of $69,998.80; (ii) the cost of round-trip door-to-door special education transportation services to enable the Student to attend the Private School during the 2022-2023 12-month school year, in accordance with the terms of the transportation agreement entered into with

Sisters Transportation, at a cost not to exceed $345 per trip; and (iii) 1:1 private nursing services for the Student for the 2022-2023 12-month school year, consisting of a 1:1 private transportation nurse and a 1:1 private duty nurse to accompany the Student during school hours, in accordance with the terms of a nursing services agreement with a private nursing service provider, at a flat rate of $113 per hour.

Moreover, the documentary evidence submitted by the Parent supports her claim.

Accordingly, the Parent's request for an order directing the DOE to fund the Student's placement at the Private School in accordance with the terms of the enrollment agreement entered into between the Parent and the Private School, to fund the Student's special education transportation services in accordance with the terms of the transportation agreement entered into between the Parent and Sisters Transportation, and to fund the Student's 1:1 nursing services in accordance with the terms of the nursing service agreement entered into between the Parent and the Nursing Service Provider, is granted.

## **ORDER**

**IT IS HEREBY, ORDERED,** that the DOE shall pay directly to the Private School the full cost of the tuition expenses incurred by the Parent from and after July 2, 2024, for the Student's placement at the Private School for the 2024-2025 12-month school year, pursuant to the Annual Enrollment Contract dated June 21, 2024, between the Parent and the Private School, said payment to be made within thirty (30) days of the DOE's receipt of an affidavit from the Private School certifying to the Student's attendance and setting forth the amount due; and it is further,

**ORDERED**, that the DOE shall pay directly to Sisters Transportation the full cost of the special education transportation expenses incurred by the Parent from and after July 2, 2024, pursuant to the School Transportation Annual Service Agreement effective July 2, 2024, between the Parent and Sisters Transportation, said payment to be made within thirty (30) days of the DOE's receipt of an affidavit from Sisters Transportation certifying to the number of school days and setting forth the amount due; and it is further,

Order on Pendency 8
Case No. 277096

---

**ORDERED**, that the DOE shall pay directly to the Nursing Service Provider the full cost of the 1:1 private duty nursing expenses incurred by the Parent from and after July 2, 2024, pursuant to the Nursing Service Agreement dated June 18, 2024, between the Parent and the Nursing Service Provider, said payment to be made within thirty (30) days of the DOE's receipt of an affidavit from the Nursing Service Provider certifying to the number of school days and setting forth the amount due.

Pendency shall be effective as of July 2, 2024, and shall remain in full force and effect until the earlier to occur of the Parent's withdrawal of the case, or a final decision on the merits.

Dated: August 28, 2024

*Richard A. Liese*

RICHARD A. LIESE
Impartial Hearing Officer

Order on Pendency 9
Case No. 277096

# EXHIBITS

**DOE Exhibits**

None.

**Parent Exhibits**

A.   Due Process Complaint with Exhibits A – G, 07/02/24, 74 pp.

B.   Petitioner's Memorandum of Law in Support of Pendency, 07/29/24, 6 pp.

Order on Pendency 10
Case No. 277096

## **NOTICE OF RIGHT TO APPEAL**

      **Within 40 days of the date of this decision, the parent and/or the Public School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under Section 4404 of the Education Law and the Individuals with Disabilities Education Act.**

      **If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.**

      **An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for proceedings before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.**