# EXHIBIT C

## **PENDENCY ORDER**

| | |
|---|---|
| Case Number: | 277178 |
| Student's Name: | M█ C█ ("Student") |
| School District: | N.Y.C. Dept. of Ed., District # 02 |
| Impartial Hearing Officer: | Leslie Engelsohn |
| Date of Filing: | July 2, 2024 |
| Hearing Requested by: | Linda Larach Cohen ("Parent") |
| Date of Pendency Hearing: | September 4, 2024 |
| Record Close Date: | Not Applicable |
| Date of Decision: | September 15, 2024 |

## BACKGROUND

On July 2, 2024, the Parent filed a Due Process Complaint ("DPC") under the Individuals with Disabilities Education Act ("IDEA"). On July 9, 2024, I was appointed to serve as the Impartial Hearing Officer ("IHO") for this case. The Parent asserted that the DOE failed to provide the Student a Free Appropriate Public Education ("FAPE") for the 2024-2025 extended school year by failing to recommend an appropriate program and placement for the Student. As relief, Parent seeks funding for the Student's placement at International Academy for the Brain ("iBrain") for the extended school year, related services, funding for special transportation services to be paid directly to the private transportation provider and an interim order on pendency. The Parent Representative asserts that pendency lies in SRO # 23-262 which remanded the case back to the IHO on the issue of transportation. The District Representative asserts that pendency lies, for tuition only, in FOFD #250887 which is currently being appealed to the SRO and is still pending.

A pendency hearing was held on September 4, 2024 during which no witnesses testified. The Parent sought to introduce one exhibit containing six sub-exhibits in support of their case. All the Parent's proposed exhibits were admitted into the record. The District's exhibits were not entered into the record for the pendency hearing due to the untimeliness of their disclosure.

## LEGAL FRAMEWORK AND ANALYSIS

The IDEA and New York State Education Law require that a student remain in his or her then-current educational placement, unless the student's parents and the board of education otherwise agree, during the pendency of any proceedings relating to the identification, evaluation, or placement of the student. 20 U.S.C. § 1415(j); N.Y. Educ. Law §§ 4404(4); 34 C.F.R. § 300.518(a); 8 NYCRR § 200.5(m); *see also Arlington Cent. Sch. Dist. V. L.P.*, 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006). Pendency has the effect of an automatic injunction, and the party requesting it need not meet the requirements for injunctive relief such as irreparable harm, likelihood of success on the merits, and a balancing of the hardships. *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982).

Section 4404, in turn, establishes a student's right to pendency. N.Y. Educ. Law § 4404(4)(a) ("During the pendency of any proceedings conducted pursuant to this section . . . unless the local school district and the parents or persons in parental relationship otherwise agree, the student shall remain in the then current educational placement of such student."). Therefore, I find that the Student is entitled to pendency as a matter of law.

Having found that the Student is entitled to pendency, I must next determine the appropriate placement. Under the IDEA, this inquiry focuses on identifying the Student's "then-current educational placement." 20 U.S.C. § 1415(j). Although not defined in the IDEA, "then-current educational placement" typically means:

      (1) the placement described in the child's most recently implemented IEP;
      (2) the operative placement functioning at the time . . . when the stay put provision of the IDEA was invoked; or
      (3) the placement at the time of the previously implemented IEP.

*Mackey v. Bd. of Educ. for the Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163 (2d Cir. 2004) (internal quotation marks and citations omitted); *see also Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) (holding that a student's entitlement to stay-put arises when a due process complaint notice is filed); *T.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 171 (2d Cir. 2014) (holding that the pendency provision "requires a school district to continue funding whatever educational placement was last agreed upon for the child"). A prior unappealed IHO decision may also establish a student's current educational placement for purposes of pendency. *Abrams v. Carranza*, 2019 U.S. Dist. LEXIS 95403 at *8 (S.D.N.Y. June 6, 2019). Finally, "placement" refers not just to a student's classroom setting, but also to their related services. *Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 453 (2d Cir. 2015) ("[T]he IDEA defines 'free appropriate public education' to include 'special education *and related services*.'") (quoting 20 U.S.C. § 1401(9)) (emphasis in original); Letter to Baugh, 211 IDELR 481 (OSEP 1987) ("The term 'present educational placement' . . . would generally be taken to mean the current education *and related services* provided in accordance with the child's most recent individualized education program.") (emphasis added).

      Here, I find pendency lies in the last unappealed Findings of Fact and Decision for Case #228618 dated February 17, 2023 (IHO Exhibit I). Accordingly, I find the Student's pendency placement includes the following: direct funding of tuition at the International Academy for the Brain ("iBrain") for the extended school year, funding of related services, and direct funding of daily roundtrip special transportation services by a private provider for the extended school year.

## DECISION AND ORDER

**IT IS HEREBY ORDERED** that the DOE shall:

1. During the pendency of this matter and retroactive to the filing date of July 2, 2024, directly fund the Student's tuition at the International Academy for the Brain ("iBrain") for the extended 2024-2025 school year.

2. During the pendency of this matter and retroactive to the filing date of July 2, 2024, directly fund the Student's related services for the extended 2024-2025 school year.

3. During the pendency of this matter and retroactive to the filing date of July 2, 2024, fund the Student's daily round trip special transportation services by direct payment to Sisters Travel and Transportation Services LLC for the extended 2024-2025 school year.

**SO ORDERED**

DATED: September 15, 2024

_Leslie Engelsohn_
Leslie Engelsohn
Impartial Hearing Officer

## NOTICE OF RIGHT TO APPEAL

Within 40 days of the date of this decision, the parent and/or the Public School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.

## DISTRICT EVIDENCE

None

## PARENT EVIDENCE

| Parent Exhibit | Date | Description | Number of Pages |
|---|---|---|---|
| A | 07/02/2024 | Due Process Complaint IH # 277178 | 40 |
| | 06/17/2024 | Exhibit A-A<br>Ten Day Notice | (Pages 9-10 in DPC) |
| | 07/02/2024 | Exhibit A-B<br>Pendency Implementation Form | (Page 11 in DPC) |
| | 01/12/2024 | Exhibit A-C<br>SRO 23-262 | (Pages 12-24 in DPC) |
| | Undated | Exhibit A-D<br>Order Of Pendency | (Pages 25-26 in DPC) |

| | 06/25/2024 | Exhibit A-E<br>iBRAIN Enrollment Contract | (Pages 27-33 in DPC) |
|---|---|---|---|
| | 06/25/2024 | Exhibit A-F<br>School Transportation Agreement | (Pages 34-40 in DPC) |

## IHO EVIDENCE

| Exhibit | Document | Date | Number of Pages |
|---|---|---|---|
| I | FOFD Case #228618 | 2/17/2023 | 26 |

**APPENDIX**

| Redacted Information | Term Used In Pendency Order |
|---|---|
| M█ C█ | Student |
| Linda Larach Cohen | Parent |
| Richa Ragute | Parent Representative |
| Augustus Balasubramaniam | District Representative |