# EXHIBIT D

## FINDINGS OF FACT AND DECISION

| | |
|---|---|
| Case Number: | 277178 |
| Student's Name: | M___ C___ ("Student") |
| School District: | NYC Dept of Ed, District # 2 |
| Hearing Requested by: | Linda Larach-Cohen ("Parent") |
| Request Date/Date Complaint Filed: | July 2, 2024 |
| Date(s) of Hearing: | September 4, 2024 |
| Actual Record Closed Date: | October 11, 2024 |
| Date of Decision: | October 11, 2024 |
| Impartial Hearing Officer: | Leslie Engelsohn, Esq. |

**NAMES AND TITLES OF PERSONS WHO APPEARED ON SEPTEMBER 4, 2024**

For the Student:

Richa Ragute ("Parent's Attorney")
Linda Larach-Cohen ("Parent")
Caleb Asomugha ("Deputy Director of Special Education at Private School")


For the Department of Education:
Augustus Balasubramaniam ("DOE Attorney")
Dorothy Pfeiffer, School Psychologist

# **INTRODUCTION**

This is a decision rendered after a hearing under the Individuals with Disabilities Education Act ("IDEA"). This case concerns the Student who is classified as a student with a Traumatic Brain Injury.[1] On July 2, 2024, the Parents, through counsel, filed a Due Process Complaint ("DPC") against the New York City Department of Education ("DOE" or "District").[2] In the DPC, the Parent alleges that the DOE failed to offer the Student a Free Appropriate Public Education ("FAPE") for the 2024-25 school year.[3] The Parent has unilaterally placed the Student in a Private School for the twelve month extended 2024-25 school year.[4]

In the DPC, the Parent states the Committee on Special Education ("CSE") convened on February 6, 2024 to develop an Individualized Education Program ("IEP") for the Student for the 2024-25 school year.[5] The CSE recommended a twelve month special education program for the Student with placement in a 12:1+(3:1) class in a District 75 School with Adaptive Physical Education three times per week and related services of Occupational Therapy (5x60 1:1), Parent Counseling and Training (60 minutes monthly in a Group), Physical Therapy (5x60 1:1), School Nurse Services (1:1 as needed), Speech Language Therapy (5x60 1:1), Vision Education Services (5x60 1:1), a 1:1 full time health paraprofessional, a Dynamic Display Speech Generating Device, Switches, AT service (1x60 minutes weekly) and special transportation including a 1:1 paraprofessional, lift bus to accommodate the Student's wheelchair, limited travel time, and climate control.[6] The Parent disagreed with the program and placement and alleges that both the program and placement offered by the DOE were inappropriate for the Student.[7] The Parent contends that the Private School is an appropriate placement for the Student.[8]

By way of relief, the Parent requests pendency for the duration of the proceeding.[9] The Parent further seeks an award of direct tuition funding for the Student's attendance at the Private School for the 12 month 2024-25 school year and funding for the Student's special education transportation services.[10] The Parent alleges that the equities support her claim for direct tuition funding for the school year at issue since the Parent asserts she has fully cooperated with the

---

[1] Exhibit ("Ex.") A
[2] *Id*.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] Ex. 4
[7] Ex. A
[8] *Id.*
[9] A pendency order was signed by the IHO on 9/15/24.
[10] Ex. A

Page **3** of **12**

CSE and properly served a Ten-Day Notice.[11] The Parent is also requesting an independent neuropsychological evaluation for the Student.[12]

As discussed below, I find that the DOE provided the Student with a FAPE for the 2024-25 school year, and the Parent is not entitled to an independent neuropsychological evaluation. Therefore, the Parent's requested relief is denied.

## PROCEDURAL HISTORY

On July 9, 2024, I was appointed as the Impartial Hearing Officer ("IHO"). On August 5, 2024, the parties appeared for a pre-hearing conference ("PHC"). On September 4, 2024, both parties appeared for the Due Process Hearing. The DOE attorney sought to admit twelve exhibits into the record.[13] All of the District's exhibits were admitted into the record. The Parent sought to admit Exhibits A-L into the record. All the Parent's exhibits were admitted into the record. The District submitted the affidavit testimony of the School Psychologist who works with the Committee on Special Education ("CSE"). Parent submitted affidavits containing the testimony of two witnesses: the Deputy Director of Special Education at the Private School and the Parent. The Parent cross examined the District's witness. The DOE cross-examined both of the Parent's witnesses. Both parties delivered opening and closing statements.

