UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARTINE THOMAS and SCOTT THOMAS,

as Parents and Natural Guardians of A.T.1, and

MARTINE THOMAS and SCOTT THOMAS,

Individually *et al*.,

|  | **ANSWER TO SECOND AMENDED COMPLAINT** |
|--|--|
|  | 24-cv-5138-JLR |

                                      Plaintiffs,

                   -against-

DAVID C. BANKS, in his official capacity as Chancellor of
the New York City Department of Education and the NEW
YORK CITY DEPARTMENT OF EDUCATION,

                             Defendants.

------------------------------------------------------------------------ x

        Defendants David C. Banks, in his official capacity as Chancellor of the New York City Department of Education, and New York City Department of Education (collectively, "Defendants") by their attorney, Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their Answer to the Second Amended Complaint ("Complaint"), respectfully allege as follows:

        1.     Paragraph "1" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "1" and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

        2.     Paragraph "2" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in

paragraph "2" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

3.      Paragraph "3" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "3" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1412-14 for a complete and accurate statement of the obligations of school districts in participating states.

4.      Paragraph "4" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1401(14) and 1414(d) regarding Individualized Education Programs ("IEPs").

5.      Paragraph "5" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1414(d)(1)(A)(i)(I)-(IV), (d)(3)(A)(i)-(iv) for a complete and accurate statement of their contents.

6.      Paragraph "6" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "6" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1401(14) and 1414(d) regarding IEPs.

7.      Paragraph "7" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "7" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1401(14) and 1414(d) regarding IEPs.

8.     Paragraph "8" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "8" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1401(14) and 1414(d) regarding IEPs.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the the allegations set forth in paragraph "9" of the Complaint.

10.     Deny the allegations set forth in paragraph "10" of the Complaint but admit that each Parent-Plaintiff brought a Due Process Complaint ("DPC") against the New York City Department of Education and respectfully refer the Court to each Student's DPC for a complete and accurate statement of the allegations contained therein.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that each Parent-Plaintiff sought to invoke pendency and respectfully refer the Court to each Student's DPC for a complete and accurate statement of the requests contained therein.

12.     Paragraph "12" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "12" of the Complaint and respectfully refer the Court to the statutes and regulation cited therein for a complete and accurate statement of their provisions.

13.     Paragraph "13" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "13" of the Complaint.

14.     Paragraph "14" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "14" of the Complaint.

15. Paragraph "15" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "15" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1415(j) and 1415(k)(4) for a complete and accurate statement of their provisions regarding maintenance of a student's education placement.

16. Paragraph "16" of the Complaint does not set forth an allegation and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint but admit that each Student-Plaintiff has prior final administrative orders and respectfully refer the Court to the prior final administrative orders for a complete and accurate statement of their contents.

19. Paragraph "19" of the Complaint does not set forth an allegation and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "19" of the Complaint except admit that Plaintiffs purport to proceed as set forth therein.

20. Paragraph "20" of the Complaint does not set forth an allegation and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "20" of the Complaint except admit that Plaintiffs purport to proceed as set forth therein.

21.     Paragraph "21" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations in Paragraph "23" of the Complaint and respectfully refer the Court to each student's prior administrative orders for a complete and accurate statement of their contents.

24.     Paragraph "24" of the Complaint does not set forth an allegation and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "24" of the Complaint except admit that Plaintiffs purport to proceed as set forth therein.

25.     Paragraph "25" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "25" of the Complaint and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

26.     Paragraph "26" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "26" of the Complaint, except admit that Plaintiffs intend to invoke the Court's jurisdiction as stated therein and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

27.     Paragraph "27" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "27" of the Complaint, except admit that Plaintiffs intend to invoke the Court's

jurisdiction as stated therein and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

