24-cv-5138 (JLR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTINE THOMAS individually and as Parent and Natural Guardian of A.T. *et al.*,

Plaintiffs,

- against -

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education *et ano.*,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*

Jaimini Vyas
Tel: (212) 356-2079
jvyas@law.nyc.gov

Thomas Lindeman, Esq.
(212) 356-0418
tlindema@law.nyc.gov

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ii

PRELIMINARY STATEMENT 1

STATUTORY FRAMEWORK 4

STANDARD OF REVIEW 5

ARGUMENT 6

POINT I

PLAINTIFFS HAVE FAILED TO CITE TO ANY ADMISSIBLE EVIDENCE AND FAILED TO MEET THEIR BURDEN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56. 6

POINT II

PLAINTIFFS HAVE ALREADY RECEIVED AT THE ADMINISTRATIVE LEVEL THE PENDENCY RELIEF THEY SEEK HERE 8

POINT III

THE COURT SHOULD NOT ORDER DOE TO MAKE PAYMENTS UNDER THE SRO DECISION BEFORE THE EXPIRATION OF DOE'S FOUR-MONTH LIMITATION TO APPEAL IT. 9

CONCLUSION 13

CERTIFICATE OF COMPLIANCE 14

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................5

*Bd. of Educ. v. Rowley*,
458 U.S. 176 (1982)....................4

*Bruckauf, et al. v. Banks, et al.*,
24-cv-5136 (LGS)....................3

*Celotex Corp. v. Catrett,*
477 U.S. 317 (1986)....................5

*Dister v. The Continental Group, Inc.*,
859 F.2d 1108 (2d Cir. 1988)....................5

*Forest Grove Sch. Dist. v. T.A.*,
557 U.S. 230 (2009)....................4

*Gagliardo v. Arlington Cent. Sch. Dist.*,
489 F.3d 105 (2d Cir. 2007)....................4

*J.S. v. Scarsdale Union Free Sch. Dist.*,
826 F. Supp. 2d 635 (S.D.N.Y. 2011) ....................4

*L.O. v. N.Y.C. Dep't of Educ.*,
822 F.3d 95 (2d Cir. 2016)....................5

*Mackey v. Bd. Of Educ.*,
386 F.3d 158 (2d. Cir. 2004)....................8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)....................5

*Mendez v. Banks*,
65 F.4th 56 (2d Cir. 2023) ....................3, 9, 11, 12

*R.E. v. N.Y.C. Dep't of Educ.*,
694 F.3d 167 (2d Cir. 2012)....................4

*Ramos, et al. v. Banks, et al.*,
24-cv-5109 (LGS)....................3

**Page**

*Thomas, et al. v. Banks, et al.*,
24-cv-5138 (JLR)....................3

*Ventura De Paulino v. N.Y.C. Dep't of Educ.*,
959 F.3d 519 (2d. Cir 2020)....................8, 10, 11

*Zimmerman et al. v. Banks et al.*,
No. 23 Civ 9003 (JGK), 2024 WL 4882370
(S.D.N.Y. Nov. 25, 2024)....................7

**Statutes**

34 CFR § 300.518(a)....................8

8 NYCRR § 200.5(m)....................8

20 U.S.C. § 1400(d)(1)(A)....................4

20 U.S.C. § 1401....................4

20 U.S.C. § 1412(a)(10)(C)(iii)(I)(bb)....................4

20 U.S.C. § 1415(i)(1)(B)....................5

20 U.S.C. § 1415(i)(2)(A)....................5

20 U.S.C. § 1415(i)(2)(B)....................2, 9

20 U.S.C. § 1415(b)(6)(A)....................4

20 U.S.C. § 1415(f)(1)(A)....................5

20 U.S.C. § 1415(g)(1)....................5

20 U.S.C. § 1415(j)....................8

Fed. R. Civ. P. 56....................6

Fed. R. Civ. P. 56(a)....................5

Fed. R. Civ. P. 56(c)(1)(a)....................6

N.Y. Educ. Law § 4402(1)(b)(1)....................4

N.Y. Educ. Law § 4404(1)(a)....................5

N.Y. Educ. Law § 4404(2)....................5

**Page**

N.Y. Educ. Law § 4404(3)(a) ....................2, 5, 9

NY Educ. Law § 4404(4)....................8

**PRELIMINARY STATEMENT**

Defendants David C. Banks, in his official capacity[1] as Chancellor of the New York City Department of Education, and the New York City Department of Education (collectively, "DOE" or "Defendants") submit this Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment. ECF 80-81.

