UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

MARTINE THOMAS and SCOTT THOMAS, individually and as Parents and Natural Guardians of A.T.1 *et al.*,

                                                                                               Plaintiffs,

-against-

DAVID C. BANKS, in his official capacity as Chancellor of the New York City Department of Education and the NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                                                               Defendants.

------------------------------------------------------------------------- x

**DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 56.1 STATEMENT**

24-cv-5138-JLR

      Pursuant to Local Civil Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York and Rule 56 of the Federal Rules of Civil Procedure, Defendants, David C. Banks, in his official capacity[1] as Chancellor of the New York City Department of Education, and the New York City Department of Education ("DOE") (collectively, "Defendants"), by their attorney, Corporation Counsel of the City of New York, Muriel Goode-Trufant, hereby respond to Plaintiffs' Rule 56.1 Statement, ECF 81-1, as follows:

      1.      On June 17, 2024, Plaintiffs sent the New York City Department of Education ("DOE") a Ten-Day Notice ("TDN"), *inter alia*, rejecting A.T.'s proposed IEP for the 2024-2025 school year ("SY") as inappropriate to meet his needs. ECF 45-1, at 13-14.

      **RESPONSE:** Deny and respectfully refer the Court to the TDN referenced therein for a complete and accurate statement of its contents. *See* ECF 45-1 at 13-14.

---

[1] Defendant David C. Banks was the Chancellor of the New York City Department of Education when this action was initiated. Melissa Aviles-Ramos currently serves in that role.

1

2.      In the TDN, Plaintiffs notified the DOE of their intention to maintain A.T.'s placement at iBRAIN for the upcoming 2024-2025 SY, and requested that the DOE continue funding his program/placement at iBRAIN pursuant to an unappealed, final administrative order establishing iBRAIN as A.T.'s last agreed-upon educational program/placement for pendency. *Id.* at 13-14.

**RESPONSE:** Deny and respectfully refer the Court to the TDN referenced therein for a complete and accurate statement of its contents. *See* ECF 45-1 at 13-14.

3.      On July 2, 2024, Plaintiffs filed a DPC stating in pertinent part that: (1) the DOE did not offer A.T. a free appropriate public education ("FAPE") for the 2024-2025 extended SY; (2) the unilateral placement or continued placement of their child at iBRAIN was appropriate; and (3) equitable considerations favored an award of full tuition payment directly to the educational program/placement and their related service providers. ECF 45-1, at 2-11.

**RESPONSE:** Deny and respectfully refer the Court to the DPC referenced therein for a complete and accurate statement of its contents. *See* ECF 45-1 at 2-12.

4.      In addition, Plaintiffs' DPC requested a proper resolution meeting and an order requiring the DOE to fund A.T.'s educational program/placement during the pendency of the due process proceedings relative to the DPC for the 2024-2025 SY, as required by 20 U.S.C. § 1415(j). *Id.* at 11-12.

**RESPONSE:** Deny and respectfully refer the Court to the DPC and statute referenced therein for a complete and accurate statement of their contents. *See* ECF 45-1 at 2-12.

5.      At the time of the July 2, 2024, DPC, the basis for pendency was an August 2, 2023, Findings of Fact and Determination ("FOFD") relative to the 2022-2023 SY. See Exhibit 1-1 to

the Declaration of Rory Bellantoni ("Bellantoni Decl."), which is attached hereto as Exhibit 1; see also ECF No. 45-1 at 16-29.

**RESPONSE:** Admit.

6.      This was the last agreed-upon placement because the proceedings relative to the 2023-2024 SY had not yet been resolved and no appeal was taken from the August 2, 2023 FOFD. See Exhibit 1-1, at 3 (noting that after the August 2, 2023 FOFD, the next administrative event was a DPC filed by Plaintiffs on December 8, 2023 for the 2023-24 SY).

**RESPONSE:** Admit.

7.      However, on July 5, 2024, SRO Steven Krolak issued Decision No. 24-175, relative to the 2023-2024 SY. See Exhibit 1-2, attached to the Bellantoni Decl.

**RESPONSE:** Admit.

8.      In that decision, SRO Krolak found that the DOE failed to offer A.T. a FAPE for the 2023- 2024 SY, that iBRAIN was the appropriate unilateral placement, and that the DOE was to fully fund the costs of A.T.'s tuition at BRAIN and special transportation for the 2023-2024 SY. *See generally* Exhibit 1-2.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-4.

9.      SRO Decision No. 24-175 is the last agreed-upon placement establishing pendency at iBRAIN for the 2024-25 SY. See Exhibit 1-4, attached to the Bellantoni Decl., at 8 (noting that "the IHO correctly determined that the student is entitled to pendency based on Application of a Student with a Disability, Appeal No. 24-175.").

**RESPONSE:** Admit.

10. In SRO Decision No. 24-175, SRO Krolak modified the IHO's decision dated March 25, 2024 "by reversing those portions which reduced the amount of funding to be paid by the district for the student's tuition costs at iBrain and special transportation services for the 2023-24 school year." See Exhibit 1-2, at 26.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-4.

