UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
**MARTINE THOMAS** and **SCOTT THOMAS**,
as Parents and Natural Guardians of **A.T.**, and
**MARTINE THOMAS** and **SCOTT THOMAS**,
Individually;

      Plaintiffs,      Civ. No. 24-cv-05138

 -against-

**DAVID C. BANKS**, in his official capacity as
Chancellor of the New York City Department
of Education, and the **NEW YORK CITY
DEPARTMENT OF EDUCATION**,

      Defendants.
-----------------------------------------------------------X


**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**


Rory J. Bellantoni, Esq.
Liberty & Freedom Legal Group
*Attorneys for Plaintiffs*
105 East 34th Street  #190
New York, NY 10016
rory@pabilaw.org

# **TABLE OF CONTENTS**

*Page(s)*

**TABLE OF AUTHORITIES**……………………………………………………………….i

**PRELIMINARY STATEMENT** ........................................................................................ 1

**ARGUMENT** ........................................................................................................................ 1

    **I.**    **PLAINITFFS HAVE NOT RECEIVED PENDENCY RELIEF AS ORDERED AT THE ADMINISTRATIVE LEVEL**............................................................ 2

    **II.**   **PLAINTIFFS HAVE PROVIDED SUFFICIENT EVIDENCE TO SUPPORT THEIR MOTION FOR SUMMARY JUDGMENT** ...................................... 5

    **III.**  **THE COURT CAN AND MUST ORDER PENDENCY PLACEMENT, INCLUDING FUNDING** ................................................................................. 7

**CONCLUSION** .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Araujo v. New York City Dep't of Educ.*,
  2020 U.S. Dist. LEXIS 175767 .................................................................................... 4, 10

*Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*,
  290 F.3d 476 (2d Cir. 2002) ............................................................................................. 8

*Blazejewski By & Through Blazejewski v. Bd. of Educ. of Allegany Cent. Sch. Dist.*,
  560 F. Supp. 701 (W.D.N.Y. 1983) .................................................................................. 5

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ......................................................................................................... 5

*Doe v. E. Lyme Bd. of Educ.*,
  790 F.3d 440 (2d Cir. 2015) ............................................................................................. 4

*Clovis v. Office of Administrative Hearings*,
  903 F.2d 635 (9th Cir.1990) ............................................................................................. 3

*M.R. v. Ridley Sch. Dist.*,
  744 F.3d 112 (3d Cir. 2014) ......................................................................................... 6, 8

*Mackey ex-rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*,
  386 F.3d 158 (2d Cir.) .................................................................................................. 7, 8

*Marcus I. ex-rel. Karen I. v. Dep't of Educ.*,
  2012 WL 3686188 (D. Haw. Aug. 24, 2012) ................................................................... 4

*Mendez v. Banks*,
   65 F.4th 56 (2d Cir. 2023) ............................................................................................ 8, 9

*Rutherford v. Fla. Union Free Sch. Dist.*,
  2019 WL 1437823 (S.D.N.Y. Mar. 29, 2019) .................................................................. 5

*Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*,
  471 U.S. 359 (1985) ......................................................................................................... 6

*Susquenita Sch. Dist. v. Raelee S. By & Through Heidi S.*,
  96 F.3d 78 (3d Cir. 1996) ..................................................................................... 3, 4, 6, 8

*Ventura de Paulino v. New York City Dep't of Educ.*,
  959 F.3d 519 (2d Cir. 2020) ............................................................................................. 4

*Y.S. on behalf of Y.F. v. New York City Dep't of Educ.*,
   No. 1:21-CV-00711 (MKV), 2021 WL 1164571 (S.D.N.Y. Mar. 26, 2021) .............................. 5

*Zimmerman v. Banks*, No. 23-CV-,
   003 (JGK), 2024 WL 4882370 (S.D.N.Y. Nov. 25, 2024) ....................................................... 6, 7

*Zvi D. by Shirley D. v. Ambach*,
   694 F.2d 904 (2d Cir. 1982) ..................................................................................................... 7, 8

