UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTINE THOMAS, individually and as
Parent and Natural Guardian of A.T., et al.,

Plaintiffs,

-against-

DAVID C. BANKS, in his official capacity as
Chancellor of the New York City Department
of Education, and NEW YORK CITY
DEPARTMENT OF EDUCATION,

Defendants.

Case No. 1:24-cv-05138 (JLR)

**<u>OPINION AND ORDER</u>**

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs are the parents and natural guardians of six children with disabilities who

receive special education and related services under the Individuals with Disabilities Education

Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*  On July 8, 2024, Plaintiffs brought this action

individually, and on behalf of their respective children (the "Student-Plaintiffs"), against the

New York City Department of Education ("DOE") and its Chancellor (together, "Defendants"),

alleging that DOE failed to comply with IDEA's "stay-put" or pendency provision, 20 U.S.C.

§ 1415(j), which requires a school district to maintain and fund a student's then-current

educational placement during the pendency of administrative and judicial proceedings.  Dkt. 1

("Complaint") ¶¶ 219-22.  Plaintiffs asserted that their children's pendency placements were at

the International Academy of the Brain ("iBRAIN"), a private special-education school, and

sought orders requiring DOE to fund tuition and related services, including transportation and

nursing.  Dkt. 45 ("Second Amended Complaint" or "SAC") at 41.

The parties have appeared before the Court on several occasions to address various forms

of relief requested by the various Plaintiffs.  On April 22, 2025, Plaintiffs moved for summary

judgment with respect to Student-Plaintiff A.T.  *See generally* Dkt. 80 ("Mot."); Dkt. 81 ("MSJ Br."). Specifically, Plaintiffs requested a declaration that iBRAIN was A.T.'s pendency placement for the 2024-2025 school year and sought an order compelling DOE to fund A.T.'s tuition and related services pursuant to administrative decisions and IDEA's stay-put provision. MSJ Br. at 1-2.  The motion is fully briefed.  *See generally* Dkt. 82 ("Opp."); Dkt. 91 ("Reply"). For the reasons that follow, Plaintiffs' motion for summary judgment is DENIED.  Because there are no further issues remaining in this case, the case is also DISMISSED.

## BACKGROUND

### I.   Legal Framework

Under the IDEA, states receiving federal special education funding are required to provide a free appropriate public education ("FAPE") to children with disabilities.  *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 151 (2d Cir. 2014); *see* 20 U.S.C. § 1400(d)(1)(A).  To provide a FAPE to each student with a disability, a school district must develop an individualized education program ("IEP") that is "reasonably calculated to enable the child to receive educational benefits."  *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 525 (2d Cir. 2020) (quoting *T.M.*, 752 F.3d at 151).

"The IDEA also requires states to provide an administrative procedure for parents to challenge the adequacy of their children's IEPs."  *Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023) (citing 20 U.S.C. § 1415(b)(6)).  "New York has implemented a two-tier system of administrative review."  *Ventura de Paulino*, 959 F.3d at 526 (quoting *Mackey ex rel. Thomas M. v. Bd. of Educ. for the Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir. 2004)) (quotation marks omitted); *see* N.Y. Educ. Law § 4404.  "In the first tier, a parent can file an administrative 'due process complaint' [("DPC")] challenging the IEP and requesting a hearing before an impartial hearing officer [("IHO")]."  *Ventura de Paulino*, 959 F.3d at 526.  In the second tier,

parties aggrieved by the IHO's decision can appeal the case to a state review officer ("SRO"). *Id.*; *see R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012). "Once the state review officer makes a final decision, the aggrieved party may seek judicial review of that decision in a state or federal trial court." *Ventura de Paulino*, 959 F.3d at 526.