## FINDINGS OF FACT

After a full review of the record generated at the hearing, I make the following findings of fact and determinations. The Student is currently twenty years old and classified as a student with a Traumatic Brain Injury.[14] The Parent testified that the Student's brain injury affects his educational abilities.[15] The Student has a history of Bilateral Sturge Weber Syndrome and an acquired brain injury from seizures the Student had since he was a baby.[16] The Student has diagnoses of Cortical Vision Impairment and Glaucoma, and is considered legally blind.[17] The Student also has muscle weakness, primarily on the left side.[18] The Student is non-verbal and non-ambulatory.[19] The Parent testified that the Student uses assistive technology, signs, facial expressions, and vocalizations to communicate.[20] The Parent testified that despite the Student's conditions, the Student has the ability to learn and to make progress.[21]

---

[11] *Id.*
[12] *Id.*
[13] A detailed list of the admitted exhibits is attached to this decision.
[14] Ex. 4
[15] Ex. L
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

On February 6, 2024, the DOE convened a meeting of the CSE to develop an IEP for the Student for the 2024-25 school year.[22] The IEP recommended a placement in a 12:1+(3:1) class in a District 75 School with Adaptive Physical Education three times per week and related services of Occupational Therapy (5x60 1:1), Parent Counseling and Training (60 minutes monthly in a Group), Physical Therapy (5x60 1:1), School Nurse Services (1:1 as needed), Speech Language Therapy (5x60 1:1), Vision Education Services (5x60 1:1), a 1:1 full time health paraprofessional, a Dynamic Display Speech Generating Device, Switches, AT service (1x60 minutes weekly) and special transportation including a 1:1 paraprofessional, lift bus to accommodate the Student's wheelchair, limited travel time, and climate control.[23]

On June 17, 2024, the Parent sent the DOE a Notice of Intent ("Ten-Day Notice"), expressing the Parent's concerns with the Student's program and placement.[24] The Ten-Day Notice informed the DOE about the Parent's intention to enroll the Student at the Private School and seek tuition funding for the 2024-25 school year if the DOE failed to address the Parent's concerns and offer the Student a FAPE.[25] A Prior Written Notice dated 6/11/2024 and a School Placement letter dated February 16, 2024 were sent to the Parent with information concerning the Public School Program and Placement.[26] On June 25, 2024, the Parent signed a contract enrolling the Student at the Private School.[27]

## CONCLUSIONS OF LAW AND ANALYSIS

In this case, the Parent requests that the DOE fund the cost of the Student's tuition to the Private School for the 2024-25 school year. When a parent believes that a school district has failed to provide a student with a FAPE, a parent may unilaterally enroll the child in a private school and seek tuition payment from the school district by filing a due process complaint.[28] The due process complaint may address "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education."[29]

A district must pay for the cost of a student's tuition at a private school if the three prongs of the *Burlington/Carter* test are met: (1) the DOE denied the student a FAPE; (2) the private placement is appropriate; and (3) the equities favor an order of tuition.[30] In due process hearings under the IDEA in New York, school districts have the burden of proof, including the burden of production and burden of persuasion. However, there is an exception in that a parent or person in

---

[22] Ex. 4
[23] *Id.*
[24] Ex. A-A
[25] *Id.*
[26] Ex. 2, Ex. 3
[27] Ex. A-E
[28] *Hardison v. Bd. of Educ. of the Oneonta City Sch. Dist.*, 773 F.3d 372, 376 (2d Cir. 2014) (quoting *Reyes ex rel. R.P. v. New York City Dep't of Educ.*, 760 F.3d 211, 215 (2d Cir. 2014)).
[29] 20 U.S.C. § 1415(b)(6)(A).
[30] See *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 367 (1985); *Florence County Sch. Dist. Four v. Carter*, 510 U.S. 7, 12-15 (1993).

parental relationship seeking tuition reimbursement for a unilateral parental placement has the burden of persuasion and burden of production on the appropriateness of such placement.[31]

*Prong I*

The IDEA states that children with disabilities are entitled to a FAPE.[32] A FAPE consists of specialized education and related services designed to meet a student's unique needs, provided in conformity with a comprehensive written IEP.[33] A school district has offered a student a FAPE when (a) the board of education complies with the procedural requirements set forth in the IDEA, and (b) the IEP is developed through the IDEA's procedures and is reasonably calculated to enable the student to receive educational benefits.[34] In order to meet its substantive FAPE obligations, a district must offer a student an IEP that is "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances."[35]