28.  Paragraph "28" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "28" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions, except admit that Plaintiffs intend to invoke the Court's jurisdiction as stated therein and aver that the Court lacks supplemental and subject matter jurisdiction over Plaintiffs' New York State Education Law ("NYSEL") claims because (1) NYSEL explicitly states that "nothing in this section shall be construed as creating a private right of action against the department or an educational agency." *Magnoni v. Plainedge Union Free Sch. Dist.*, No. 17-CV-4043 (DRH) (AKT), 2018 U.S. Dist. LEXIS 142897, at *7 (E.D.N.Y. Aug. 22, 2018) (quoting N.Y.E.L. § 2-d (7)(c)); and (2) the Complaint does not allege that Plaintiff has filed and served a notice of claim because NYEL requires service of a notice of claim as a mandatory condition precedent to bringing a state law claim against DOE. *See* N.Y. Educ. Law § 3813; N.Y. Gen. Mun. Law § 50-e; *L.V.*, 2020 U.S. Dist. LEXIS 128723 ("The case law on point, in fact, makes clear that failure to properly service the notice of claim is a "fatal defect" to claims pursuant to NYEL Sections 3202, 3203, 4401, 4404, and 4410); N.Y. Educ. Law § 3813(2) (incorporating Gen. Mun. Law § 50-i, which requires a plaintiff to plead in the complaint that a notice of claim was filed, and a certain amount of time (generally 30 days) has elapsed since the filing and the defendant has neglected or refused to satisfy the claim).

29.  Paragraph "29" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations in paragraph "29"

of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

30.    Deny the allegations set forth in paragraph "30" of the Complaint, except admit that Plaintiffs seek to lay venue in this judicial district as stated therein and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

31.    Deny the allegations set forth in paragraph "31" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

32.    Admit, upon information and belief, the allegation set forth in paragraph "32" of the Complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34.    Deny the allegation in Paragraph "34" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein.

35.    Deny the allegations set forth in paragraph "35" of the Complaint and respectfully refer the Court to Article 52-A of the New York State Education Law for information regarding the powers and duties of the DOE and to the statutes and regulations cited therein for complete and accurate statements of their provisions.

36.    Deny the allegations set forth in paragraph "36" of the Complaint, except admit that the DOE is a local education agency as that term is defined in the Individuals with Disabilities Education Act ("IDEA"), and respectfully refer the Court to Article 89 of the New York State Education Law regarding the DOE's responsibilities concerning students with disabilities, and the statutes and regulations cited therein for complete and accurate statements of their provisions.

37.    Deny the allegations set forth in paragraph "37" of the Complaint, except admit that Defendants receive federal funds and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

38.    Deny the allegations set forth in paragraph "38" of the Complaint, except admits that the DOE maintains a business office at 52 Chambers Street, New York, NY.

39.    Deny the allegations set forth in paragraph "39" of the Complaint, except admits that the DOE maintains a business office at 65 Court Street, Brooklyn, NY.

40.    Admit, upon information and belief, the allegation set forth in paragraph "40" of the Complaint.

41.    Deny the allegations set forth in paragraph "41" of the Complaint, except admit that Student A.T. has been classified as a student with a disability.

42.    Deny the allegations set forth in paragraph "42" of the Complaint and aver that Student A.T. is an adult who has been classified as a student with a disability.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Complaint, except admit that A.T. has been classified as a student with a disability and respectfully refer the Court to 20 U.S.C. §§ 1401(9) and 1401(26)(A) regarding FAPE and "related services."

45.    Deny the allegations set forth in paragraph "45" of the Complaint except admit that Student A.T. has been classified as a student with a disability and respectfully refer the Court to 20 U.S.C. § 1400 et seq and Article 52-A of the New York State Education Law for information regarding the duties of DOE to provide a FAPE, and to Article 89 of the New York State Education Law for information regarding DOE's responsibilities concerning students with disabilities

46.     Deny the allegations set forth in paragraph "46" of the Complaint except admit that Student A.T. has been classified as a student with a disability and respectfully refer the Court to 20 U.S.C. §§ 1401(14) and 1414(d) regarding IEPs.

47.     Deny the allegations set forth in paragraph "47" of the Complaint but admit that Plaintiffs brought a DPC against the New York City Department of Education and respectfully refer the Court to the Student's DPC for a complete and accurate statement of the allegations contained therein.

48.     Deny the allegations set forth in paragraph "48" of the Complaint, except admit that a Findings of Fact and Decision ("FOFD") was issued in IHO Case No. 242728 on August 2, 2023, and respectfully refer the Court to that FOFD for a complete and accurate statement of its contents.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, except admit that the IHO issued an order in FOFD 242728 issued on August 2, 2023, and respectfully refer the Court to that FOFD for a complete and accurate statement of its contents.

50.     Admit the allegations set forth in paragraph "50" of the Complaint.

51.     Deny the allegations set forth in paragraph "51" of the Complaint."

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

53.     Deny the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegation set forth in paragraph "54" of the Complaint.