Through Plaintiffs' motion for summary judgment, they seek "a declaratory judgment affirming the 'stay-put' placement at iBRAIN"[2] and its "timely implementation" through the enforcement of DOE's funding obligations for A.T.'s pendency placement at iBRAIN. ECF 81 at 8.[3] Plainly, Plaintiffs seek summary judgment solely to obtain for Martine Thomas and Scott Thomas, individually and as Parents and Natural Guardians of A.T., expedited payments toward tuition at iBRAIN and transport via its related transportation provider, Sisters. Plaintiffs' Counsel concedes that "DOE has [] complied with its obligations to fund tuition, transportation, and/or nursing services for Plaintiffs Talley, Vasquez, Larach-Cohen, Beckford, and Donohue"—thus acknowledging that the claims of all the other Plaintiffs in this case are moot because DOE has made all payments for them according to their respective administrative orders. ECF 81 at 8 n.1.

First, Plaintiffs have failed to include any admissible evidence in support of their motion for summary judgment. Consequently, Plaintiffs' unsupported allegations fail to meet their

---

[1] Defendant David C. Banks was the Chancellor of the New York City Department of Education when this action was initiated. Melissa Aviles-Ramos currently serves in that role.

[2] Defendants note that Plaintiffs brought *two* emergency Preliminary Injunction motions seeking identical declaratory relief that the Court denied. *See* ECF 29-32, 49-50, and 67.

[3] All pinpoint citations to pleadings filed on the docket are to page numbers assigned by the ECF filing system.

burden of showing that there is no genuine issue of material fact on summary judgment, and Plaintiffs' motion should be denied on that basis.

Second, Plaintiffs' claims for the issuance of a judgment declaring A.T.'s pendency at iBRAIN must be denied as moot. Indeed, it is undisputed that A.T. is currently enrolled at iBRAIN, and an underlying yet-uncontested administrative order declares A.T.'s pendency placement and funding. *See* December 23, 2024 Corrected Amended Order on Pendency, ECF 81-5; *see also* SAC ¶ 62 ("On June 15, 2024, Plaintiffs Martine Thomas and Scott Thomas sent a Ten-Day Notice to the DOE rejecting its proposed IEP for A.T. for the 2024–2025 SY as inappropriate to meet his needs, and notifying it of their intent to maintain A.T.'s placement at iBRAIN for the upcoming 2024–2025 SY, and requesting that the DOE continue full funding of A.T.'s placement, pursuant to the Finding of Fact and Decision ("FOFD") in IHO Case No. 242728, dated August 2, 2023"). ECF 81-6 at 9. Because Plaintiffs' claims for declaratory relief regarding their pendency placements at iBRAIN are moot, this Court should deny the relief requested and sua sponte dismiss these claims for lack of subject matter jurisdiction over them.

Third, the Court should not vitiate DOE's right to evaluate and appeal the April 9, 2025 SRO Decision as Plaintiffs desire by ordering DOE to make payments pursuant to it before DOE's four-month time to appeal has expired. DOE has until August 11, 2025, i.e., four months from April 9, 2025, the date of the SRO Decision No. 24-624, to file any appeal of that decision in this Court. 20 U.S.C. § 1415(i)(2)(B); N.Y. Educ. Law § 4404(3)(a). Plaintiffs' demand to implement DOE's funding obligation under the SRO Decision and immediately obtain payments for tuition and transportation is unripe and a transparent impermissible attempt to circumvent DOE's ordinary budgetary oversight measures and payment procedures.