11. In SRO Decision No. 24-175, SRO Krolak further ordered "that the district fully fund the costs of the student's tuition at iBrain and special transportation for the 2023-24 school year for the period the student attended as set forth in the iBrain enrollment contract, from July 5, 2023 through June 21, 2024." See Id. at 26.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-4.

12. In SRO Decision No. 24-175, SRO Krolak rejected the IHO's determination that reimbursement for transportation services should be reduced because the cost of transportation services under the Sisters contract was unreasonable, finding that there was no evidence in the record to support such an assertion. See Id.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-4.

13. In SRO Decision No. 24-175, SRO Krolak also rejected the IHO's determination that the lack of attendance records warrants a reduction in reimbursement where administrative record testimony revealed that A.T. was in fact being provided the services for the 2023-24 school year, as extensively documented in the enrollment contract. See Id. at 24-25.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-4.

14.     In SRO Decision No. 24-175, SRO Krolak rejected any argument that an electronic signature on the Sisters contract somehow weighed against the parents on the equities. *See Id.* at 24.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-4.

15.     On December 12, 2024, the 1HO issued an interim Order on Pendency, which acknowledged SRO Decision No. 24-175 as the basis for pendency. *See* Exhibit 1-4, at 4.

**RESPONSE:** Deny, except admit that on December 12, 2024, the 1HO issued an interim Order on Pendency, and respectfully refer the Court to the Order on Pendency referenced therein for a complete and accurate statement of its contents. *See* ECF 81-5.

16.     The IHO issued an Amended Order on December 20, 2024, and a Corrected Amended Order on Pendency on December 23, 2024. *See* Exhibit 1-3, attached to the Bellantoni Decl., at 1, 1, n.1.

**RESPONSE:** Admit.

17.     The latter order corrected a typographical error. *See Id.* at 1, n.1.

**RESPONSE:** Admit.

18.     However, the IHO ordered pendency to be funded at the 2023-2024 rates, and transportation to be funded on a pro rata basis. *See Id.* at 5.

**RESPONSE:** Deny and respectfully refer the Court to the Order on Pendency referenced therein for a complete and accurate statement of its contents. *See* ECF 81-5.

19. After Parents appealed this Pendency Order, SRO Justyn P. Bates issued SRO Decision No. 24-624 on April 9, 2025. *See generally* Exhibit 1-4.

**RESPONSE:** Admit.

20. In SRO Decision No. 24-624, SRO Bates affirmed that SRO Decision No. 24-175 was the basis for pendency, but reversed the IHO's order that pendency be paid at the previous year's rates, and that transportation be funded on a pro rata basis. *See Id.* at 8.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-6.

21. In SRO Decision No. 24-624, SRO Bates further ordered "that the district shall fund ... the costs of transportation services provided by Sisters as pendency." *See* Exhibit 1-4, at 8.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-6.

22. SRO Bates reasoned that the DOE's *post hoc* attempt to manufacture the appearance of an offer to provide transportation services on its own volition, separate and apart from Sisters, was unconvincing in light of the evidence offered, and therefore concluded that he would "order the district to fund pendency services...." *See Id.* at 7-8.

**RESPONSE:** Deny and respectfully refer the Court to the SRO Decision referenced therein for a complete and accurate statement of its contents. *See* ECF 81-6.

23. Pursuant to the Annual Enrollment Contract between Parents and iBRAIN for the 2024-2025 SY ("iBRAIN contract"), the total amount of tuition owed for the 2024-2025 SY is $314,826.60. *See* Exhibit 1-5, attached to the Bellantoni Decl.

**RESPONSE:** Deny and respectfully refer the Court to the iBRAIN contract referenced therein for a complete and accurate statement of its contents. *See* ECF 81-7.

24. Pursuant to the School Transportation Annual Service Agreement between Parents and Sisters Travel and Transportation Services, LLC for the 2024-2025 SY (the "Sisters contract"), the total amount owed for special transportation for the 2024-2025 SY is $147,403.00. *See* Exhibit 1-6, attached to the Bellantoni Decl.

**RESPONSE:** Deny and respectfully refer the Court to the Sisters contract referenced therein for a complete and accurate statement of its contents. *See* ECF 81-8.

25. Notably, the iBRAIN contract requires quarterly tuition payments, the final payment being due on January 2, 2025. *See* Exhibit 1-5, at 2.

**RESPONSE:** Deny and respectfully refer the Court to the iBRAIN contract referenced therein for a complete and accurate statement of its contents. *See* ECF 81-7.

26. Similarly, the Sisters contract provides for triennial payments, the final payment being due on January 1, 2025. See Exhibit 1-6, at 2.

**RESPONSE:** Deny and respectfully refer the Court to the Sisters contract referenced therein for a complete and accurate statement of its contents. *See* ECF 81-8.

Dated:   May 13, 2025
         New York, New York

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By:

_____
Jaimini A. Vyas
*Assistant Corporation Counsel*
(212) 356-2079
jvyas@law.nyc.gov


　　/s/ Thomas Lindeman
Thomas Lindeman, Esq.
*Assistant Corporation Counsel*
(212) 356-1652
tlindema@law.nyc.gov