**Statutes**

20 U.S.C. § 1400 ................................................................................................................................ 1
20 U.S.C. § 1415(j) .................................................................................................................... 1, 7, 8
42 U.S.C. § 1983 ................................................................................................................................ 4
N.Y. Educ. Law § 4404(3)(a) ............................................................................................................ 2
N.Y. Educ. Law § 4404(a) ................................................................................................................. 7

**Rules**

Fed. R. Civ. P. 56 ............................................................................................................................... 5
Fed. R. Civ. P. 56 (a) and (b) ............................................................................................................. 6
Fed. R. Civ. P. 56 (c) ..................................................................................................................... 5, 6

**Regulations**

34 C.F.R. § 300.518 (a) ................................................................................................................. 3, 7
34 C.F.R. § 300.518 (d) ................................................................................................................. 3, 6

**PRELIMINARY STATEMENT**

Plaintiffs Martine and Scott Thomas[1] ("Plaintiffs") submit this Reply in support of their motion for summary judgment. This action seeks to enforce the Plaintiffs' and A.T.'s ("Student") rights under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, specifically the "stay-put" provision of 20 U.S.C. § 1415(j), which mandates uninterrupted maintenance of the Student's educational placement. Plaintiffs seek a declaratory judgment affirming A.T.'s "stay-put" placement at iBRAIN and mandating the timely implementation of this placement by the New York City Department of Education ("DOE" or "Defendants"). Plaintiffs also seek enforcement of the DOE's funding obligations under this provision to prevent further financial hardship. A.T.'s pendency placement is automatic, and the Defendants have not sought or received a stay regarding their pendency obligations. Yet since July 2, 2024, Defendants have failed to fund A.T.'s current educational program/placement at iBRAIN as pendency, which they must fund under IDEA and New York State Education Law.

Plaintiffs seek an order compelling the DOE's full and immediate compliance with its outstanding funding obligations under pendency, ensuring the uninterrupted provision of A.T.'s educational program at iBRAIN, related services, and special transportation, consistent with binding administrative orders and 20 U.S.C. § 1415(j). Plaintiffs request that the DOE be ordered to directly fund tuition at iBRAIN and all related services. Plaintiffs also seek an order directing the DOE to pay the costs and expenses of maintaining this action, including reasonable attorneys' fees.

**ARGUMENT**

I.  **PLAINTIFFS HAVE NOT RECEIVED PENDENCY RELIEF AS ORDERED AT THE ADMINISTRATIVE LEVEL**

Defendants argue that the Plaintiffs have already received the requested pendency relief at the administrative level and that the claims should therefore be dismissed. On the contrary, for eleven months, Defendants have refused to comply with the pendency relief ordered at the administrative level and as required by the IDEA. When it suits their arguments, Defendants have taken contrary positions that the Plaintiffs are not entitled to declaratory relief because they recently obtained the relief sought in SRO Decision No. 24–264 (ECF 82 at 8). Defendants argue that Plaintiffs are not entitled to pendency placement funding because Defendants have four months to appeal SRO Decision No. 24–264, which requires them to fund tuition and transportation as pendency (*Id.* at 9). Defendants are incorrect as a matter of law—their position violates the New York State Education Law and IDEA.

In SRO Decision No. 24–624, issued April 9, 2025, SRO Bates upheld the Defendants' pendency obligations, stating that "…the district shall fund the total costs of the student's tuition at iBrain and the costs of the transportation services provided by Sisters as pendency." See ECF 81–6 at 9. While Defendants have four months to appeal SRO Decision No. 24–624, the matter is not stayed pending their determination on whether to appeal the Decision. On the contrary, NYS N.Y. Educ. Law § 4404(3)(a) (McKinney) provides for the review of any final determination or order of a State Review Officer and establishes, *inter alia*, that "Any such proceeding shall be commenced within four months after the determination to be reviewed becomes final and binding on the parties."

Here, SRO Decision No. 24–624 became final and binding when issued on April 9, and Defendants have until August 9 to appeal that final order. Without citation to authority, Defendants

assert that the SRO's Decision is not enforceable until the time to appeal the Decision has passed. The Defendants are incorrect, as outlined in the U.S. Department of Education's explanation of the special education regulations in Vol. 64, No. 48 of the March 12, 1999, issue of the *Federal Register* at page 12615, which states in pertinent part:

> …this provision does not limit either party's right to seek appropriate judicial review under 300.512, it only shifts responsibility for maintaining the parent's proposed placement to the public agency ***while an appeal is pending*** in those instances in which the State hearing officer or State review official determines that the parent's proposed change of placement is appropriate. (Emphasis added.)