Section 1415(j) of the IDEA, also known as the "stay-put" or "pendency" provision, "provides that, while the administrative and judicial proceedings are pending and unless the school district and the parents agree otherwise, a child must remain, at public expense, in his or her then-current educational placement." *Id.* (quotation marks and citation omitted). "The purpose of this provision is 'to maintain the [child's] educational status quo while the parties' dispute is being resolved.'" *Abrams v. Porter*, No. 20-3899, 2021 WL 5829762, at *1 (2d Cir. Dec. 9, 2021) (summary order) (quoting *T.M.*, 752 F.3d at 152). "[A] school district is required 'to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete.'" *Doe v. E. Lyme Bd. of Educ.*, 962 F.3d 649, 659 (2d Cir. 2020) (quoting *T.M.*, 752 F.3d at 171).

The stay-put provision, however, "does not guarantee a disabled child the right to remain in the exact same school with the exact same service providers while his administrative and judicial proceedings are pending. Instead, it guarantees only the same general level and type of services that the disabled child was receiving." *T.M.*, 752 F.3d at 171. Although parents "dissatisfied with their child's education can unilaterally change their child's placement during the pendency of review proceedings," *Ventura de Paulino*, 959 F.3d at 526 (quotation marks and citation omitted), they cannot unilaterally require the school district to pay for that new school, *see id.* at 533 (DOE was not obligated to fund students' placements where parents unilaterally enrolled students in new school without DOE's approval). Unless the parents can "persuade the school district to pay for the program's new services on a pendency basis," their only recourse is

3

to "enroll the child in a new school, and then seek retroactive reimbursement from the school district after the IEP dispute is resolved." *Id.* at 534.

"Although the IDEA's stay-put provision generally does not require the state to pay the costs of a *new* educational placement during the pendency of proceedings, parents can obtain funding for a new placement if an IHO or SRO finds it to be appropriate and issues a pendency order, and the school district does not appeal the decision[.]" *Mendez*, 65 F.4th at 59. For children with a pendency order, "the IDEA's stay-put provision does not create an entitlement to immediate payment or reimbursement," but "[p]arents or guardians may still be able to obtain such relief if they establish that a delay or failure to pay has jeopardized their child's educational placement." *Id.* at 63.

## II.    Factual Background

The Court assumes familiarity with the facts and background of this matter, and recounts only the key details to the disposition of Plaintiffs' summary judgment motion. There are six Student-Plaintiffs in this case. Each filed a DPC against the DOE on or around July 2, 2024. SAC ¶ 10. And each sought pendency placement at iBRAIN for the 2024-2025 school year. *Id.* ¶ 17. Over the course of the litigation, DOE satisfied the pendency obligations for all Student-Plaintiffs except A.T. MSJ Br. at 1 n.1. As a result, Plaintiffs' summary judgment motion focused exclusively on DOE's obligation to fund A.T.'s placement. *See generally* MSJ Br.

After the summary judgment motion was fully briefed, DOE advised the Court on November 18, 2025, that it had paid all outstanding tuition and transportation fees for all Student-Plaintiffs, including A.T., and argued that the case was now moot. Dkt. 97 at 1. On November 20, 2025, the Court directed Plaintiffs to identify any issues they believed to be outstanding. Dkt. 98 at 1. Plaintiffs submitted a letter response on November 24, 2025. Dkt. 99. In their letter, Plaintiffs acknowledged that "the issuance of payments resolves much of

Plaintiffs' requested relief as set forth in the Second Amended Complaint." *Id.* at 1. They argued, however, that two issues remain: (1) Plaintiffs' request for "an order declaring each Student's pendency program/placement is at iBRAIN" and (2) Plaintiffs' entitlement to "late fees and interest that accrued due to DOE's failure to timely pay for A.C.'s tuition, transportation, and nursing services." *Id.* On December 3, 2025, Defendants filed a letter in reply. Dkt. 101. As to Plaintiffs' first issue, Defendants noted that the Court had already dismissed Plaintiffs' request for declaratory relief. *Id.* at 1 (citing Dkt. 67). As to the second, Defendants argued that Plaintiffs had waived their claim for late fees by not raising the issue in their summary judgment briefing and that, in any case, late fees are not recoverable here. *Id.* at 1-2. The Court agrees with Defendants.