As to Prong I of the *Burlington/Carter* standard, I find the DOE met its burden at the hearing and provided FAPE to the Student for the 2024-25 school year. Firstly, I find the School Psychologist detailed the Student's unique needs and thoroughly explained how the Student's program and the placement offered by the District were able to meet the Student's needs.[36] Although the Parent asserted that the Student required music therapy as part of the Student's program, the School Psychologist testified that the Student does not require music therapy to make educational progress.[37] The School Psychologist testified that the Student's deficits that are addressed with music therapy can also be addressed with other related services.[38] I find that the Student's IEP which enumerates the Student's present levels of performance provides a clear understanding of the Student's functional levels.[39] I find the Student's IEP goals and management needs were written with specificity to enable the Student to make progress given the Student's needs.[40] The School Psychologist also testified regarding the other options which the CSE team considered for the Student and why those options were rejected by the CSE team.[41] Lastly, the Parent was provided with a school location letter on February 16, 2024 detailing the District's proposed placement for the Student.[42]

After considering all of the witness testimony and the documentary evidence in the hearing record, I find the District was able to "offer a cogent and responsive explanation for their decisions" in creating the IEP, and it is "through the IEP that "[t]he 'free appropriate public

---

[31] NY Educ. Law § 4404(1)(c)).
[32] 20 U.S.C. § 1400 (d)(1)(A).
[33] 34 C.F.R. § 300.13.
[34] *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206-07 (1982).
[35] *Endrew F. v. Douglas County Sch. Dist. RE-1*, 137 S.Ct. 988, 999 (2017).
[36] Ex. 12
[37] *Id*.
[38] *Id*.
[39] Ex. 4
[40] *Id*.
[41] Ex. 12
[42] Ex. 3

Page **6** of **12**

education' required by the Act is tailored to the unique needs of" a particular child."[43] I find the District has satisfied their burden under Prong 1 of the *Burlington/Carter* test. Therefore, I do not need to proceed with further analysis under Prong 2 and Prong 3.

Independent Neuropsychological Evaluation:

In the DPC, the Parent requests an independent neuropsychological evaluation of the Student.[44] The District opposed the Parent's request for the independent neuropsychological evaluation, and asserted that there is nothing in the record to show that the Parent requested the CSE to conduct any specific evaluations.[45] The District further argued the DPC is silent on the specifics of any disagreement with the evaluations that the CSE conducted.[46]

An Independent Educational Evaluation (IEE) is "an individual evaluation of a student with a disability or a student thought to have a disability, conducted by a qualified examiner who is not employed by the public agency responsible for the education of the student." 8 NYCRR § 200.1(z). The IDEA and State and federal regulations allow a parent to request an IEE at public expense if the parent disagrees with a school district's evaluation. 20 U.S.C. § 1415 (b)(1); 34 C.F.R. § 300.502(b); 8 NYCRR § 200.5(g)(1); D.S. by M.S. and R.S. v. Trumbull Bd. of Educ., 975 F.3d 152, 158 (2d Cir. 2020) ("[a] parent is entitled to a publicly funded IEE if the parent disagrees with an evaluation obtained by the public agency") (internal quotation marks and citations omitted). In Shaffer v. Weast, the Supreme Court explained the role an IEE plays in parental participation and the IDEA's regulatory scheme as follows: "[an IEE] ensures parents access to an expert who can evaluate all the materials that the school must make available, and who can give an independent opinion. They are not left challenge the government without a realistic opportunity to access the necessary evidence, or without an expert with the firepower to match the opposition." 546 U.S. 49, 60-61 (2005).

When a parent disagrees with a school district's evaluation and requests an IEE at public expense, the school district "*must, without unnecessary delay*," either (1) ensure that an IEE is provided at public expense; or (2) initiate an impartial hearing to establish that its evaluation is appropriate or that the evaluation obtained by the parent does not meet the school district criteria. 34 C.F.R. § 300.502(b)(2)(i)-(ii); 8 NYCRR § 200.5(g)(1)(iv) (emphasis added).

In the instant matter, I find there is no testimony in the hearing record regarding the Parent's disagreement with the District's evaluation of the Student. The Parent's testimonial affidavit does not express any disagreement with the District's evaluation of the Student and does not include a request for a neuropsychological evaluation.[47] Given the lack of evidence in

---

[43] *Endrew F.,* 137 S.Ct. at 1002.
[44] Ex. A
[45] DPH Tr. 118
[46] DPH Tr. 119
[47] Ex. L

the hearing record to support this request, I find the Parent is not entitled to an independent neuropsychological evaluation.

## ORDER

For the foregoing reasons, the Parent's requested relief is denied and the due process complaint for the 2024-25 school year is dismissed with prejudice.