55.     Deny the allegations set forth in paragraph "55" of the Complaint.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, except admit that Plaintiffs have proceeded as purported therein.

57. Deny the allegations set forth in paragraph "57" of the Complaint but admit that Plaintiffs brought a DPC against the New York City Department of Education and respectfully refer the Court to the Student's DPC for a complete and accurate statement of the allegations contained therein.

58. Admit the allegations set forth in paragraph "58" of the Complaint.

59. Admit the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint, except admit that SRO Decision 24-175 was issued on July 5, 2024, and respectfully refer the Court to that decision for a complete and accurate statement of its findings.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that Plaintiffs have proceeded as purported therein.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except admit that on or about June 14, 2024, Plaintiffs sent DOE a Ten-Day Notice and respectfully refer the Court to the June 14, 2024, Ten-Day Notice attached to the Compliant as Exhibit 45-1 for a complete and accurate statement of its contents.

63. Deny the allegations set forth in paragraph "63" of the Complaint, except admit that on or about July 2, 2024, Plaintiffs filed a DPC against DOE and respectfully refer the Court to the July 2, 2024 DPC for a complete and accurate statement of its contents.

64. Admit the allegation set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint and respectfully refer the Court to the July 2, 2024 DPC referenced therein for a complete and accurate statement of its contents.

66.     Paragraph "66" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint and respectfully refer the Court to the administrative order referenced therein for a complete and accurate statement of its contents.

69.      Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint.

75.     Deny the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Admit, upon information and belief, the allegations set forth in paragraph "77" of the Complaint.

78.     Admit, upon information and belief, the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

82.     Deny the allegations set forth in paragraph "82" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

83.     Deny the allegations set forth in paragraph "83" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of an IEP.

84.     Deny the allegations set forth in paragraph "84" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC for a complete and accurate statement of its contents.

85.     Deny the allegations set forth in paragraph "85" of the Complaint, except admit that on or about October 6, 2023, Impartial Hearing Officer Michelle Host issued an FOFD in IH Case No. 246205 and respectfully refer the Court to the October 6, 2023 FOFD for a complete and accurate statement of its contents.

86.     Deny the allegations set forth in paragraph "86" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of the order contained therein.

87.     Admit the allegation set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint and respectfully refer the Court to the administrative cited therein for a complete and accurate statement of its provisions.

89.     Deny the allegations set forth in paragraph "89" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC referenced therein for a complete and accurate statement of its contents.

90.     Admit the allegation set forth in paragraph "90" of the Complaint.

91.     Admit the allegation set forth in paragraph "91" of the Complaint.

92.     Paragraph "92" of the Complaint consists entirely of a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "92" of the Complaint.

93.     Deny the allegations set forth in paragraph "93" of the Complaint except admit that Plaintiffs have proceeded as purported therein.

94.     Deny the allegations set forth in paragraph "94" of the Complaint, except admit that on or about June 14, 2024, Plaintiffs sent DOE a Ten-Day Notice and respectfully refer the Court to the June 14, 2024 Ten-Day Notice referenced therein for a complete and accurate statement of its contents.

95.     Deny the allegations set forth in paragraph "95" of the Complaint, except admit that on or about July 2, 2024, Plaintiffs filed a DPC against DOE and respectfully refer the Court to the July 2, 2024 DPC for a complete and accurate statement of its contents.

96.     Admit the allegation set forth in paragraph "96" of the Complaint.

97.     Deny the allegations set forth in paragraph "97" of the Complaint and respectfully refer the Court to the July 2, 2024 DPC referenced therein for a complete and accurate statement of its contents.

98.     Paragraph "98" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "98" of the Complaint.

99.     Paragraph "99" of the Complaint consists entirely of a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "99" of the Complaint.

100.    Paragraph "100" of the Complaint consists entirely of a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "100" of the Complaint.

101.    Admit the allegations set forth in paragraph "101" of the Complaint.

102.    Admit the allegations set forth in paragraph "102" of the Complaint.

103.    Paragraph "103" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "103" of the Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Complaint and respectfully refer the Court to the FOFD referenced therein for a complete and accurate statement of its order.

105.    Deny the allegations set forth in paragraph "105" of the Complaint and respectfully refer the Court to the FOFD referenced therein for a complete and accurate statement of its order.