Finally, Defendants submit that any remaining amounts owed under any applicable administrative order, upon ripening, will be funded by DOE in the ordinary course of business, consistent with the Second Circuit's holding in *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023). Defendants also contend that Plaintiffs' repeated demands for prioritized payments under the applicable administrative orders effectively undermine the Second Circuit's admonitions to the same plaintiffs' counsel that they are improperly attempting to circumvent the DOE's ordinary payment procedures described in *Mendez*. *See* 65 F.4th at 63 ("Our determination that the statute does not require circumvention of ordinary payment procedures here comports with the practical realities of bureaucratic administration. The DOE receives thousands of funding requests under the IDEA at the start of each school year and spends hundreds of millions of dollars annually to fund placements."). Moreover, as a result of Plaintiffs' conduct, the broader population of students and families who have also submitted their funding requests to the DOE are disserved by the repeated waves of similar applications for prioritized funding brought by the same Plaintiffs' counsel in this Court.[4] Apart from improperly seeking to erode clear Second Circuit precedent, such actions also continue to drain the Court's and Defendants' limited resources.

Given the foregoing, and for the reasons set forth below, Plaintiffs' motion for summary judgment should be denied in its entirety and the Court should sua sponte dismiss their claims for declaratory relief for lack of subject matter jurisdiction.

[4] *See, e.g.*, *Bruckauf, et al. v. Banks, et al.*, 24-cv-5136 (LGS); *Ramos, et al. v. Banks, et al.*, 24-cv-5109 (LGS); *Thomas, et al. v. Banks, et al.*, 24-cv-5138 (JLR) (seeking virtually identical relief for prioritized payments for the various student-plaintiffs' tuition at iBRAIN, and their related services through Sisters Travel as well as B&H nursing).

**STATUTORY FRAMEWORK**

Congress enacted the Individuals with Disabilities Education Act ("IDEA") to promote the education of students with disabilities. *See Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 238-39 (2009). The IDEA provides that a child with a disability must receive a Free and Appropriate Public Education ("FAPE"), which includes special education and related services provided at public expense. 20 U.S.C. § 1400(d)(1)(A). These services must meet the standards of the State educational agency and be provided in conformity with an Individualized Education Program ("IEP") for each such student. *See* IDEA, 20 U.S.C. § 1401; *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982). In New York, the State has assigned responsibility for developing IEPs to local Committees on Special Education ("CSE"), comprised of members appointed by the local school district's board of education. *See R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (citing N.Y. Educ. Law § 4402(1)(b)(1)). The CSE must examine the student's level of achievement and specific needs and determine an appropriate educational program for the school year. *See R.E.*, 694 F.3d at 175 (citing *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 107–08 (2d Cir. 2007)). As part of a parent's obligation to cooperate with the district in good faith, if a parent, due to disagreements with the IEP, unilaterally places a student in a non-public placement, the family should provide a Ten-Day Notice to the District prior to the removal of the student from the public school. This Notice gives the District the opportunity to correct any alleged deficiencies in the IEP before they risk assuming the financial responsibility of the private placement. 20 U.S.C. § 1412(a)(10)(C)(iii)(I)(bb); *see also J.S. v. Scarsdale Union Free Sch. Dist.*, 826 F. Supp. 2d 635, 672 (S.D.N.Y. 2011).

The IDEA sets forth procedures for a parent to present a complaint regarding the educational placement of a student, including a complaint regarding the student's IEP. *See* IDEA, 20 U.S.C. § 1415(b)(6)(A). A parent must file a due process complaint ("DPC") outlining their

grounds for challenging the IEP before they are entitled to a hearing before an Impartial Hearing Office ("IHO"). *See* 20 U.S.C. § 1415(f)(1)(A); N.Y. Educ. Law § 4404(1)(a). In New York State, the IHO's decision may be appealed by either party to the State Education Department's Office of State Review, where the assigned SRO will independently review the findings and decision rendered by the IHO. *See* IDEA, 20 U.S.C. § 1415(g)(1); N.Y. Educ. Law § 4404(2). The SRO is empowered to modify "any determination of the impartial hearing officer" relating to the selection of an appropriate special education program or service. N.Y. Educ. Law § 4404(2). Although the SRO's decision is considered final, a party aggrieved by that administrative decision may bring an action for relief in state or federal district court. *See* IDEA, 20 U.S.C. §§ 1415(i)(1)(B), (2)(A); N.Y. Educ. Law § 4404(3)(a).