Theodore A. Sussan, *supra*, at 55.

The current version of the regulation referenced above is 34 C.F.R. § 300.518 (d). 34 C.F.R. § 300.518 (a) provides:

> Except as provided in § 300.533, during the pendency of any administrative or judicial proceeding regarding a due process complaint notice requesting a due process hearing under § 300.507, unless the State or local agency and the parents of the child agree otherwise, the child involved in the complaint must remain in his or her current educational placement.

34 C.F.R. § 300.518 (d) provides:

> If the hearing officer in a due process hearing conducted by the SEA or a State review official in an administrative appeal agrees with the child's parents that a change of placement is appropriate, that placement must be treated as an agreement between the State and the parents for purposes of paragraph (a) of this section.

In *Susquenita,* the court noted the following:

> "…the district's financial obligations with respect to the pendent placement are immediate and may not be deferred until the close of litigation. These requirements are distilled from the unambiguous language of the IDEA, the Act's legislative history, and the caselaw interpreting the Act. Given the clarity of the law with respect to the issues before us, we have no difficulty concluding that the district court's denial of Susquenita's motion for a stay was consistent with the sound exercise of judicial discretion."

*Susquenita Sch. Dist. v. Raelee S. By & Through Heidi S.*, 96 F.3d 78, 87 (3d Cir. 1996).[1]

---

[1] The *Susquenita* Court noted that "In *Clovis v. Office of Administrative Hearings,* 903 F.2d 635 (9th Cir.1990), the court of appeals held that although a child was placed unilaterally by his parents in an acute care facility, once the parents had obtained an administrative ruling identifying the facility as the appropriate pendent placement, the district was obligated to pay for that placement pending conclusion of the judicial proceedings. This obligation was held to be absolute; the parents would not be required to reimburse the school district even if the district were to prevail on appeal." 96 F.3d at 87.

Critical to the *Susquenita* Court's analysis was *Burlington's* holding that a final decision of the state operated as the last agreed-to placement—the decision in favor of the parents and the private school placement would seem to constitute an agreement by the state to the change of placement. *Id.* Thus, in a two-tiered state like New York, the final state appeal decision is considered the last agreed-to placement and, therefore, the pendent placement that must be implemented. *See also* Theodore A. Sussan, *Enforcing Administrative Law Special Education Decisions During the Appeal Process*, N.J. Law., June 2003, at 52, 55. Defendants cite no case law or statute to support their contention that IDEA cases depart from the well-established standard in civil litigation, which holds that orders and judgments are enforceable unless the losing party obtains a stay or the order/judgment is reversed.

When the IDEA's stay-put provision is implicated, it triggers an automatic injunction designed to maintain the child's educational *status quo* while the parties' dispute over the student's Individualized Education Program ("IEP") is resolved. *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 529 (2d Cir. 2020); *see also Araujo v. New York City Dep't of Educ.*, 20 Civ. 7032 (LGS), 2020 U.S. Dist. LEXIS 175767, at *8 (S.D.N.Y. 2020). IDEA's pendency provision "requires a school district to continue funding whatever educational placement was last agreed-upon for the child until the relevant administrative and judicial proceedings are complete." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015).

An injunctive order requiring the payment of pendency-related funds is not a money judgment. *See, e.g., Marcus I. ex-rel. Karen I. v. Dep't of Educ.*, No. CIV. 10–00381 SOM, 2012 WL 3686188, at *6 (D. Haw. Aug. 24, 2012) ("Although this court's stay-put order requires the DOE to pay money, it is not a money judgment") (emphasis added). Federal district courts, under 42 U.S.C. § 1983, also have "subject matter jurisdiction to enforce favorable administrative

decisions rendered under the provisions of the IDEA." *Rutherford v. Fla. Union Free Sch. Dist.*, No. 16-CV-9778 (KMK), 2019 WL 1437823, at *25 (S.D.N.Y. Mar. 29, 2019); *see also Y.S. on behalf of Y.F. v. New York City Dep't of Educ.*, No. 1:21-CV-00711 (MKV), 2021 WL 1164571 (S.D.N.Y. Mar. 26, 2021) (enjoining DOE to comply with IHO order); *Blazejewski By & Through Blazejewski v. Bd. of Educ. of Allegany Cent. Sch. Dist.*, 560 F. Supp. 701 (W.D.N.Y. 1983) (ordering injunctive relief requiring implementation of the decision by the New York State Education Department).