## DISCUSSION

In their summary judgment motion, "Plaintiffs request that the DOE be ordered to directly fund tuition, and all related services, to iBRAIN and the respective service providers" for A.T. MSJ Br. at 2. Because the parties agree that those funds have since been dispersed, Dkts. 97, 99, as set forth below, that motion is moot. And, as the Court will discuss, the two remaining issues Plaintiffs raised after briefing fare no better. First, the Court's previously dismissed Plaintiffs' requests for declaratory judgment as either moot or unripe. Second, Plaintiffs are not entitled to late fees and interest for A.C.

## I.    Plaintiffs' Claims Regarding Funding of Tuition and Related Services Are Moot

The undisputed record shows that DOE has fully "complied with its obligations to fund tuition, transportation, and/or nursing services for Plaintiffs." MSJ Br. at 1 n.1; Dkt. 97; Dkt. 99 at 1 ("[T]he issuance of payments resolves much of Plaintiffs' requested relief."). Thus, there is no relief left for the Court to grant on those claims. Given that "[t]he hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed," *Martin-*

*Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983), the Court must dismiss as moot all claims for tuition funding, transportation, and nursing services. *See, e.g.*, *Lee v. Bank*, No. 23-cv-05800 (JLR), 2024 WL 1657908, at *4 (S.D.N.Y. Apr. 17, 2024) (finding Plaintiffs' claims moot because DOE had provided the requested relief); *F.O. v. N.Y.C. Dep't of Educ.*, 899 F. Supp. 2d 251, 254-55 (2d Cir. 2012) (same); *Chaperon v. Banks*, No. 24-cv-05135 (JAV), 2025 WL 2207908, at *7-8 (S.D.N.Y. Aug. 4, 2025) (same).

## II.    Plaintiffs' Claims for Declaratory Relief Were Already Dismissed

Plaintiffs' request for "an order declaring each Student's pendency program/placement is at iBRAIN relative to their respective DPCs for the 2024-2025 school year," Dkt. 99 at 1, is denied because the Court already rejected this request at the parties' January 17, 2025 hearing. *See generally* Dkt. 68 ("Hearing Tr."). At that hearing, the Court granted Defendants' Rule 12(b)(1) motion to dismiss as moot Plaintiffs' requests for declaratory relief for Student-Plaintiffs who received either (a) a final pendency order placing them at iBRAIN for the 2024-2025 school year (M.B., L.C., and S.J.D.), or (b) an administrative pendency decision from an IHO that DOE did not intend to appeal (A.T. and M.C.). *Id.* at 28-29; *see also* Dkt. 66 at 1-2; *Grullon v. Banks*, No. 23-cv-05797 (JGLC), 2023 WL 6929542, at *4 (S.D.N.Y. Oct. 19, 2023) (dismissing as moot claims brought by plaintiffs who received "a determination finding iBRAIN as their pendency program," because "the relief they [sought] ha[d] already been provided"). As for Student-Plaintiff A.C., who had not yet received a pendency decision, the Court dismissed the claim as unripe. Hearing Tr. at 25-30; *Grullon*, 2023 WL 6929542, at *4-5 (dismissing plaintiffs' claims as unripe because they had not yet received a pendency determination requiring DOE to fund their placement at iBRAIN for the remainder of the school year). Thus, for the reasons stated on the record at the January 17, 2025 hearing, Plaintiffs' declaratory relief claims have already been dismissed.

**III.    Plaintiffs Are Not Entitled to Late Fees**

The only purportedly remaining issue is Plaintiffs' request for late fees and interest for A.C.  Dkt. 99 at 1.  Plaintiffs, however, waived their right to seek late fees by failing to brief the issue in their summary judgment motion.  *See City of Syracuse v. Onondaga Cnty.*, 464 F.3d 297, 308 (2d Cir. 2006) ("Issues not sufficiently argued in the briefs are considered waived[.]"); *Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 483 F. Supp. 3d 195, 206 n.6 (S.D.N.Y. 2020) ("Arguments not raised in a party's brief are deemed waived.").  Indeed, Plaintiffs affirmatively represented that DOE had fully "complied with its obligations to fund tuition, transportation, and/or nursing services for Plaintiffs Talley [parent of A.C.], Vasquez, Larach-Cohen, Beckford, and Donohue."  Br. at 1 n.1.