**SO ORDERED.**
DATED: October 11, 2024

_____
Leslie Engelsohn, Esq.
Impartial Hearing Officer

## NOTICE OF RIGHT TO APPEAL

Within 40 days of the date of this decision, the parent and/or the Public School District has a right to appeal the decision to a State Review Officer (SRO) of the New York State Education Department under section 4404 of the Education Law and the Individuals with Disabilities Education Act.

If either party plans to appeal the decision, a notice of intention to seek review shall be personally served upon the opposing party no later than 25 days after the date of the decision sought to be reviewed.

An appealing party's request for review shall be personally served upon the opposing party within 40 days from the date of the decision sought to be reviewed. An appealing party shall file the notice of intention to seek review, notice of request for review, request for review, and proof of service with the Office of State Review of the State Education Department within two days after service of the request for review is complete. The rules of procedure for appeals before an SRO are found in Part 279 of the Regulations of the Commissioner of Education. A copy of the rules in Part 279 and model forms are available at http://www.sro.nysed.gov.

# APPENDIX A- DOCUMENTATION ENTERED INTO EVIDENCE

## DOE EXHIBITS

| Number | Document | Date | Number of Pages |
|---|---|---|---|
| 1 | Due Process Complaint | 07/02/2024 | 41 |
| 2 | Prior Written Notice | 06/11/2024 | 7 |
| 3 | School Placement Letter | 02/16/2024 | 2 |
| 4 | Individualized Education Program | 02/06/2024 | 65 |
| 5 | Attendance Page | 02/16/2024 | 1 |
| 6 | Private School IEP | 02/02/2024 | 88 |
| 7 | Vocational Assessment Student | 01/16/2024 | 3 |
| 8 | Level 1 Vocational Assessment Interview – Parent | 01/16/2024 | 2 |
| 9 | Quarterly Progress Report 1. | 01/05/2024 | 30 |
| 10 | Quarterly Progress Report 2 | 10/06/2023 | 27 |
| 11 | School Location Letter | 06/11/2024 | 3 |
| 12 | Affidavit of School Psychologist | Undated | 6 |

## PARENT EXHIBITS

| Parent Exhibit | Date | Description | Number of Pages |
|---|---|---|---|
| A | 07/02/2024 | Due Process Complaint IH # 277178 | 40 |
| | 06/17/2024 | Exhibit A-A<br>Ten Day Notice | (Pages 9-10 in DPC) |
| | 07/02/2024 | Exhibit A-B<br>Pendency Implementation Form | (Page 11 in DPC) |
| | 01/12/2024 | Exhibit A-C<br>SRO 23-262 | (Pages 12-24 in DPC) |

Findings of Fact and Decision
Case No. 277178

|   | Undated | Exhibit A-D<br>Order Of Pendency | (Pages 25-26 in DPC) |
|---|---|---|---|
|   | 06/25/2024 | Exhibit A-E<br>Private School Enrollment Contract | (Pages 27-33 in DPC) |
|   | 06/25/2024 | Exhibit A-F<br>School Transportation Agreement | (Pages 34-40 in DPC) |
| B | 03/14/2023 | DOE IEP<br>2023-24 School Year | 82 |
| C | 02/06/2024 | DOE IEP<br>2024-25 School Year | 65 |
| D | 06/11/2024 | Prior Notice Package | 3 |
| E | 06/13/2024 | Private School Education Plan<br>2024-25 School Year | 83 |
| F | 10/06/2023 | School Quarterly Progress Report – Q1 | 26 |
| G | 01/05/2024 | School Quarterly Progress Report – Q2 | 29 |
| H | 04/12/2024 | School Quarterly Progress Report – Q3 | 26 |
| I | 07/05/2024 | School Quarterly Progress Report – Q4 | 22 |
| J | 05/08/2024 | Medication Administration Form<br>2024-25 School Year | 24 |
| K | 08/27/2024 | Affidavit of Deputy Director of Special Education at Private School | 6 |
| L | 08/27/2024 | Affidavit of Parent | 3 |

## IHO EXHIBITS

None

## APPENDIX B: REDACTION IDENITIFICATION PAGE

| Redacted Information | Term Used In FOFD |
|---|---|
| M█████ C█████ | Student |
| Linda Larach-Cohen | Parent |
| Richa Ragute | Attorney for Parent |
| Augustus Balasubramaniam | Attorney for District |
| iBrain | Private School |
| The Horan School | Public School Placement |
| Caleb Asomugha | Deputy Director of Special Education at Private School |
| Dorothy Pfeiffer | School Psychologist |
| District 02 | District # |