106.    Deny the allegations set forth in paragraph "106" of the Complaint and respectfully refer the Court to the FOFD referenced therein for a complete and accurate statement of its order.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations set forth in paragraph "110" of the Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    Admit, upon information and belief, the allegations set forth in paragraph "117" of the Amended Complaint.

118.    Admit, upon information and belief, the allegations set forth in paragraph "118" of the Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Complaint, except admit that L.C. has been classified as a student with a disability and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.    Deny the allegations set forth in paragraph "121" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

122.    Deny the allegations set forth in paragraph "122" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

123.    Deny the allegations set forth in paragraph "123" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of an IEP.

124.    Deny the allegations set forth in paragraph "124" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC for a complete and accurate statement of its contents.

125.    Deny the allegations set forth in paragraph "125" of the Complaint, except admit that on or about July 3, 2023, IHO Peter Hoffman issued an FOFD in IHO Case No. 244571

and respectfully refer the Court to the July 3, 2023 FOFD for a complete and accurate statement of its contents.

126.    Paragraph "126" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of the order contained therein.

128.    Admit the allegation set forth in paragraph "128" of the Complaint.

129.    Paragraph "129" of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "129" of the Complaint.

130.    Deny the allegations in paragraph "130" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its provisions.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny the allegations in paragraph "133" of the Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC for a complete and accurate statement of its contents.

135.    Admit the allegations set forth in paragraph "135" of the Complaint.

136.    Admit the allegations set forth in paragraph "136" of the Complaint.

137.    Admit the allegations set forth in paragraph "137" of the Complaint.

138.    Paragraph "138" of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "138" of the Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Complaint.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Complaint, except admit that on or about June 14, 2024, Plaintiffs sent DOE a Ten-Day Notice and respectfully refer the Court to the June 14, 2024 Ten-Day Notice referenced therein for a complete and accurate statement of its contents.

144.    Deny the allegations set forth in paragraph "144" of the Complaint, except admit that on or about July 2, 2024, Plaintiffs filed a DPC against DOE and respectfully refer the Court to the July 2, 2024, DPC for a complete and accurate statement of its contents.

145.    Admit the allegations set forth in paragraph "145" of the Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Complaint and respectfully refer the Court to the July 2, 2024 DPC referenced therein for a complete and accurate statement of its contents.

147.    Paragraph "147" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "147" of the Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Complaint and respectfully refer the Court to the unappealed FOFD in IHO Case No. 277155 issued on October 9, 2024 at Dkt. 56-2 for a complete and accurate statement of its contents.

149.    Deny the allegations set forth in paragraph "149" of the Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Complaint.

151.    Deny the allegation set forth in paragraph "151" of the Complaint.

152.    Deny the allegations set forth in paragraph "152" of the Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Complaint.

154.    Deny the allegations set forth in paragraph "154" of the Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Complaint.

157.    Deny the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint.

159.    Admit, upon information and belief, the allegations set forth in paragraph "159" of the Amended Complaint.

160.    Deny the allegations set forth in paragraph "160" of the Complaint, except admit that L.C. has been classified as a student with a disability and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint.

162.    Deny the allegations set forth in paragraph "162" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to

-19-

the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

163.   Deny the allegations set forth in paragraph "163" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

164.   Deny the allegations set forth in paragraph "164" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of an IEP.

165.   Deny the allegations set forth in paragraph "165" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC for a complete and accurate statement of its contents.

166.   Deny the allegations set forth in paragraph "166" of the Complaint, except admit that on or about February 17, 2023, IHO Robert Rodriguez issued an FOFD in IHO Case No. 228618 and respectfully refer the Court to the February 17, 2023 FOFD for a complete and accurate statement of its contents.

167.   Deny the allegations set forth in paragraph "167" of the Complaint and respectfully refer the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

168.   Admit the allegations set forth in paragraph "168" of the Complaint.

169.    Deny the allegations set forth in paragraph "169" of the Complaint and respectfully refer the Court to the FOFD issued in Case No. 277178 available at Dkt. 56-4 for a complete and accurate statement of its contents.

170.    Deny the allegations in paragraph "170" of the Complaint.

171.    Deny the allegations in paragraph "171" of the Complaint.

172.    Deny the allegations in paragraph "172" of the Complaint.

173.    Deny the allegations in paragraph "173" of the Complaint.

174.    Deny the allegations in paragraph "174" of the Complaint except admit that Plaintiffs have proceeded as purported therein.