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Dister v. The Continental Group, Inc.*, 859 F.2d 1108 (2d Cir. 1988). Thus, "where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citations and quotation marks omitted). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In the IDEA context, however, summary judgment is essentially "a pragmatic procedural mechanism for reviewing administrative decisions." *L.O. v. N.Y.C. Dep't of Educ.*, 822 F.3d 95, 101 (2d Cir. 2016).

## ARGUMENT

### POINT I

### PLAINTIFFS HAVE FAILED TO CITE TO ANY ADMISSIBLE EVIDENCE AND FAILED TO MEET THEIR BURDEN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56.

Plaintiffs' motion should be denied because Plaintiffs have failed to annex or cite to any admissible evidence in support of their motion for summary judgment brought under Federal Rule of Civil Procedure 56. Plaintiffs' Rule 56.1 Statement, ECF 81-1, and Memorandum of Law, ECF 81, primarily cite Plaintiffs' Second Amended Complaint (along with their underlying DPCs) and the underlying administrative orders. However, these documents do not, in and of themselves, substantiate Plaintiffs' allegations that DOE has failed to meet its funding obligations with respect to any of those orders. Pursuant to Federal Rule of Civil Procedure 56(c)(1)(A), a party's assertions that the facts presented cannot be disputed must be supported by, *inter alia*, "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Plaintiffs have failed to adhere to this procedure. In particular, Plaintiffs have failed to provide a declaration and financial documents demonstrating a failure by Defendants to provide, in the ordinary course of business after adhering to DOE's basic budgetary oversight measures, the payments sought in Plaintiffs' motion for summary judgment. Defendants additionally note that the amounts Plaintiffs claim remain outstanding are based on the contracts Plaintiffs entered into with iBRAIN and Sisters Travel. However, Defendants are not parties to any contract between Plaintiffs and iBRAIN or Sisters Travel.

Judge Koeltl addressed a similar situation in *Zimmerman et al. v. Banks et al.*, No. 23 Civ 9003 (JGK), 2024 WL 4882370, at *6 (S.D.N.Y. Nov. 25, 2024), finding that Plaintiff failed to attach or cite to any admissible evidence in connection with her motion for summary judgment and noting that submitting supporting documentation along with the Reply Memorandum did not cure Plaintiff's failure and satisfy the plaintiff's burden on a motion for summary judgment:

> failed to attach or cite to any admissible evidence in connection with her motion for summary judgment. The plaintiff's Local Civil Rule 56.1 Statement and Memorandum of Law cite only to the Complaint and the FOFD. … Although the plaintiff belatedly submitted supporting documentation in connection with the Reply Memorandum, *see* Bellantoni Decl., this does not satisfy the plaintiff's burden on a motion for summary judgment. This deficiency in the plaintiff's papers alone justifies denying the plaintiff's motion for summary judgment for payment of the related services. *Id*.

This Court should similarly find that Plaintiffs' unsupported allegations and their Counsel's Declaration that asserts no facts, ECF 81-2, fail to meet their burden of showing that there is no genuine issue of material fact on summary judgment; specifically: 1) whether Plaintiffs' circumstances require DOE to make expedited payments to Plaintiffs' school, iBRAIN, and the related Sisters Travel transport service outside its ordinary course of business; and 2) whether DOE has failed to make the payments as Plaintiffs allege. For this reason alone, Plaintiffs' motion for summary judgment should be denied.