Here, A.T. has a final administrative order establishing pendency. A.T.'s pendency program/placement was established and remains at iBRAIN with specialized transportation by Sisters. Accordingly, this Court can and must declare that the Plaintiffs are entitled to pendency placement/funding and order the DOE to comply with the last agreed-upon placement, including the funding of tuition and specialized transportation.

## II.   PLAINTIFFS HAVE PROVIDED SUFFICIENT EVIDENCE TO SUPPORT THEIR MOTION FOR SUMMARY JUDGMENT

Plaintiffs have offered sufficient evidence for this Court to support their motion for summary judgment seeking to enforce the underlying administrative pendency placement order.

Fed. R. Civ. P. 56 (c) sets the standard for the admissibility and sufficiency of evidence in a motion for summary judgment. Fed. R. Civ. P. 56(c) requires the moving party to support its motion by citing specific parts of the materials in the record, such as depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers, or other relevant materials. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). There is no express or implied requirement in Fed. R. Civ. P. 56 that the moving party must support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 319. On the contrary, Fed. R. Civ. P. 56 (c) refers to affidavits, if any, suggesting the absence of such a requirement.

Furthermore, Fed. R. Civ. P. 56 (a) and (b) specifically provide that parties may move for summary judgment with or without supporting affidavits. Id. Plaintiffs have met their burden by providing specific evidence supporting their claims to the Defendants and the Court—including the underlying administrative orders that require DOE to fund A.T.'s current educational program/placement as pendency in accordance with the tuition and specialized transportation contracts. These documents show that Plaintiffs have met their burden of proof under Fed. R. Civ. P. 56 (c). The DOE's obligation to fund pendency placements throughout due process proceedings is well established by case law. *M.R. v. Ridley Sch. Dist.*, 744 F.3d 112, 118–19 (3d Cir. 2014) (internal quotation omitted);[2] *see also Susquenita School Dist.*, 96 F.3d at 87.

Here, Plaintiffs ask the Court to enforce the underlying pendency placement, which necessarily includes funding. Plaintiffs provided the Court with a copy of the last administrative order establishing A.T.'s pendency at iBRAIN and requiring DOE to "fully fund the cost of student's tuition at iBrain and specialized transportation.. . as set forth in the enrollment contract" (ECF No. 81–4). Plaintiffs also provided copies of the contracts that establish the costs of tuition and specialized transportation (ECF Nos. 81–7, 81–8). Plaintiffs have provided the Court with sufficient evidence to establish A.T.'s pendency placement/program and the amount of funding needed to ensure A.T. "stays-put" during the ongoing IDEA proceedings.

Although the Defendants urge this Court to follow the decision in *Zimmerman v. Banks*, No. 23-CV-9003 (JGK), 2024 WL 4882370 (S.D.N.Y. Nov. 25, 2024), the cases are factually disparate. In *Zimmerman,* the Court resolved questions of fact regarding what, if any,

---

[2] In *M.R.*, 744 F.3d 112, the Court noted that " …a decision favorable to the parents during the administrative review process "must be treated as an agreement between the State and the parents," 34 C.F.R. § 300.518(d); *see also Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 372 (1985) (noting that an administrative decision in favor of the parents and private school placement "would seem to constitute agreement by the State to the change of placement"); *Susquenita School Dist.*, 96 F.3d at 83."

documentation the Plaintiff was required to provide DOE, as a condition precedent to obtaining funding/payment for the student's unilateral placement, including tuition and transportation costs. *Id.* Here, unlike in *Zimmerman*, the issue is whether the Plaintiffs have established that A.T. was entitled to "stay-put" or pendency funding as of July 2024, and that DOE was, and is, responsible for tuition and special transportation payments as part of A.T.'s pendency. Because the Plaintiffs have provided the Court with the underlying Decision establishing pendency and the documents establishing the pendency costs, the Plaintiffs are entitled to summary judgment.