In any event, Plaintiffs' argument fails because "late fees are not properly included within the scope of the pendency order[]."  *Chaperon*, 2025 WL 2207908, at *8.  Plaintiffs rely on *Mendez v. Aviles-Ramos*, wherein Judge McMahon found that the plaintiffs were entitled to late fees pursuant to a final administrative order.  Dkt. 99 at 1 (citing *Mendez*, 25-cv-01096 (CM), ECF No. 45, at 12 (S.D.N.Y. Oct. 1, 2025)).  However, Plaintiffs seek late fees in connection with DOE's pendency obligations, not a final administrative order.  *See id.* (citing to IHO order and pendency order).  Thus, for the same reason that Judge McMahon distinguished *Chaperon* in *Mendez*, this Court finds *Chaperon* persuasive here.  *Mendez*, 25-cv-01096 (CM), ECF No. 45, at 11 (distinguishing itself from *Chaperon* because "whether a plaintiff is entitled to reimbursement on pendency 'is completely independent from' whether a claim for reimbursement for the same succeeds on the merits'" (quoting *Bd. of Educ. of Poughkeepsie City Sch. Dist. v. O'Shea*, 353 F. Supp. 2d 449, 457 n.11 (S.D.N.Y. 2005))).

As in *Chaperon*, Plaintiffs argue they are entitled to late fees because A.C.'s pendency order required payments pursuant to contracts providing for such fees.  *See* Dkt. 99 at 1;

*Chaperon*, 2025 WL 2207908, at *8.  This Court, however, agrees with the finding in *Chaperon* that "requiring Defendants to pay late fees in accordance with a private contract runs contrary to the principle that, under IDEA, DOE is only required to pay pendency tuition retroactively, not prospectively."  *Chaperon*, 2025 WL 2207908, at *9.  The Court would violate this principle if it found, as Plaintiffs urge, that DOE was required to make prospective tuition payments to avoid incurring late fees under a contract it neither signed nor negotiated.  *Id.*[1]  Thus, the Court denies Plaintiffs' request for late fees as to A.C.  *See, e.g.*, *Davis v. Aviles-Ramos*, No. 25-cv-07555 (KPF), 2026 WL 44725, at *4-5 (S.D.N.Y. Jan. 7, 2026) (analogizing to *Chaperon* and denying late fees because obligation to fund *costs* was distinct from payment of late fee *penalties*); *Beckford v. Aviles-Ramos*, No. 24-cv-09930 (MMG), 2025 WL 2781539, at *4 (S.D.N.Y. Sept. 30, 2025) (denying late fees in part because DOE was not party to contract providing for fees).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for summary judgment, and additional requests for relief, are DENIED.  The Clerk of Court is directed to terminate all outstanding motions and close the case.

Dated:  January 14, 2026
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

---

[1] Plaintiffs' argument also fails because they do not appear to have raised the issue of late fees during A.C.'s DPC administrative proceedings or hearing before IHO Liese, *see generally* Dkt. 45-2 ("DPC"); Dkt. 45-3 ("Order on Pendency"), thereby failing to exhaust their administrative remedies.  *See Hidalgo v. Porter*, No. 21-cv-10794 (JGK), 2023 WL 8810276, at *5 (S.D.N.Y. Dec. 20, 2023) ("A plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction."); *but see Coleman v. Newburgh Enlarged City Sch. Dist.*, 503 F.3d 198, 204 (2d Cir. 2007) (noting unresolved question of whether exhaustion is jurisdictional or a claim-processing rule).