175.    Deny the allegations set forth in paragraph "175" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC for a complete and accurate statement of its contents.

176.    Admit the allegation set forth in paragraph "176" of the Complaint.

177.    Admit the allegations set forth in paragraph "177" of the Complaint.

178.    Admit the allegations set forth in paragraph "178" of the Complaint.

179.    Paragraph "179" of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "179" of the Complaint.

180.    Deny the allegations in paragraph "180" of the Complaint.

181.    Deny the allegations set forth in paragraph "181" of the Complaint.

182.    Deny the allegations set forth in paragraph "182" of the Complaint.

183.    Deny the allegations set forth in paragraph "183" of the Complaint.

184.    Deny the allegations set forth in paragraph "184" of the Complaint, except admit that on or about June 17, 2024, Plaintiffs sent DOE a Ten-Day Notice and respectfully refer the Court to the June 17, 2024 Ten-Day Notice referenced therein for a complete and accurate statement of its contents.

185.    Deny the allegations set forth in paragraph "185" of the Complaint, except admit that on or about July 2, 2024, Plaintiffs filed a DPC against DOE and respectfully refer the Court to the July 2, 2024, DPC for a complete and accurate statement of its contents.

186.    Admit the allegations set forth in paragraph "186" of the Complaint.

187.    Deny the allegations set forth in paragraph "187" of the Complaint and respectfully refer the Court to the July 2, 2024 DPC referenced therein for a complete and accurate statement of its contents.

188.    Paragraph "188" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "188" of the Complaint.

189.    Admit the allegation set forth in paragraph "189" of the Complaint.

190.    Paragraph "190" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "190" of the Complaint.

191.    Deny the allegations in paragraph "191" of the Complaint and respectfully refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

192.    Deny the allegations in paragraph "192" of the Complaint and respectfully refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

193.     Deny the allegations in paragraph "193" of the Complaint and respectfully refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

194.     Deny the allegation set forth in paragraph "194" of the Complaint.

195.     Deny the allegations set forth in paragraph "195" of the Complaint and respectfully refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

196.     Admit the allegations in paragraph "196" of the Complaint.

197.     Deny the allegations in paragraph "197" of the Complaint.

198.     Deny the allegations set forth in paragraph "18" of the Complaint.

199.     Deny the allegations set forth in paragraph "199" of the Complaint.

200.     Deny the allegations set forth in paragraph "200" of the Complaint.

201.     Deny the allegations set forth in paragraph "201" of the Complaint.

202.     Deny the allegations set forth in paragraph "202" of the Complaint.

203.     Deny the allegations set forth in paragraph "203" of the Complaint.

204.     Admit, upon information and belief, the allegations set forth in paragraph "204" of the Amended Complaint.

205.     Admit, upon information and belief, the allegations set forth in paragraph "205" of the Amended Complaint.

206.     Deny the allegations set forth in paragraph "206" of the Complaint, except admit that M.B. has been classified as a student with a disability and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

207.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Complaint.

208.    Deny the allegations set forth in paragraph "208" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

209.    Deny the allegations set forth in paragraph "209" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

210.    Deny the allegations set forth in paragraph "210" of the Complaint, except admit that A.C. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of an IEP.

211.    Deny the allegations set forth in paragraph "211" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC for a complete and accurate statement of its contents.

212.    Deny the allegations set forth in paragraph "212" of the Complaint, except admit that on or about August 9, 2023, IHO Sebastian Weiss issued an FOFD in Case No. 228803 and respectfully refer the Court to the August 9, 2023 FOFD for a complete and accurate statement of its contents.

213.    Deny the allegations set forth in paragraph "213" of the Complaint and respectfully refer the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

214.    Admit the allegations set forth in paragraph "214" of the Complaint.

215.    Deny the allegations set forth in paragraph "215" of the Complaint and respectfully refer the Court to the FOFD issued in Case No. 277178 available at Dkt. 56-4 for a complete and accurate statement of the Student's operative unappealed administrative order.

216.    Deny the allegations set forth in paragraph "216" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC for a complete and accurate statement of its contents.