## POINT II

## PLAINTIFFS HAVE ALREADY RECEIVED AT THE ADMINISTRATIVE LEVEL THE PENDENCY RELIEF THEY SEEK HERE.

The issuance on December 23, 2024 of the Corrected Amended Order on Pendency, ECF 81-5, and on April 9, 2025, of SRO Decision No. 24-6924 for A.T. ordering that "the district shall fund the total costs of the student's tuition at iBrain and the costs of the transportation services provided by Sisters **as pendency**," renders Plaintiffs' request for a declaratory judgment affirming A.T.'s pendency placement at iBRAIN wholly unnecessary. ECF 81-6 at 9 (emphasis added). Moreover, even if A.T. did not already have a pendency order, which A.T. does, A.T. is not entitled to a judgment declaring a pendency placement because a student's right to pendency, or a "stay-put" placement, exists automatically "during the pendency of any proceedings conducted pursuant to this section…" 20 U.S.C. § 1415(j) (2012); NY Educ. Law §§ 4404(4); 34 CFR 300.518(a); 8 NYCRR 200.5(m). Pendency does not require judicial intervention to implement. Pendency exists "by operation of law" once the parties agree upon a placement, either through a prior order or otherwise. *Ventura de Paulino,* 959 F.3d at 532. That operation of law does not require an order from either this Court or the IHO to effectuate. Further, a student's entitlement to pendency is not only automatic but also retroactive. *See Mackey v. Bd. Of Educ.*, 386 F.3d 158, 165-66 (2d. Cir. 2004). While the parties dispute the specifics of that entitlement, that dispute has been resolved at the administrative level, and the parties have yet to appeal that decision to this Court. Until such time as an appeal is filed, Plaintiffs' request that the Court intervene in the administrative process is unnecessarily burdensome on both this Court and Defendants.

Thus, this Court should deny Plaintiffs' requested relief and sua sponte dismiss these claims for lack of subject matter jurisdiction over them.

**POINT III**

**THE COURT SHOULD NOT ORDER DOE TO MAKE PAYMENTS UNDER THE SRO DECISION BEFORE THE EXPIRATION OF DOE'S FOUR-MONTH LIMITATION TO APPEAL IT.**

While Plaintiff has received a pendency order from the SRO awarding them the same relief sought here, that order is not yet final. The Court should not vitiate DOE's right to evaluate and appeal the April 9, 2025 SRO Decision as Plaintiffs desire by ordering DOE to make payments pursuant to it before the expiration of DOE's four-month time to appeal. Appealed SRO Decisions are not final as a matter of law. *See* 20 U.S.C. § 1415(i)(1)(B) ("A decision made under subsection (g) shall be final, except that any party may bring an action under paragraph (2)"); 34 C.F.R. § 300.514(a). DOE has until August 11, 2025, i.e., four months from April 9, 2025, the date of the SRO Decision No. 24-624, to make a timely determination regarding any appeal of that decision to this Court. 20 U.S.C. § 1415(i)(2)(B); N.Y. Educ. Law § 4404(3)(a). Plaintiffs filed the instant lawsuit on July 8, 2024, *thirteen long months before the claim would eventually ripen* on August 9, 2025, and again burdened this court with a demand to obtain payments for A.T. on an expedited schedule just 13 days after this SRO decision was issued. Indeed, Plaintiffs' Counsel acknowledges that DOE has made all payments according to the administrative orders for every other Student-Plaintiff in this case. *See* ECF 81 at 8 n.1.

Plaintiffs have made repeated attempts to subvert DOE's ordinary payment procedures in this litigation and dozens of others, thereby forcing Defendants to abide by an unreasonable payment schedule that prejudices DOE, the taxpayers of the City of New York, and the hundreds of thousands of other students whose interests DOE serves. This approach by Plaintiffs speaks to their inability to abide by the Second Circuit's mandate in *Mendez v. Banks*

that funding will be provided in the ordinary course of business—and not at the demand of Plaintiffs who sprint to federal court for relief in an improper attempt to skip the line.

DOE's procedures are designed to ensure that taxpayer funds are properly spent and cared for, and that the students receiving those funds are also receiving adequate services. As a practical matter, it makes sense that it is the party generally responsible for paying a student's agreed-upon educational program—here, the DOE—mindfully consider whether the administrative decision ordering payments should be appealed in any part. That is so for two reasons: (i) public funding for pendency services can never be recouped, *see Ventura De Paulino*, 959 F.3d 519 at 535 (2d Cir. 2020); and (ii) iBRAIN dramatically raised the cost of tuition for ESY 2024-2025 by $35,618.60 while it remains "unclear from the contracts as to why there was such a significant increase to the cost of tuition, as the only difference between the 2023-24 and 2024-25 contracts is the increase in the price of tuition." ECF 81-6 at 8. Plaintiffs are attempting to frustrate DOE's internal policies to evaluate administrative decisions for appeal and its ordinary payment procedures in service of immediate payment to iBRAIN and its related entity, Sisters Travel.