### III. THE COURT CAN AND MUST ORDER PENDENCY PLACEMENT, INCLUDING FUNDING

The IDEA's "stay-put" provision under 20 U.S.C. § 1415(j) provides, among other things, that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local education agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child." *See also* 34 C.F.R. § 300.518(a); N.Y. Educ. Law § 4404(a). The pendency inquiry focuses on identifying a student's then-current educational program or placement when a Due Process Complaint ("DPC") is filed and determining who should pay for it. Implicit in maintaining a Student's educational *status quo* is the requirement that a school district continue to finance the student's educational program or placement that was in place when the parents filed a DPC and requested a due process hearing. Cutting off public funds effectively amounts to a unilateral change in a student's placement (or educational program), which the IDEA prohibits. *Mackey ex-rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 163 (2d Cir.), *supplemented sub nom. Mackey v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 112 F. App'x 89 (2d Cir. 2004) (citing *Zvi D. by Shirley D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982)).

Placement in a private educational program includes funding. Without funding, there is no placement. Put differently, funding goes hand-in-hand with placement in a private educational

7

program. As the Second Circuit noted in *Zvi D.,* implicit in maintaining the *status quo* is the requirement that a school district continue to finance an educational placement made by the agency and consented to by the parent before the parent requested a due process hearing. To cut off public funds would amount to a unilateral change in placement, prohibited by the Act. *Zvi D. by Shirley D.*, 694 F.2d at 906.

The facts here underscore this concept. In *M.R.*, the Third Circuit relied on Second Circuit precedent, specifically *Bd. of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476 (2d Cir. 2002), and *Mackey ex-rel. Thomas M.*, 386 F.3d at 163, to reach the same conclusion, noting "[W]e have expressly held that financing goes hand-in-hand with pendent private school placement:

> It is undisputed that once there is a state agreement with respect to pendent placement, *a fortiori*, financial responsibility on the part of the local school district follows. Thus, from the point of the state administrative decision forward. .. the Student's pendent placement, by agreement of the state, is the private school, and the school district is obligated to pay for that placement. *Susquenita School Dist.*, 96 F.3d at 84; *see also Board of Educ. of Pawling Central School Dist.*, 290 F.3d at 484 (holding that "once the parents' challenge [to a proposed IEP] succeed. .. , consent to the private placement is implied by law, and the requirements of § 1415(j) become the responsibility of the school district.").

*M.R.,* 744 F.3d at 123 (internal citations omitted).

*Mendez v. Banks*,[3] involved a request for a preliminary injunction, not summary judgment. While the Second Circuit in *Mendez*, found that "[n]othing in the text" of § 1415(j) compels DOE to fund educational placements immediately, as noted above, DOE is disputing pendency here—it did not in *Mendez*. In *Mendez*, DOE agreed to fund pendency, albeit in its "ordinary course of business." *Id.* Here, the DOE refuses to fund A.T.'s pendency altogether. While 20 U.S.C. § 1415(j) does not explicitly mandate an "automatic fast-track" for funding, it emphasizes that a child's then-current educational placement, when a DPC is filed, is to be maintained throughout all administrative and judicial proceedings related to the DPC. This highlights the importance of

---

[3] 65 F.4th 56, 62 (2d Cir. 2023), *cert. denied,* 144 S. Ct. 559 (2024).

consistent, uninterrupted education, which is closely tied to timely funding.

The Second Circuit has left the door open for Plaintiffs to seek an order for expedited payment or funding when DOE's delay or failure to pay has jeopardized their child's educational placement. *Mendez*, 65 F.4th at 63. If *Mendez* acknowledges the right to immediate funding when a placement is at risk, then Plaintiffs are entitled to relief, where DOE outright refuses to fund at all. Since A.T. faces the loss of his educational program/placement, including his special transportation, he is entitled to an order protecting his current educational program/placement at iBRAIN—as pendency. Additionally, *Mendez* prohibited "fast-track" funding as an automatic injunction, not as summary judgment.