217.    Admit the allegations in paragraph "217" of the Complaint.

218.    Deny the allegations set forth in paragraph "218" of the Complaint.

219.    Deny the allegations set forth in paragraph "219" of the Complaint.

220.    Deny the allegations set forth in paragraph "220" of the Complaint.

221.    Deny the allegations set forth in paragraph "221" of the Complaint.

222.    Deny the allegations set forth in paragraph "222" of the Complaint.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint.

225.    Deny the allegations set forth in paragraph "225" of the Complaint, except admit that on or about June 17, 2024, Plaintiffs sent DOE a Ten-Day Notice and respectfully refer the Court to the June 17, 2024 Ten-Day Notice referenced therein for a complete and accurate statement of its contents.

226.    Deny the allegations set forth in paragraph "226" of the Complaint, except admit that on or about July 2, 2024, Plaintiffs filed a DPC against DOE and respectfully refer the Court to the July 2, 2024, DPC for a complete and accurate statement of its contents.

227.    Admit the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint and respectfully refer the Court to the DPC referenced therein for a complete and accurate statement of its contents.

229.    Paragraph "229" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "229" of the Complaint.

230.    Admit the allegation set forth in paragraph "230" of the Complaint.

231.    Paragraph "231" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "231" of the Complaint.

232.    Deny the allegations in paragraph "232" of the Complaint and respectfully refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

233.    Deny the allegations in paragraph "233" of the Complaint and respectfully refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

234.    Deny the allegations in paragraph "234" of the Complaint and respectfully refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

235.    Deny the allegations set forth in paragraph "235" of the Complaint and respectfully refer the Court to the unappealed FOFD in IHO Case No. 277132 issued on October 14, 2024, at Dkt. 56-6 for a complete and accurate statement of its contents.

236.    Deny the allegations set forth in paragraph "236" of the Complaint.

237.    Deny the allegations set forth in paragraph "237" of the Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Complaint.

240.     Deny the allegations set forth in paragraph "240" of the Complaint.

241.     Deny the allegations set forth in paragraph "241" of the Complaint.

242.     Deny the allegations set forth in paragraph "242" of the Complaint.

243.     Deny the allegations set forth in paragraph "243" of the Complaint.

244.     Deny the allegations set forth in paragraph "244" of the Complaint.

245.     Admit, upon information and belief, the allegations set forth in paragraph "245" of the Amended Complaint.

246.     Deny the allegations set forth in paragraph "246" of the Complaint, except admit that S.J.D. is a nineteen-year-old student who has been classified as a student with a disability and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

247.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "247" of the Complaint.

248.     Deny the allegations set forth in paragraph "248" of the Complaint, except admit that S.J.D. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

249.     Deny the allegations set forth in paragraph "249" of the Complaint, except admit that S.J.D. has been classified as a student with a disability and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

250.     Deny the allegations set forth in paragraph "250" of the Complaint, except admit that S.J.D. has been classified as a student with a disability and respectfully refer the Court

to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of an IEP.

251.   Deny the allegations set forth in paragraph "251" of the Complaint, except admit that Plaintiffs filed a DPC against DOE and respectfully refer the Court to the DPC for a complete and accurate statement of its contents.

252.   Deny the allegations set forth in paragraph "252" of the Complaint, except admit that on or about November 17, 2023, IHO Michael Das issued an FOFD in IHO Case No. 251257 and respectfully refer the Court to the November 17, 2023 FOFD for a complete and accurate statement of its contents.

253.   Deny the allegations set forth in paragraph "253" of the Complaint and respectfully refer the Court to the FOFD referenced therein for a complete and accurate statement of its contents.

254.   Admit the allegations set forth in paragraph "254" of the Complaint.

255.   Deny the allegations set forth in paragraph "255" of the Complaint."

256.   Deny the allegations set forth in paragraph "256" of the Complaint and respectfully refer the Court to Plaintiff's claims in *Grullon et al. v. Banks et al.*, 23-cv-10388 (KPF) for a complete and accurate statement of their content.

257.   Deny the allegations set forth in paragraph "257" of the Complaint and respectfully refer the Court to Plaintiff's claims in *Arje et al. v. Banks et al.*, 24-cv-03115 (DEH) for a complete and accurate statement of their content.

258.   Deny the allegations set forth in paragraph "258" of the Complaint, except admit that on or about June 17, 2024, Plaintiffs sent DOE a Ten-Day Notice and respectfully refer

the Court to the June 17, 2024 Ten-Day Notice referenced therein for a complete and accurate statement of its contents.