The procedural history of this case, as well as the dozens of other cases brought by Plaintiffs' counsel on behalf of parents whose children attend iBRAIN over the last several school years, evinces a clear willingness by DOE to abide by the determinations of the duly appointed IHOs and SROs in the underlying administrative hearings and to remit undisputed amounts owed in the ordinary course of business. Despite this record, Plaintiffs have insisted on repeatedly burdening this Court with baseless motion practice for prioritized funding requests. This litigation strategy flies in the face of clear Second Circuit guidance and evinces a disregard for the burden such litigation places on the Court and Defendants' limited resources.

Here, DOE has fully processed the payments for the other Student-Plaintiffs' tuition and related educational services in this case. Defendants submit that, upon ripening, each of Defendants' remaining funding obligations owed to Plaintiffs will be resolved in the ordinary course of business.

Additionally, Defendants respectfully submit that they are duty-bound to follow their basic budgetary oversight measures, and the Court should not indulge Plaintiffs' pattern and practice of attempting to "frustrate [DOE's] fiscal policies" and claim "entitlement to immediate payment or reimbursement." *Mendez*, 65 F.4th at 63. ("Our determination that the statute does not require circumvention of ordinary payment procedures here comports with the practical realities of bureaucratic administration. Any agency will need some amount of time to process and pay submitted invoices. If each pendency order entitled parents or guardians to immediate payment, school districts would be unable to implement basic budgetary oversight measures."); *Ventura De Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519 (2d. Cir 2020). ("Nothing in the statutory text or the legislative history of the IDEA … implies a legislative intent to permit [parents or guardians] to utilize the stay-put provision's automatic injunctive procedure to frustrate the fiscal policies of participating states.").

The broader population of students and families who have also submitted their funding requests to the DOE are disserved by repeated waves of similar cases for relief brought in this Court by the same Plaintiffs' Counsel. The DOE receives "thousands of funding requests under the IDEA," many of which explicitly invoke the IDEA's pendency provisions and funding requests. *Mendez*, 65 F.4th at 63. By filing and litigating these lawsuits, plaintiffs at iBRAIN inappropriately "cut the queue" and force DOE to fast-track reimbursements on plaintiffs' preferred, expedited timeline before thousands of other equally deserving disabled students who

depend on payments awarded under pendency or final orders. Apart from undermining the Second Circuit's precedent, such actions also continue to drain the Court's and Defendants' limited resources.

The Second Circuit's *Mendez* decision makes clear that the Court should not indulge this impermissible goal of frustrating DOE's payment processes and obtaining expedited payments for the Student-Plaintiff here over the "thousands of funding requests under the IDEA" that the DOE receives at the start of the school year. *See id*. Defendants will continue to fulfill their obligations as applicable in the ordinary course of business. As such, Plaintiffs' requested relief in the instant matter is moot.

Because Plaintiffs have stated an unripe claim for which their demanded relief of expedited payments cannot be granted, this claim should be denied.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Summary Judgment in its entirety, and grant Defendants such other and further relief that the Court deems just and proper.

Dated: May 13, 2025
New York, New York

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By:

Jaimini A. Vyas
*Assistant Corporation Counsel*
(212) 356-2079
jvyas@law.nyc.gov

*/s/ Thomas Lindeman*
Thomas Lindeman, Esq.
*Assistant Corporation Counsel*
(212) 356-1652
tlindema@law.nyc.gov

**CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies pursuant to Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York that the enclosed Memorandum of Law contains approximately 3,505 words including footnotes and endnotes and excluding the cover page, captions, table of authorities, table of contents, signature block, and this certificate, which is less than the 8,750 words permitted for this motion by Rule 7.1(c). Counsel relies on the word count function of the computer program used to prepare this brief.

Dated: New York, New York
May 13, 2025

Jaimini A. Vyas
*Assistant Corporation Counsel*