Here, SRO Bates found, in SRO Decision No. 24–264, that the DOE must pay the full amount of tuition as stated in the iBRAIN contract for the 2024–2025 school year, notwithstanding the tuition increase. SRO Bates found that the IHO erred in ordering payment at the 2023–2024 rates rather than the 2024–2025 rates. (ECF 81–6 at 7).[4] Moreover, the iBRAIN contract includes provisions for late fees. (ECF 81–7). Because the DOE refused to pay for A.T.'s placement at iBRAIN, late fees have now accrued and are owed under the contract. Plaintiffs seek enforcement of A.T.'s pendency rights because the DOE's administrative processes have put his placement at risk.

The Court should not condone the DOE's complete failure to comply with the procedural requirements of the IDEA's stay-put provision and should order the DOE to pay all outstanding pendency funding immediately. *Mendez's* requirement that Plaintiffs must prove that a student's placement is in jeopardy does not apply here, where the issue is not delay but outright refusal to

---

[4] It is important to note that while DOE argues it need only pay the 2023-24 rate for A.T.'s tuition at iBRAIN, it has paid $0 to date—leaving an outstanding balance of $314,826.690 for tuition and $147,403.00 for transportation, along with substantial late fees. If DOE was acting in good faith, it would have paid tuition at whatever rate it concedes is due and litigated the difference. Instead, DOE withholds all payments, violating IDEA's pendency provision with impunity while expressing its contempt and disdain for these proceedings.

9

pay. The Court's holding in *Mendez* does not apply in the context of a summary judgment motion.

The Court can, and should, grant the Plaintiffs' motion for summary judgment and order the DOE to fund A.T.'s pendency program/placement. The longer the DOE avoids its funding obligations, the greater the risk that A.T. will lose his place at iBRAIN, which would be irreparable harm. *R.S. et al. v. NYC DOE et al.*, 21-cv-02257 (JPO) (Dkt. No. 22, June 17, 2021) (citation omitted). The DOE's unlawful withholding of A.T.'s pendency payments for tuition and related services effectively constitutes an unjust denial of his pendency program/placement, demonstrating the DOE's ongoing bad faith towards the rights of students with disabilities in New York City. *See, e.g.*, *Abrams, et al. v. Carranza, et al.*, 20-cv-5085 (JPO) [ECF No. 22, Point III(B)] (S.D.N.Y. 2020); *Araujo*, 2020 U.S. Dist. LEXIS 175767; *L.V.*, 03-cv-09917 [Order, ECF No. 285]; *R.S. v. New York City Department of Education*, 1:21-cv-02257 (JPO) (S.D.N.Y. 2021).

## CONCLUSION

Plaintiffs ask the Court to grant their motion for summary judgment in its entirety and order the Defendants to implement A.T.'s pendency program/placement at iBRAIN, pay all outstanding balances related to A.T.'s pendency program/placement, including all outstanding tuition and special transportation costs, with all attendant costs and fees for late payment, order the Defendants to continue funding A.T.'s pendency program/placement throughout the administrative and judicial proceedings relative to Plaintiffs' DPC for the 2024–2025 extended school year, and grant such

other, further, and different relief as the Court deems just, proper, and equitable.

Dated:  June 3, 2025
        New York, NY

                                      Respectfully submitted,
                                      Liberty & Freedom Legal Group
                                      *Attorneys for Plaintiffs*

By:       **/S/**                    
            Rory J. Bellantoni, Esq. (RB2901)
            105 East 34th Street #190
            New York, NY 10016
            rory@pabilaw.org

## VERIFICATION OF WORD COUNT

Pursuant to the Court's Individual Rules of Practice in Civil Cases, the undersigned verifies that the word count of this document, excluding those portions exempt therefrom, is 3,394 words, which is less than 3,500, and the font is Times New Roman 12 point.

Dated:  June 3, 2025
         New York, NY

                                        Respectfully submitted,
                                        Liberty & Freedom Legal Group
                                        *Attorneys for Plaintiffs*

By:     */S/*
        Rory J. Bellantoni, Esq. (RB2901)
        105 East 34th Street #190
        New York, NY 10016
        (646) 850-5035
        rory@pabilaw.org