259.    Deny the allegations set forth in paragraph "259" of the Complaint, except admit that on or about July 2, 2024, Plaintiffs filed a DPC against DOE and respectfully refer the Court to the July 2, 2024, DPC for a complete and accurate statement of its contents.

260.    Admit the allegation set forth in paragraph "260" of the Complaint.

261.    Deny the allegations set forth in paragraph "261" of the Complaint and respectfully refer the Court to the July 2, 2024 DPC referenced therein for a complete and accurate statement of its contents.

262.    Paragraph "262" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "262" of the Complaint.

263.    Admit the allegation set forth in paragraph "263" of the Complaint.

264.    Paragraph "264" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "264" of the Complaint.

265.    Deny the allegations set forth in paragraph "265" of the Complaint and respectfully refer the Court to the Pendency Order referenced therein for a complete and accurate statement of its contents.

266.    Deny the allegations set forth in paragraph "266" of the Complaint and respectfully refer the Court to the Pendency Order referenced therein for a complete and accurate statement of its contents.

267.     Deny the allegations set forth in paragraph "267" of the Complaint and respectfully refer the Court to the Pendency Order referenced therein for a complete and accurate statement of its contents.

268.     Deny the allegation set forth in paragraph "268" of the Complaint.

269.     Deny the allegation set forth in paragraph "269" of the Complaint.

270.     Deny the allegations set forth in paragraph "270" of the Complaint.

271.     Deny the allegations set forth in paragraph "271" of the Complaint.

272.     Deny the allegations set forth in paragraph "272" of the Complaint.

273.     Deny the allegations set forth in paragraph "273" of the Complaint.

274.     Deny the allegations set forth in paragraph "274" of the Complaint.

275.     Deny the allegations set forth in paragraph "275" of the Complaint.

276.     Deny the allegations set forth in paragraph "276" of the Complaint.

277.     Deny the allegations set forth in paragraph "277" of the Complaint.

278.     Deny the allegations set forth in paragraph "278" of the Complaint.

279.     Deny the allegations set forth in paragraph "279" of the Complaint.

280.     Deny the allegations set forth in paragraph "280" of the Complaint.

281.     Deny the allegations set forth in paragraph "281" of the Complaint.

282.     Paragraph "283" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "283" of the Complaint.

283.     Deny the allegations set forth in paragraph "283" of the Complaint.

284.     Paragraph "284" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth

in paragraph "284" and respectfully refer the Court to the rule cited therein for a complete and accurate statement of its provisions.

285.    Paragraph "285" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "285" of the Complaint.

286.    Paragraph "286" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "286" of the Complaint.

287.    Paragraph "287" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "287" and respectfully refer the Court to the rule cited therein for a complete and accurate statement of its provisions.

288.    Paragraph "288" of the Complaint does not set forth an allegation and thus does not merit a response. To the extent that a response is deemed to be required, Defendants deny the allegations set forth in paragraph "288" of the Complaint and respectfully refer the Court to the case referred therein for a complete and accurate statement of its content.

289.    Defendants repeat and reallege each and every response set forth above as if set forth fully herein.

290.    Paragraph "290" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

291.    Paragraph "291" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

292.    Paragraph "292" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

293.    Paragraph "293" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

294.    Deny the allegations set forth in paragraph "294" of the Complaint.

295.    Paragraph "295" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

296.    Paragraph "296" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67

("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

297.    Paragraph "297" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

298.    Paragraph "298" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

299.    Paragraph "299" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

300.    Paragraph "300" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

-33-

301.     Paragraph "301" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

302.     Paragraph "302" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

303.     Paragraph "303" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

304.     Paragraph "304" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

305.     Paragraph "305" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17,

2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

306.    Paragraph "306" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

307.    Paragraph "307" of the Complaint does not merit a response because all claims for declaratory relief were dismissed at the hearing in Court on January 17, 2025. *See* ECF 67 ("ORDER granting [54] Motion to Dismiss For the reasons stated on the record at the January 17, 2025 hearing, Plaintiff's third motion for a preliminary injunction is DENIED, and Defendant's partial motion to dismiss is GRANTED.").

308.    Deny the allegations set forth in paragraph "308" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

309.    Defendants repeat and reallege each and every response set forth above as if set forth fully herein.

310.    Paragraph "310" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "310" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

311.    Deny the allegations set forth in paragraph "311" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its contents.

312.    Deny the allegations set forth in paragraph "312" of the Complaint.

313.    Deny the allegations set forth in paragraph "313" of the Complaint.

314.    Deny the allegations set forth in paragraph "314" of the Complaint and respectfully refer the Court to the IDEA and its interpretive case law for a complete and accurate statement regarding the provision of a FAPE.

315.    Deny the allegations set forth in paragraph "315" of the Complaint.

316.    Paragraph "316" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "316" of the Complaint.

317.    Deny the allegations set forth in paragraph "317" of the Complaint.

318.    Deny the allegations set forth in paragraph "318" of the Complaint.

319.    Deny the allegations set forth in paragraph "319" of the Complaint.

320.    Deny the allegations set forth in paragraph "320" of the Complaint.

321.    Deny the allegations set forth in paragraph "321" of the Complaint.

a.    Deny the allegations set forth in paragraph "321(a)" of the Complaint.

b.    Deny the allegations set forth in paragraph "321(b)" of the Complaint.

c.    Deny the allegations set forth in paragraph "321(c)" of the Complaint.

d.    Deny the allegations set forth in paragraph "321(d)" of the Complaint.

e.    Deny the allegations set forth in paragraph "321(e)" of the Complaint.

322.    Deny the allegations set forth in paragraph "322" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

323.    Deny the allegations set forth in paragraph "323" of the Complaint.

324.    Paragraph "324" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "324" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

325.    Defendants repeat and reallege each and every response set forth above as if set forth fully herein.

326.    Paragraph "326" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "326" of the Complaint and respectfully refer the Court to the statute and regulation cited therein for a complete and accurate statement of their provisions.

327.    Paragraph "327" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "327" of the Complaint.

328.    Deny the allegations set forth in paragraph "328" of the Complaint, except admit, upon information and belief, that the Plaintiffs in this action are the parents of children with disabilities.

329.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "329" of the Complaint.

330.    Deny the allegations set forth in paragraph "330" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

### AS AND FOR A FIRST DEFENSE:

331.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE:

332.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

### AS AND FOR A THIRD DEFENSE:

333.    At all times relevant to the allegations in the Complaint, Defendants acted reasonably, properly, lawfully, without malice, and in good faith.

### AS AND FOR A FOURTH DEFENSE:

334.    Defendants have met their obligations under pendency.

### AS AND FOR A FIFTH DEFENSE:

335.    Plaintiffs are not entitled to the requested relief, including an award of compensatory education, other services, or equitable relief.

### AS AND FOR A SIXTH DEFENSE:

336.    Plaintiffs are not entitled to preliminary injunctive relief.

### AS AND FOR A SEVENTH DEFENSE:

337.    Plaintiffs have failed to exhaust administrative remedies for some or all of their claims.

### AS AND FOR AN EIGHTH DEFENSE:

338.    The hours and expenses billed, and the rates charged by the Plaintiffs' counsel are unreasonable.

**AS AND FOR A NINTH DEFENSE:**

339.    Equitable considerations do not merit the awards Plaintiffs seeks.

**AS AND FOR A TENTH DEFENSE:**

340.    To the extent Plaintiffs are entitled to any funding, Defendants cannot fund, and the Court should not order funding for, services for which Plaintiffs have not furnished documentation demonstrating their payment and receipt of such services.

**AS AND FOR AN ELEVENTH DEFENSE:**

341.    Some or all of Plaintiff's claims are moot or otherwise precluded by *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023).

**AS AND FOR A TWELFTH DEFENSE:**

342.    Plaintiffs have improperly joined parties in this action.

**AS AND FOR A THIRTEENTH DEFENSE:**

343.    Plaintiffs lack standing to bring this action and the claims asserted therein.

**AS AND FOR A FOURTEENTH DEFENSE:**

344.    Some or all of Plaintiffs' claims are unripe.

**WHEREFORE,** Defendants request a judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        February 28, 2025
              New York, New York

-39-

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007
212-356-2079
jvyas@law.nyc.gov

By: _____
      Jaimini Vyas
      Assistant Corporation Counsel


To:    Rory Bellantoni, Esq.
       Brain Injury Rights Group, Ltd.
       (via ECF)